Edward J. Wynne   (SBN 165819)
ewynne@wynnelawfirm.com
WYNNE LAW FIRM
80 E. Sir Francis Drake Blvd., Ste. 3G
Larkspur, CA 94939
Telephone    (415) 461-6400
Facsimile    (415) 461-3900

Logan A. Pardell* (to seek admission *pro hac vice*)
lpardell@pkglegal.com
PARDELL, KRUZYK & GIRIBALDO, PLLC
433 Plaza Real, Suite 275
Boca Raton, FL 33432
Telephone   (561) 447-8444
Facsimile    (877) 453-8003

*Counsel for Plaintiffs and the Putative Collective*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK SABLOWSKY and SUMNER JOHNSON, on behalf of themselves and others similarly situated,<br><br>        Plaintiffs,<br><br>  vs.<br><br>AUTO-CHLOR SYSTEM, LLC, AUTO-CHLOR SYSTEM OF NEW YORK CITY, INC., and AUTO-CHLOR SYSTEM OF THE MID SOUTH, LLC,<br><br>        Defendants. | Case No.  23-cv-02555<br><br>**COLLECTIVE ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Mark  Sablowsky and Sumner Johnson (collectively, "Plaintiffs") file this Collective Action Complaint against Defendants Auto-Chlor System, LLC, ("Auto-Chlor System"), Auto-Chlor System of New York City, Inc. ("Auto-Chlor NYC"), and Auto-Chlor System of the Mid South, LLC ("Auto-Chlor Mid South") (Auto-Chlor System, Auto-Chlor NYC and Auto-Chlor Mid South are collectively referred to as "Defendants") seeking all relief available under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq*. ("FLSA") on behalf of themselves and all current and former exempt-classified Branch Managers ("BMs") who worked at any of Defendants' locations in the United States at any time from three years prior to the filing of this complaint and the date of final judgment of this matter ("Putative Collective Members"). The following allegations are based on personal knowledge as to Plaintiffs' own experiences and are made on information and belief as to the acts of others:

## NATURE OF THE ACTION

1.      Plaintiffs allege, on behalf of themselves and the Putative Collective Members who will opt into this action pursuant to the FLSA, that they are entitled to: (i) unpaid wages from Auto-Chlor System for overtime work for which they did not receive overtime premium pay, as required by law, (ii) liquidated damages under the FLSA, and (iii) reasonable attorneys' fees and costs of this action.

2.      Plaintiff Sablowsky alleges, on behalf of himself and all Putative Collective Members who, while employed as BMs, worked at any Auto-Chlor System branch assigned to Auto-Chlor NYC or who received paychecks from Auto-Chlor NYC ("Putative Auto-Chlor NYC Collective") that they are entitled to: (i) unpaid wages from Auto-Chlor System and Auto-Chlor NYC for overtime work for which they did not receive overtime premium pay, as required by law, (ii) liquidated damages under the FLSA, and (iii) reasonable attorneys' fees and costs of this action.

3.      Plaintiff Johnson alleges, on behalf of himself and all Putative Collective Members who, while employed as BMs, worked at any Auto-Chlor System branch assigned to Auto-Chlor Mid South or who received paychecks from Auto-Chlor Mid South ("Putative Auto-Chlor Mid South Collective") that they are entitled to: (i) unpaid wages from Auto-Chlor System and Auto-

Chlor Mid South for overtime work for which they did not receive overtime premium pay, as required by law, (ii) liquidated damages under the FLSA, and (iii) reasonable attorneys' fees and costs of this action.

## PARTIES

*Plaintiffs*

<u>Mark Sablowsky</u>

4.     Plaintiff Mark Sablowsky ("Plaintiff Sablowsky") was, at all relevant times, an adult individual residing in Newtown, Pennsylvania.

5.     At all relevant times, Plaintiff Sablowsky was employed by Auto-Chlor System and Auto-Chlor NYC as a BM from approximately November 2020 until approximately November 2021, at an Auto-Chlor System branch in Levittown, Pennsylvania.

6.     During his employment as a BM, Plaintiff Sablowsky regularly worked 50 hours per week, or more.

7.     For example, during the week of March 8, 2021, Plaintiff Sablowsky worked approximately 60 hours, if not more.

8.     Plaintiff Sablowsky's written consent to join this action is attached hereto as Exhibit A.

<u>Sumner Johnson</u>

9.     Plaintiff Sumner Johnson ("Plaintiff Johnson") was, at all relevant times, an adult individual residing in Newton, Iowa.

10.     At all relevant times, Plaintiff Johnson was employed by Auto-Chlor System and Auto-Chlor Mid South as a BM from 2018 until approximately February 2021, at an Auto-Chlor System branch in Des Moines, Iowa.

11.     During his employment as a BM, Plaintiff Johnson regularly worked 60 hours per week, or more.

12.     For example, during the week of August 9, 2021, Plaintiff Johnson worked approximately 50 hours, if not more.

13.     Plaintiff Johnson's written consent to join this action is attached hereto as Exhibit B.

*Defendants*

14.     Defendant Auto-Chlor System, LLC, is a corporation, organized and existing under the laws of Delaware, with its corporate headquarters Mountain View, California.[1]

15.     Defendant Auto-Chlor System of New York City, Inc., is a corporation, organized and existing under the laws of California, with its corporate headquarters Mountain View, California.

16.     Defendant Auto-Chlor System of the Mid South, LLC, is a corporation, organized and existing under the laws of Delaware, with its corporate headquarters Mountain View, California.

17.     Defendants leases commercial dishwashers and related supplies under the brand name "Auto-Chlor System."

18.     Defendants are integrated enterprises engaged in commerce within the meaning of the FLSA because, among other reasons, they have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have moved in or were produced for commerce by any person, 29 U.S.C. § 203(s)(1).

19.     Throughout the relevant period, Defendants have been covered employers as that term is used within the meaning of the FLSA and all other relevant laws.

20.     At all times relevant, Defendants have been employers within the meaning of Section 3(d) of the FLSA. 29 U.S.C. § 203(d).

21.     At all times relevant, Defendants have been enterprises within the meaning of Section 3(r) of the FLSA. 29 U.S.C. § 203(r).

22.     Upon information and belief, throughout the relevant period, each Defendant's

[1] *See* https://www.autochlor.com/history/, (stating that "Corporate Offices are located in Mountain View, California") ((last visited April 30, 2023).

annual gross volume of sales made or business done was not less than $500,000.

23.     Defendants have directly or indirectly employed Plaintiffs and Putative Collective Members at its Auto-Chlor System branches nationwide.

24.     Auto-Chlor System, LLC's website advertises that "Auto-Chlor System has grown to 126 branches with over 75,000 customers."[2]

25.     Auto-Chlor System's website does not differentiate between different Auto-Chlor subsidiaries and instead promotes Auto-Chlor System's services as one common business purpose across the states in which it does business.

26.     Upon information and belief, Defendants' business is a centralized, top-down operation controlled by Auto-Chlor System, LLC.

27.     Upon information and belief, Defendant Auto-Chlor System owns and operates subsidiary entities that also directly employ BMs throughout the United States.

28.     Upon information and belief, Auto-Chlor NYC and Auto-Chlor Mid South are subsidiaries of Auto-Chlor System.

29.     Upon information and belief, Defendants share the same management and executive offices.

30.     Upon information and belief, Defendants administer their human resources functions using the same personnel at their executive offices in Mountain View, California.

31.     With respect to the BMs at branches assigned to Auto-Chlor NYC, both Auto-Chlor NYC and Auto-Chlor System employed or acted in the interest of an employer towards Plaintiff Sablowsky and other similarly situated current and former BMs and, directly or indirectly, jointly and severally, including without limitation, directly or indirectly controlling and directing the terms of employment and compensation of Plaintiff Sablowsky and other similarly situated current and former BMs.

32.     With respect to the BMs at branches assigned to Auto-Chlor Mid South, both Auto-Chlor Mid South and Auto-Chlor System employed or acted in the interest of an employer

---

[2] https://www.autochlor.com/history/ (last visited April 30, 2023).

towards Plaintiff Johnson and other similarly situated current and former BMs and, directly or indirectly, jointly and severally, including without limitation, directly or indirectly controlling and directing the terms of employment and compensation of Plaintiff Johnson and other similarly situated current and former BMs.

33.     Upon information and belief, Defendants operate in a common enterprise and through related activities, so that the actions of one may be imputed to the other or so they operate as joint employers within the meaning of the FLSA.

34.     With respect to the BMs at branches assigned to subsidiaries other than Auto-Chlor NYC and Auto-Chlor Mid South, Defendant Auto-Chlor System and other non-party subsidiary entities employed or acted in the interest of an employer towards similarly situated current and former BMs and, directly or indirectly, jointly and severally, including without limitation, directly or indirectly controlling and directing the terms of employment and compensation of other similarly situated current and former BMs.

35.     Upon information and belief, Defendant Auto-Chlor System and other non-party subsidiary entities operate in a common enterprise and through related activities, so that the actions of one may be imputed to the other or so they operate as joint employers within the meaning of the FLSA.

36.     With respect to the BMs at branches assigned to Auto-Chlor NYC, Auto-Chlor NYC and Auto-Chlor System each had the power to control the terms and conditions of employment of Plaintiff Sablowsky and other similarly situated current and former BMs including, without limitation, those terms and conditions related to the claims alleged herein.

37.     With respect to the BMs at branches assigned to Auto-Chlor Mid South, Auto-Chlor Mid South and Auto-Chlor System each had the power to control the terms and conditions of employment of Plaintiff Johnson and other similarly situated current and former BMs including, without limitation, those terms and conditions related to the claims alleged herein.

38.     With respect to the BMs at branches not assigned to Auto-Chlor Mid South or Auto-Chlor NYC, Auto-Chlor System had the power to control the terms and conditions of employment of other similarly situated current and former BMs including, without limitation,

those terms and conditions related to the claims alleged herein.

39.    With respect to the BMs at branches assigned to Auto-Chlor NYC, Auto-Chlor NYC and Auto-Chlor System each maintained control and oversight over Plaintiff Sablowsky and similarly situated BMs, including timekeeping, payroll, and the other employment practices.

40.    With respect to the BMs at branches assigned to Auto-Chlor Mid South, Auto-Chlor Mid South and Auto-Chlor System each maintained control and oversight over Plaintiff Johnson and similarly situated BMs, including timekeeping, payroll, and the other employment practices.

41.    With respect to the BMs at branches assigned to subsidiaries other than Auto-Chlor NYC and Auto-Chlor Mid South, LLC, Defendant Auto-Chlor System, LLC maintained such control and oversight along with non-party subsidiaries.

42.    Defendants applied the same employment policies, practices and practices to all BMs, including policies, practices and procedures with respect to compensation and overtime.

43.    All of the work that Plaintiffs and Putative Collective Members performed has been either been assigned by Defendants or Defendants have been aware of all of the work that Plaintiffs and the Putative Collective Members have performed.

## **JURISDICTION AND VENUE**

44.    This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. §§ 1331 and 1337.

45.    This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

46.    Defendants are subject to personal jurisdiction in California.

47.    Defendants maintain places of business in California, including its principal place of business.

48.    Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391 because Defendants are residents in this District because both Defendants maintain their principal place of business in this District.

49.    A substantial part of the events or omissions giving rise to claims in this Complaint

occurred in this District.

**FACTUAL ALLEGATIONS**

50.     Consistent with Defendants' policies, patterns, or practices, Plaintiffs and the Putative Collective Members regularly worked in excess of 40 hours per workweek without being paid overtime wages.

51.     Plaintiffs and Putative Collective Members performed the same or substantially similar primary job duties.

52.     The primary duties of Plaintiffs and Putative Collective Members are similar to those performed by technicians, as Plaintiffs and Putative Collective Members spend the vast majority of their workday (uniformly more than 80% of their time) in the field performing the non-exempt tasks of servicing dishwashers, installing dishwashers, and visiting with clients to collect payment.

53.     Plaintiffs' and Putative Collective Members' primary duties do not differ substantially from the duties of non-exempt hourly paid employees.

54.     Plaintiffs' and Putative Collective Members' primary job duties do not include: hiring employees, firing employees, setting employees' rates of pay, scheduling other employees, or disciplining other employees.

55.     Plaintiffs and Putative Collective Members do not exercise a meaningful degree of independent discretion with respect to the exercise of their duties.

56.     Plaintiffs' and Putative Collective Members' primary duty is not to make sales or obtain orders or contracts for services away from Defendants' place of business.

57.     Pursuant to a centralized, company-wide policy, pattern, and practice, Defendants classified all BMs as exempt from coverage of the overtime provisions of the FLSA and applicable state laws.

58.     Defendants did not perform a person-by-person analysis of every BMs' job duties when making the decision to classify all of them (and other employees holding comparable positions but different titles) as exempt from the FLSA's overtime protections, as well as the protections of applicable state laws.

59. Upon information and belief, Defendants' unlawful conduct described in this Collective Action Complaint is pursuant to a corporate policy or practice of minimizing labor costs by violating the FLSA.

60. Defendants' failure to pay overtime wages for work performed by Plaintiffs and Putative Collective Members in excess of 40 hours per workweek was willful.

61. Defendants' unlawful conduct has been widespread, repeated and consistent.

## FLSA COLLECTIVE ALLEGATIONS

62. Defendants are liable under the FLSA for, *inter alia*, failing to properly pay overtime wages to Plaintiffs and Putative Collective Members.

63. There are numerous similarly situated current and former BMs (and other employees holding comparable positions, but different titles) who have not been paid proper overtime wages in violation of the FLSA and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join it. Thus, notice should be sent to the Putative Collective Members pursuant to 29 U.S.C. § 216(b).

64. Those similarly situated employees are known to Defendants, are readily identifiable and can be located through Defendants' records.

65. Plaintiffs and Putative Collective Members, all of whom regularly worked more than 40 hours in a workweek, were or are employed as BMs by Defendants at their Auto-Chlor branch locations.

66. Defendants failed to pay Plaintiffs and Putative Collective Members overtime compensation for the hours they worked over 40 in a workweek.

67. Defendants failed to keep accurate records of all hours worked by Plaintiffs and Putative Collective Members.

68. Throughout the relevant period, it has been Defendants' policy, pattern, or practice to require, suffer, or permit Plaintiffs and Putative Collective Members to work in excess of 40 hours per workweek without paying them overtime wages for all overtime hours worked.

69. Defendants assigned the work that the Plaintiffs and Putative Collective Members have performed or Defendants have been aware of the work they performed.

70.     The work performed Plaintiffs and Putative Collective Members constitutes compensable work time under the FLSA and was not preliminary, postliminary, or *de minimus*.

71.     Defendants are aware, or should have been aware, that the FLSA requires them to pay Plaintiffs and Putative Collective Members an overtime premium for hours worked in excess of 40 hours per workweek.

72.     Defendants have intentionally, willfully, and regularly engaged in a company-wide policy, pattern, or practice of violating the FLSA with respect to the Plaintiffs and Putative Collective Members, which policy, pattern, or practice was authorized, established, promulgated, or ratified by Defendants' corporate headquarters.

73.     This policy, pattern, or practice includes but is not limited to:

        a.      willfully failing to record all of the time the Plaintiffs and the Putative Collective Members have worked for the benefit of Defendant;

        b.      willfully failing to keep accurate time records as required by the FLSA;

        c.      willfully failing to credit the Plaintiffs and the Putative Collective Members for all hours worked including overtime hours, consistent with the requirements of the FLSA; and

        d.      willfully failing to pay the Plaintiffs and the Putative Collective Members wages for all hours worked including overtime wages for hours in excess of 40 hours per workweek.

**<u>FIRST CAUSE OF ACTION</u>**
**Fair Labor Standards Act: Unpaid Overtime Wages against**
**Auto-Chlor System, LLC**

74.     Plaintiffs repeat and reallege each and every factual allegation included in paragraphs 1-73.

75.     Plaintiffs bring this First Cause of Action on behalf of all Putative Collective Members.

76.     Defendant, Auto-Chlor System, has engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Collective Action Complaint.

77.     Plaintiffs have consented in writing to be parties to this action, pursuant to 29

U.S.C. § 216(b).

78.    The overtime wage provisions set forth in 29 U.S.C. §§ 201 *et seq*. apply to Auto-Chlor System.

79.    At all relevant times, Plaintiffs and the Putative Collective Members were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

80.    Auto-Chlor System is an employer engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

81.    At all times relevant, Plaintiffs and the Putative Collective Members were employees within the meaning of 29 U.S.C. §§ 203 (e) and 207(a).

82.    Auto-Chlor System has failed to pay Plaintiffs and the Putative Collective Members the overtime wages to which they were entitled under the FLSA.

83.    Auto-Chlor System's violations of the FLSA, as described in the Collective Action Complaint, have been intentional and willful.

84.    Auto-Chlor System has not made a good faith effort to comply with the FLSA with respect to the compensation of the Plaintiffs and other similarly situated Putative Collective Members.

85.    Because Auto-Chlor System's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

86.    As a result of Auto-Chlor System's violations of the FLSA, Plaintiffs and all other similarly situated Putative Collective Members have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201, *et seq*.

87.    As a result of the unlawful acts of Auto-Chlor System, Plaintiffs and other similarly situated Putative Collective Members have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recover such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**Fair Labor Standards Act: Unpaid Overtime Wages**
**against Auto-Chlor System, LLC and Auto-Chlor System of New York City, Inc.**

88.     Plaintiff Sablowsky repeats and realleges each and every factual allegation included in paragraphs 1-73.

89.     Plaintiff Sablowsky brings this Second Cause of Action on behalf of all Putative Auto-Chlor NYC Collective Members.

90.     Defendants Auto-Chlor System and Auto-Chlor NYC have engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Collective Action Complaint.

91.     Plaintiff Sablowsky has consented in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b).

92.     The overtime wage provisions set forth in 29 U.S.C. §§ 201 *et seq*. apply to Auto-Chlor System.

93.     At all relevant times, Plaintiff Sablowsky and the Putative Auto-Chlor NYC Collective Members were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

94.     Auto-Chlor System and Auto-Chlor NYC are each employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

95.     At all times relevant, Plaintiff Sablowsky and the Putative Auto-Chlor NYC Collective Members were employees within the meaning of 29 U.S.C. §§ 203 (e) and 207(a).

96.     Auto-Chlor System and Auto-Chlor NYC have failed to pay Plaintiff Sablowsky and the Putative Auto-Chlor NYC Collective Members the overtime wages to which they were entitled under the FLSA.

97.     Auto-Chlor System's and Auto-Chlor NYC's violations of the FLSA, as described in the Collective Action Complaint, have been intentional and willful.

98.     Auto-Chlor System and Auto-Chlor NYC have not made a good faith effort to comply with the FLSA with respect to the compensation of the Plaintiff Sablowsky and other

similarly situated Putative Auto-Chlor NYC Collective Members.

99.     Because Auto-Chlor System's and Auto-Chlor NYC's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

100.    As a result of Auto-Chlor System's and Auto-Chlor NYC's violations of the FLSA, Plaintiff Sablowsky and all other similarly situated Putative Auto-Chlor NYC Collective Members have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201, *et seq*.

101.    As a result of the unlawful acts of Auto-Chlor System and Auto-Chlor NYC, Plaintiff Sablowsky and other similarly situated Putative Auto-Chlor NYC Collective Members have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recover such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

### THIRD CAUSE OF ACTION
**Fair Labor Standards Act: Unpaid Overtime Wages**
**against Auto-Chlor System, LLC and Auto-Chlor System of the Mid South, LLC**

102.    Plaintiff Johnson repeats and realleges each and every factual allegation included in paragraphs 1-73.

103.    Plaintiff Johnson brings this Third Cause of Action on behalf of all Putative Auto-Chlor Mid South Collective Members.

104.    Defendants Auto-Chlor System and Auto-Chlor Mid South have engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Collective Action Complaint.

105.    Plaintiff Johnson has consented in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b).

106.    The overtime wage provisions set forth in 29 U.S.C. §§ 201 *et seq*. apply to Auto-Chlor System.

107.    At all relevant times, Plaintiff Johnson and the Putative Auto-Chlor Mid South Collective Members were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

108.    Auto-Chlor System and Auto-Chlor Mid South are each employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

109.    At all times relevant, Plaintiff Johnson and the Putative Auto-Chlor Mid South Collective Members were employees within the meaning of 29 U.S.C. §§ 203 (e) and 207(a).

110.    Auto-Chlor System and Auto-Chlor Mid South have failed to pay Plaintiff Johnson and the Putative Auto-Chlor Mid South Collective Members the overtime wages to which they were entitled under the FLSA.

111.    Auto-Chlor System's and Auto-Chlor Mid South's violations of the FLSA, as described in the Collective Action Complaint, have been intentional and willful.

112.    Auto-Chlor System and Auto-Chlor Mid South have not made a good faith effort to comply with the FLSA with respect to the compensation of the Plaintiff Johnson and other similarly situated Putative Auto-Chlor Mid South Collective Members.

113.    Because Auto-Chlor System's and Auto-Chlor Mid South's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

114.    As a result of Auto-Chlor System's and Auto-Chlor Mid South's violations of the FLSA, Plaintiff Johnson and all other similarly situated Putative Auto-Chlor Mid South Collective Members have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201, *et seq*.

115.    As a result of the unlawful acts of Auto-Chlor System and Auto-Chlor Mid South, Plaintiff Johnson and other similarly situated Putative Auto-Chlor Mid South Collective Members have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recover such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

///

///

///

///

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually, and on behalf of all other similarly situated Putative Collective Members, pray for the following relief:

A.      At the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or the Court issue such notice, informing all similarly situated BMs of the nature of this action and of their right to join this lawsuit;

B.      Certification of the collective consisting of Plaintiffs and all similarly situated BMs;

C.      Designation of Plaintiffs as representatives of the Putative Collective, and counsel of record as Class Counsel;

D.      Unpaid wages and liquidated damages in the maximum amount allowed by 29 U.S.C. §§ 201 *et seq*. and the supporting United States Department of Labor regulations and the employer's share of FICA, FUTA, state unemployment insurance and any other required employment taxes;

E.      Pre-judgment interest and post-judgment interest, as provided by law;

F.      Attorneys' fees and costs of the action;

G.      Payment of service awards to Plaintiffs, in recognition of the services they have rendered, and will continue to render, to the Collective; and

H.  Such other relief as this Court deems just and proper.

## **TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all issues so triable.

Dated: May 24, 2023

**Wynne Law Firm**

By:  /s/*Edward J. Wynne*
Edward J. Wynne
80 E. Sir Francis Drake Blvd., Suite 3G
Larkspur, CA 94939
Telephone      (415) 461-6400
Facsimile      (415) 461-3900
ewynne@wynnelawfirm.com

**Pardell, Kruzyk & Giribaldo, PLLC**
Logan A. Pardell* (to seek admission *pro hac vice*)
433 Plaza Real, Suite 275
Boca Raton, FL 33432
Telephone      (561) 726-8444
Facsimile      (877) 453-8003
lpardell@pkglegal.com

Counsel for Plaintiffs and the Putative Collectives