1  Craig A. Horowitz, State Bar No. 125159
2  Wayne D. Clayton, State Bar No. 137564
   **HOROWITZ & CLAYTON**
3  A Professional Corporation
   300 Corporate Pointe, Suite 355
4  Culver City, California  90230
   Telephone: (310) 442-1122
5  Facsimile: (310) 442-2612

6
   Attorneys for Defendant,
7  AUTO-CHLOR SYSTEM, LLC, AUTO-CHLOR SYSTEM OF
   NEW YORK CITY, INC.,  and AUTO-CHLOR SYSTEM OF THE MID SOUTH, LLC
8

9                       **UNITED STATES DISTRICT COURT**

10                      **NORTHERN DISTRICT OF CALIFORNIA**

11

12

13 | MARK SABLOWSKY and SUMNER JOHNSON, | **Case No. 23-cv-02555** |
   | on behalf of themselves and others similarly situated, | |
14 | | [Assigned to Hon. Alex G Tse, Dept. A] |
15 | Plaintiff, | **DEFENDANTS' AUTO-CHLOR** |
16 | | **SYSTEM, LLC, AUTO-CHLOR** |
   | | **SYSTEM OF NEW YORK CITY, INC.,** |
17 | vs. | **AND AUTO-CHLOR SYSTEM OF** |
   | | **THE MID SOUTH, LLC RULE 12(b)(6)** |
18 | AUTO-CHLOR SYSTEM, LLC, AUTO-CHLOR | **NOTICE OF MOTION AND MOTION** |
19 | SYSTEM OF NEW YORK CITY, INC., and AUTO- | **TO   DISMISS   ACTION,   OR,** |
   | CHLOR SYSTEM OF THE MID SOUTH, LLC; | **ALTERNATIVELY, TO AMEND THE** |
20 | | **COMPLAINT** |
21 | Defendants. | |
   | | [Request  for  Judicial  Notice  filed |
22 | | concurrently herewith] |
23 | | Time: 10:00 a.m. |
   | | Date: July 28, 2023 |
24 | | Dept.: A |
25

         PLEASE TAKE NOTICE that on July 28, 2023, at 10:00 a.m. in Department A of the above
26
   entitled court, Defendants Auto-Chlor System, LLC, Auto-Chlor System of New York City, Inc. and
27

28
   ---
   **DEFENDANTS' AUTO-CHLOR SYSTEM, LLC, AUTO-CHLOR SYSTEM OF NEW YORK CITY, INC.,**
   **AND AUTO-CHLOR SYSTEM OF THE MID SOUTH, LLC RULE 12(b)(6) NOTICE OF MOTION AND**
   **MOTION TO DISMISS ACTION, OR, ALTERNATIVELY, TO AMEND THE COMPLAINT**

1  Auto-Chlor System of the Mid South, LLC. will move to dismiss the complaint of Plaintiffs Mark

2  Sablowsky and Sumner Johnson pursuant to Rule 12(b)(6) on the grounds that the complaint fails

3  to allege a plausible collective action claim for unpaid overtime compensation under the FLSA. See

4  Bell Atlantic Corp. V. Twombly, 550 U.S. 544 (2007); Landers v. Quality Commc'ns, Inc., 771 F.3d

5  638 (9th Cir. 2014).

6

7  As an additional independent ground, Defendants also move to dismiss Plaintiff Sumner

8  Johnson on the grounds that Johnson fails to allege facts sufficient to show "willfulness" and

9  therefore on the face of the complaint Johnson's claims are barred by the two year statute of

10  limitations. 29 USC § 255.

11

12  In addition, Defendant Auto-Chlor System, LLC moves to be dismissed on the ground that

13  the Complaint fails to state facts to show that it employed Plaintiffs or any branch managers. Indeed,

14  it fails to demonstrate that it operates its manufacturing business through branches at all. Failing to

15  allege facts to demonstrate a plausible FLSA overtime claim, it should be dismissed pursuant to Bell

16  Atlantic Corp. V. Twombly, 550 U.S. 544 (2007) and Landers v. Quality Commc'ns, Inc., 771 F.3d

17  638 (9th Cir. 2014).

18

19  This motion is based on this notice, the attached memorandum of points and authorities, the

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27

28

**DEFENDANTS' AUTO-CHLOR SYSTEM, LLC, AUTO-CHLOR SYSTEM OF NEW YORK CITY, INC., AND AUTO-CHLOR SYSTEM OF THE MID SOUTH, LLC RULE 12(b)(6) NOTICE OF MOTION AND MOTION TO DISMISS ACTION, OR, ALTERNATIVELY, TO AMEND THE COMPLAINT**

1  attached declaration of Craig A. Horowitz, the Request for Judicial Notice filed concurrently

2  herewith and such further argument as may be made on reply and at the time of the hearing.

3  DATED: June 15, 2023                         HOROWITZ & CLAYTON

4

5                                               BY: _Craig A. Horowitz_

6                                               CRAIG A. HOROWITZ
                                                 Attorneys for Defendants,
7                                                AUTO-CHLOR  SYSTEM,  LLC,  AUTO-CHLOR
                                                 SYSTEM OF NEW YORK CITY, INC., and AUTO-
8                                                CHLOR SYSTEM OF THE MID SOUTH, LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' AUTO-CHLOR SYSTEM, LLC, AUTO-CHLOR SYSTEM OF NEW YORK CITY, INC., AND AUTO-CHLOR SYSTEM OF THE MID SOUTH, LLC RULE 12(b)(6) NOTICE OF MOTION AND MOTION TO DISMISS ACTION, OR, ALTERNATIVELY, TO AMEND THE COMPLAINT**

1

**TABLE OF CONTENTS**

2

**MEMORANDUM OF POINTS & AUTHORITIES**...................................1

3

**INTRODUCTION**..................................................................1

4

**COMPLAINT ALLEGATIONS**.....................................................3

5

6

**LEGAL ARGUMENT**...............................................................6

7

  I.  PLAINTIFFS SABLOWSKY AND JOHNSON FAIL TO ALLEGE
    SPECIFIC FACTS SUFFICIENT TO STATE AN UNPAID WAGE
8    CLAIM UNDER THE FLSA AND THE COMPLAINT SHOULD BE
    DISMISSED ......................................................6

9

10     A. Plaintiffs Failure to Allege Specific Facts Allowing an
       Inference of Wilfullness Demonstrates that Johnson's
11       Claims On the Face of the Complaint Are Barred by the
       Two Year Statute of Limitations. ........................7

12

13     B. Plaintiffs Fail to Allege Specific Facts That Defendant
       Auto-Chlor System, LLC, A Dishwasher Manufacturer,
14       Employed Plaintiffs Or Any Other Branch Managers At
       Service Branches And Thus Fail To State Any Plausible
15       Claim Against It..........................................8

16

17     C. Plaintiff Sablowsky Fails To Allege Facts Sufficient To
       State A Claim for Unpaid Overtime Under the FLSA.......10

18

**CONCLUSION**.....................................................................10

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

## STATUTES

29 U.S.C. § 203(s)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

29 USC § 255 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

8 U.S.C. § 8(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4


## CASES

Ashcroft v. Iqbal, 556 U.S. 662 (2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,  6

Bell Atlantic Corp. V. Twombly, 550 U.S. 544 (2007) . . . . . . . . . . . . . . . 1, 2, 4, 5, 6, 7, 8, 9, 10

Brigat v. Bechtel Petroleum, Inc. 780 F 2. 766 (9th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . 2, 9

Landers v. Quality Commc'ns, Inc., 771 F.3d 638 (9th Cir. 2014) . . . . . . . . . 2, 4, 7, 8, 9, 10,  11

Rachel v. Banana Republic, 831 F. 2d 1503 (9th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . 2, 9

Whiteside v. Hover-Davis, Inc. 995 F. 3d 315 (2nd Cir. 2021) . . . . . . . . . . . . . . . . . . . . . . . 1, 8


## FEDERAL RULES OF CIVIL PROCEDURE

Rule 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

Rule 8(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 11

**DEFENDANTS' AUTO-CHLOR SYSTEM, LLC, AUTO-CHLOR SYSTEM OF NEW YORK CITY, INC., AND AUTO-CHLOR SYSTEM OF THE MID SOUTH, LLC RULE 12(b)(6) NOTICE OF MOTION AND MOTION TO DISMISS ACTION, OR, ALTERNATIVELY, TO AMEND THE COMPLAINT**

- ii -

## MEMORANDUM OF POINTS & AUTHORITIES

## INTRODUCTION

Plaintiffs' purported FLSA collective action is more noteworthy for what it omits rather than what it alleges. The Complaint manifestly fails to allege specific facts to meet the Rule 8(a)(2) standard of setting forth sufficient facts to state a plausible claim for which Defendants may be held liable. See Bell Atlantic Corp. V. Twombly, 550 U.S. 544, 555, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Without any factual predicate, Plaintiffs in this purported FLSA case plead that Defendants acted "willfully." (Complaint ¶ 23.) Yet, the Complaint does not alert the Court as to what Plaintiffs did as Branch Managers on a daily basis. A bare allegation of willfulness without even the slightest description of Mssrs. Sablowsky and Johnson's job duties cannot extend the statute of limitations from two to three years. See Whiteside v. Hover-Davis, Inc. 995 F. 3d 315, 320 (2nd Cir. 2021) (dismissing claim filed more than two years after termination because "Plaintiff must allege facts at the pleading stage that give rise to a plausible inference that a defendant wilfully violated the FLSA for the three year exception to apply.") Plaintiffs use the terms "willful" to try to save Plaintiff Johnson's stale claims. He resigned in "February 2021." (Complaint ¶ 10.) His claims filed here more than two years later are time barred.

This case, allegedly on behalf of Branch Managers, also names an entity Auto-Chlor System, LLC. The Complaint only alleges: "Defendant Auto-Chlor System, LLC is a corporation, organized and existing under the laws of Delaware, with its corporate headquarters in Mountain View, California." (Complaint ¶ 14.) It does not state that Auto-Chlor System, LLC employs Branch Managers. It does not state its principal place of business is in Memphis, Tennessee. (See

concurrently filed Request for Judicial Notice.) Such omissions render Auto-Chlor System, LLC an improper Defendant. Plaintiffs cannot, through artful pleading, sue an entity without any averment as to what that entity even does. See Brigat v. Bechtel Petroleum, Inc. 780 F 2. 766, 769 (9th Cir. 1986) ("A plaintiff will not be allowed to conceal the true nature of a complaint through artful pleading.") Notably, the Complaint never uses the phrase "joint employer."[1] Bound by Rule 11, Plaintiffs cannot allege joint employer status because they know Auto Chlor System, LLC manufactures dishwashers in Memphis, Tennessee and does not employ a single branch manager.

Further, in 9 paragraphs, the Complaint makes allegations "Upon information and belief." (Complaint ¶¶ 22, 26, 27, 28, 29, 30, 33, 35, 59.) Prior to filing the Complaint, Plaintiffs' counsel had a duty to investigate the facts. See Rachel v. Banana Republic, 831 F. 2d 1503, 1508 (9th Cir. 1987) (Rule 11 imposes an affirmative duty on counsel to investigate the law and facts before filing a Complaint.) An FLSA collective action cannot rest on speculative allegations. See Bell Atlantic Corp. V. Twombly, 550 U.S. 544, 555, 570 (2007); Landers v. Quality Commc'ns, Inc., 771 F.3d 638, 641. (9th Cir. 2014).

Finally, Plaintiff Sablowsky fails to state a claim. The Complaint merely states that Sablowsky was a Branch Manager in "Levittown, Pennsylvania." (Complaint ¶ 5.) It does not set forth his job duties. It does not advise how many employees worked in the branch, and how many he supervised. It does not break down the percentage of time worked on various job duties because it does not list them.[2] The Court, therefore, cannot assess from the Complaint whether he was somehow misclassified as exempt. The bare allegations in Paragraph 52, given its conclusory

---

[1] Extensive pre-Complaint correspondence demonstrated to Plaintiffs' counsel that Auto-Chlor System, LLC did not jointly employ anyone. (Horowitz Decl. ¶ 3.)

[2] Plaintiff's counsel presumably has Sablowsky's Job Description.

---

1   vagueness, is not enough. See Twombly, 550 U.S. at 555, 570; Landers., 771 F.3d at 641.

2        Defendants respectfully request the Court to grant this Rule 12(b)(6) motion. Absent any

3
4   factual showing of any conceivable willful misclassification regarding Auto Chlor System, LLC's

5   operations, or Plaintiffs' job duties, the motion should be sustained without leave to amend. At the

6   very least Plaintiffs must demonstrate in Opposition an ability to amend.

7   **COMPLAINT ALLEGATIONS**

8        Plaintiffs' Complaint attempts to set forth three claims as an FLSA collective action: (1) a

9
    joint cause of action by Sablowsky and Johnson against Defendant Auto-Chlor System, LLC for
10
11  unpaid overtime wages (Complaint ¶¶ 74-87); (2) a cause of action for unpaid overtime wages by

12  Sablowsky against Defendants Auto-Chlor System, LLC and Auto-Chlor System of New York City,

13  Inc. (Sablowsky's actual employer) (Complaint ¶¶ 88-101); and (3) a cause of action for unpaid

14  overtime wages by Johnson against Defendants Auto-Chlor System, LLC and Auto-Chlor System

15  of the Midwest, LLC. (Johnson's actual employer)(Complaint ¶¶ 102-115.) Plaintiff Sablowsky

16
    alleges "At all relevant times, Plaintiff Sablowsky was employed by Auto-Chlor System and Auto-
17
18  Chlor NYC as a BM from approximately November 2020 until approximately November 2021, at

19  an Auto-Chlor System branch in Levittown, Pennsylvania. (Complaint ¶ 5.) Other than these "labels

20  and conclusions" alleging that he was employed by two different entities, Sablowsky fails to allege

21  specific facts of his purported joint employment, much less that he worked overtime for which he

22
    was not fully and lawfully compensated.
23
24       Although Sablowsky alleges that he worked at the branch in Levitttown, Pennsylvania (an

25  Auto-Chlor System of New York City branch) (Complaint ¶ 5), he fails to allege any specifics

26  whatsoever of his job duties as branch manager, what work he performed as branch manager, what

27  work he performed that he claims is nonexempt and what compensation he received. (Complaint

28

**DEFENDANTS' AUTO-CHLOR SYSTEM, LLC, AUTO-CHLOR SYSTEM OF NEW YORK CITY, INC.,
AND AUTO-CHLOR SYSTEM OF THE MID SOUTH, LLC RULE 12(b)(6) NOTICE OF MOTION AND
MOTION TO DISMISS ACTION, OR, ALTERNATIVELY, TO AMEND THE COMPLAINT**

- 3 -

¶¶ 89-101.)  Instead Sablowsky merely alleges "labels and conclusions" which echo the elements of a cause of action.  See Twombly, 550 U.S. at alleges at 555.  As in Landers, Sablowsky fails to alleged his hourly wage or the amount of unpaid overtime wages.  771 F.3d at 639-640.

Likewise, Plaintiff Sumner Johnson alleges that he worked as a Branch Manager at the Auto-Chlor System Mid South branch in Des Moines, Iowa (Complaint ¶ 10) but fails to allege any specifics of his job duties as branch manager, what work he performed as branch manager, what work he performed that he claims is nonexempt and what compensation he received.  (Complaint ¶¶ 102-115.)  Rather, like Sablowsky, Johnson alleges only parrots statutory language without specific facts which fail to state a plausible claim under 8 U.S.C. § 8(a)(2).  See Twombly, 550 U.S. at 555, 570.  And like Sablowsky and as in Landers, Johnson fails to allege his hourly wage or the amount of unpaid overtime wages.  771 F.3d at 639-640.

As to the defendants, Plaintiffs allege that "Defendant Auto-Chlor System, LLC is a corporation, organized and existing under the laws of Delaware, with its corporate headquarters [in] Mountain View, California."  (Complaint ¶ 14.)  Plaintiffs do not allege the nature of Auto-Chlor System, LLC's business (manufacturing industrial dishwashers at a single factory in Tennessee) or any basis that Auto-Chlor System, LLC allegedly employed Sablowsky or Johnson in their respective branch manager positions.  (Complaint ¶ 14 and throughout.)  With respect to Plaintiff Sablowsky's actual employer Auto-Chlor System of New York City, Inc. Plaintiffs allege that Sablowsky worked at its branch in Levittown, Pennsylvania but allege no specific facts (as opposed to conclusions and labels) as to the typicality or representative nature of the Levittown branch with other branches of Auto-Chlor System of New York City.  Indeed, they do not even allege the number of branches Auto-Chlor System of New York City operates.

Similarly, as to Plaintiff Johnson's former employer Auto-Chlor System of the Mid South,

LLC, Plaintiffs allege that Johnson worked as a Branch Manager in its Des Moines, Iowa branch (Complaint ¶ 10) but allege no specific facts to show any typicality between Plaintiff Johnson's work at the Des Moines branch with other branches of Auto-Chlor System of the Mid South.  Indeed, as noted above, Plaintiffs do not even allege the specifics of Plaintiff Johnson's job duties.

Although Plaintiffs aver the conclusory allegation "[u]pon information and belief," that the three separate entities are "integrated enterprises," they set forth no specifics to demonstrate any plausible integrated enterprise theory or relationship.  (Complaint  ¶ 18.)  Instead, they just allege vague generalities parroting FLSA language.  Id.  ("Defendants are integrated enterprises engaged in commerce within the meaning of the FLSA because, among other reasons, they have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have moved in or were produced for commerce by any person, 29 U.S.C. § 203(s)(1).")  However, Plaintiffs do not allege any specific facts establishing active relationships between the different defendant entities which give rise to a plausible allegation of a "common enterprise."  (Complaint ¶ 33.)  To the contrary, all Plaintiffs allege is a mere conclusion, "Upon information and belief, Defendants operate in a common enterprise and through related activities, so that the actions of one may be imputed to the other or so they operate as joint employers within the meaning of the FLSA."  (Complaint ¶ 33.)  This is precisely the type of pleading by "labels and conclusions" that the Supreme Court has held fails to satisfy Rule 8(a)(2) requirements.  Twombly, 550 U.S. at 555.

And as to the website which Plaintiffs assert belongs to Auto-Chlor System, LLC, the actual website itself (incorporated by Plaintiffs into their complaint, Paragraph 24, note 2 at p. 4) states no such thing.  To the contrary, as counsel advised Plaintiffs' counsel prior to the filing of the lawsuit, Auto-Chlor System, LLC is a manufacturer in Tennessee which does not operate branches and does

1  not employ any branch managers. (Horowitz Decl. ¶3.) Plaintiffs allege no specific facts to show

2  that Defendant Auto-Chlor System, LLC has any branch managers or jointly employs branch

3  managers employed by other entities. Likewise Plaintiffs allege no specific facts to state a plausible

4
   claim that branch managers of the different companies Auto-Chlor System of New York City, Inc.
5
6  and Auto-Chlor System of the Mid South, LLC are similarly situated to be susceptible to a collective

7  FLSA action. They allege only conclusions and labels which are insufficient to state viable claims

8  under Rule 8(a)(2).

9  **LEGAL ARGUMENT**

10

11  **I.     PLAINTIFFS SABLOWSKY AND JOHNSON FAIL TO ALLEGE SPECIFIC FACTS
        SUFFICIENT TO STATE AN UNPAID WAGE CLAIM UNDER THE FLSA AND
12      THE COMPLAINT SHOULD BE DISMISSED.**

13      Rule 8(a)(2) of the Federal Rules of Civil Procedure is express that in order to state a claim

14  a complaint must set forth "a short and plain statement of the claim showing that the pleader is

15  entitled to relief." FRCP 8(a)(2). In 2007, the Supreme Court clarified the requirements of Rule

16
17  8(a)(2) and held in the landmark case Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) that in

18  order to survive a 12(b)(6) motion to dismiss a complaint must contain sufficient specific facts "to

19  state a claim that is plausible on its face." Id. at 570. In so doing, the Court expressly held that a

20  complaint that offers only "labels and conclusions, . . . a formulaic recitation of the elements of a

21  cause of action" or "naked assertion[s]" devoid of "further factual enhancement" will not meet Rule

22
23  8(a)(2) requirements and thus will not survive a 12(b)(6) motion to dismiss. Id. at 555, 557. Two

24  years later, in Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court further explained this

25  plausibility standard under Rule 8(a)(2) stating that in order to satisfy the Rule:

26          "a complaint must contain sufficient factual matter, accepted as true, to state a claim
            to relief that is plausible on its face. [Citations omitted.] A claim for relief is
27

28
   _____
   **DEFENDANTS' AUTO-CHLOR SYSTEM, LLC, AUTO-CHLOR SYSTEM OF NEW YORK CITY, INC.,
   AND AUTO-CHLOR SYSTEM OF THE MID SOUTH, LLC RULE 12(b)(6) NOTICE OF MOTION AND
   MOTION TO DISMISS ACTION, OR, ALTERNATIVELY, TO AMEND THE COMPLAINT**
   - 6 -

plausible on its face 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678.

In its seminal decision in Landers v. Quality Commc'ns, Inc., 771 F.3d 638 (9th Cir. 2014), the Ninth Circuit applied this plausibility standard in the FLSA context. In assessing the sufficiency of allegations in a complaint alleging minimum and overtime wage violations under the FLSA, the Ninth Circuit explained:

> "This standard does not rise to the level of a probability requirement, but it demands 'more than a sheer possibility that a defendant has acted unlawfully. [Citation omitted.] In keeping with Twombly, the Supreme Court held in Iqbal that '[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.'"
> Landers, 771 F.3d at 641.

The Ninth Circuit further elucidated the plausibility standard explaining, "In evaluating whether a complaint states a plausible claim for relief, we rely on 'judicial experience and common sense' to determine whether the factual allegations, which are assumed to be true, 'plausibly give rise to an entitlement to relief.'" Id at 641. Here, Plaintiffs Sablowsky and Johnson's vague allegations are precisely the type of "formulaic recitation of the elements of a cause of action" without supporting facts which fall far short of satisfying this plausible claim standard.   See Twombly, 550 U.S. at 555.

A.  **Plaintiffs Failure to Allege Specific Facts Allowing an Inference of Wilfullness Demonstrates that Johnson's Claims On the Face of the Complaint Are Barred by the Two Year Statute of Limitations**.

Plaintiff Johnson alleges that he was employed as a Branch Manager from "2018 until approximately February 2021." (Complaint ¶ 10.) The only specific workweek that Plaintiffs allege Johnson worked more than 40 hours in a week is "the week of August 9, 2021." (Complaint ¶ 12.) Plaintiffs filed their lawsuit on May 24, 2023. Thus, on the face of the complaint, the standard two year FLSA statute of limitations (29 USC § 255) ran no later than February 28, 2023 and any claim

1  by Johnson is barred by the statute of limitations.

2      In order to try to plead around the two year statute of limitations Plaintiffs allege that

3  Defendants purported "violations of the FLSA "have been intentional and willful." (Complaint ¶¶

4  85, 97, 113.)   However, Plaintiffs fail to allege any specific facts (as opposed to "labels and

5  

6  conclusions") to demonstrate a plausible claim of wilfullness sufficient to avoid the running of the

7  statute of limitations demonstrated on the face of the Complaint.   See Whiteside v. Hover-Davis,

8  Inc. 995 F. 3d 315, 320 (2nd Cir. 2021) (dismissing claim filed more than two years after termination

9  because "Plaintiff must allege facts at the pleading stage that give rise to a plausible inference that

10  a defendant wilfully violated the FLSA for the three year exception to apply.")   Having failed to

11  

12  allege specific facts to demonstrate willfulness, Plaintiff Johnson's FLSA overtime claim is barred

13  by the two year statute of limitations.  Id.

14      Plaintiffs on behalf of themselves and purported putative collective action plaintiffs seek

15  liquidated damages.  An essential element of such liquidated damages is willful violation of the

16  FLSA.   As demonstrated above, Plaintiffs do not allege any facts showing such wilfullness.

17  

18  Accordingly, the failure to allege any facts showing wilfulness also requires dismissal of all claims

19  for liquidated damages against all the Defendants.

20      **B.      Plaintiffs Fail to Allege Specific Facts That Defendant Auto-Chlor System, LLC,
         A Dishwasher Manufacturer, Employed Plaintiffs Or Any Other Branch
         Managers At Service Branches And Thus Fail To State Any Plausible Claim
         Against It.**

21  

22  

23  Plaintiffs here attempt to hale a manufacturing company who operates no branches and

24  employs no branch managers whose principal place of business is in Tennessee to defend an FLSA

25  overtime lawsuit in California on vague, general allegations without alleging any actual facts

26  

27  demonstrating an employer relationship.  This manifestly fails to meet the plausible claim standard

28  

**DEFENDANTS' AUTO-CHLOR SYSTEM, LLC, AUTO-CHLOR SYSTEM OF NEW YORK CITY, INC.,
AND AUTO-CHLOR SYSTEM OF THE MID SOUTH, LLC RULE 12(b)(6) NOTICE OF MOTION AND
MOTION TO DISMISS ACTION, OR, ALTERNATIVELY, TO AMEND THE COMPLAINT**
- 8 -

of <u>Twombly</u> and <u>Landers</u>.

The Complaint here alleges: "Defendant Auto Chlor System, LLC is a corporation, organized and existing under the laws of Delaware, with its corporate headquarters in Mountain View, California." (Complaint ¶ 14.) It does not state that Auto-Chlor System, LLC employs Branch Managers. It does not state its principal place of business is in Memphis, Tennessee. (<u>See</u> Exh. 1 attached to the  concurrently filed Request for Judicial Notice.) Such omissions render Auto-Chlor System, LLC an improper Defendant. Plaintiffs cannot, through artful pleading, sue an entity without any averment as to what that entity even does. <u>See</u> <u>Brigat v. Bechtel Petroleum, Inc.</u> 780 F 2d. 766, 769 (9th Cir. 1986) ("A plaintiff will not be allowed to conceal the true nature of a complaint through artful pleading.")  Bound by Rule 11, Plaintiffs cannot allege joint employer status because they know Auto-Chlor System, LLC manufactures dishwashers in Memphis, Tennessee and does not employ a single branch manager.  <u>See</u> <u>Rachel v. Banana Republic</u>, 831 F. 2d 1503, 1508 (9th Cir. 1987) (Rule 11 imposes an affirmative duty on counsel to investigate the law and facts before filing a Complaint.)

In addition, the Complaint asserts allegations in **nine** paragraphs  "[u]pon information and belief." (Complaint ¶¶ 22, 26, 27, 28, 29, 30, 33, 35, 59.) Prior to filing the Complaint, Plaintiffs' counsel <u>had a duty</u> to investigate the facts. <u>Id</u>. An FLSA unpaid overtime complaint in federal court requires sufficient facts to state a plausible claim against each named Defendant.  <u>See</u> <u>Landers v. Quality Commc'ns, Inc.</u>, 771 F.3d at 641; <u>Twombly</u>, 550 U.S. at 555.  Plaintiffs here fail to state any facts showing they (or any branch manager) was employed by the manufacturing company Auto-Chlor System, LLC and Auto-Chlor System, LLC should be dismissed.

C.    **Plaintiff Sablowsky Fails To Allege Facts Sufficient To State A Claim for Unpaid Overtime Under the FLSA**.

As noted, both the Supreme Court and the Ninth Circuit require that a plaintiff allege sufficient facts to state a plausible claim in order to survive a Rule 12(b)(6) motion to dismiss. Bell Atlantic Corp. V. Twombly, 550 U.S. 544, 570 (2007);   Landers v. Quality Commc'ns, Inc., 771 F.3d 638, 641 (9th Cir. 2014).  Plaintiff Sablowsky's allegations in the Complaint fall far short of setting forth a plausible claim of unpaid overtime.  Sablowsky merely alleges that he was a Branch Manager in "Levittown, Pennsylvania." (Complaint ¶ 5.) It does not set forth his job duties. It does not advise how many employees worked in the branch, and how many he supervised. It does not break down the percentage of time worked on various job duties because it does not list them. The Court, therefore, cannot assess from the Complaint whether he was somehow misclassified as exempt. The bare allegations in Paragraph 52, are precisely the types of label and conclusions that the Supreme Court in Twombly held do not satisfy Rule 8((a)(2) requirements to set forth a credible claim.  Twombly, 550 U.S. at 555 (Holding that "labels and conclusions" and "formulaic recitation of the elements of a cause of action" do not suffice to meet Rule 8(a)(2) requirements.) Sablowsky's claims should be dismissed.

## CONCLUSION

Since 2007, the law has been clear that in order to satisfy Rule 8(a)(2) requirements for "a short and plain statement of the claim showing that the pleader is entitled to relief," a plaintiff must allege sufficient specific facts "to state a claim that is plausible on its face."  Twombly, 5550 U.S. at 570.  The Supreme Court further held that mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" or "naked assertions" do not state a plausible claim and are not sufficient to defeat a Section 12(b)(6) motion to dismiss.  Id. at 555.  The Ninth Circuit applies this

requirement for specific facts to FLSA causes of action, just like other federal claims. See <u>Landers</u>, 771 F.3d at 641. ("Under Twombly, a complaint that offers 'labels and conclusions, . . . a formulaic recitation of the elements of a cause of action[,]' or 'naked assertion[s]' devoid of 'further factual enhancement' will not suffice.")

Here, beyond alleging that they were branch mananagers for two different companies working in Pennsylvania and Iowa, Plaintiffs Sablowsky and Johnson allege no specific facts to state a plausible claim for a collective FLSA action but instead "nakedly assert" label and conclusions with a formulaic recitation of the elements of an unpaid overtime claim, without even alleging what they were in fact paid. Plaintiffs having failed to meet the Rule 8(a)(2) requirements, the motion to dismiss should be granted in its entirety.

DATED: June 15, 2023                    HOROWITZ & CLAYTON

BY: _____
CRAIG A. HOROWITZ
Attorneys for Defendants,
AUTO-CHLOR SYSTEM, LLC, AUTO-CHLOR
SYSTEM OF NEW YORK CITY, INC., and AUTO-
CHLOR SYSTEM OF THE MID SOUTH, LLC

**PROOF OF SERVICE**

I am employed in the County of **Los Angeles**, State of California.  I am over the age of 18 years and not a party to the within action; my business address is **300 Corporate Pointe, Suite 355, Culver City, California 90230.**

On the below-stated date, I served the foregoing document described as **DEFENDANTS' AUTO-CHLOR SYSTEM, LLC, AUTO-CHLOR SYSTEM OF NEW YORK CITY, INC., AND AUTO-CHLOR SYSTEM OF THE MID SOUTH, LLC RULE 12(b)(6) NOTICE OF MOTION AND MOTION TO DISMISS ACTION, OR, ALTERNATIVELY, TO AMEND THE COMPLAINT** on all interested parties in this action.

☒ by placing ☐ *the original* ☒ *a true copy* thereof in a sealed envelope addressed as follows:

☐      BY MAIL TO:

☐      As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date is more than one day after the date of deposit for mailing in affidavit.

☐      BY PERSONAL SERVICE I caused such envelope to be hand delivered to the offices of the following addressee:

☐      BY FACSIMILE: I personally sent such document via fax to the offices of the addressee, with **confirming copy** by **First Class Mail** as follows:

☒      BY E-MAIL: I personally sent such document via e-mail to the addressee as follows:

Logal A. Pardell: lpardell@pkglegal.com

Edward J. Wynne: ewynne@wynnelawfirm.com

Declaration

☐      (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒      (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed June 15, 2023, at Los Angeles County, California.

ELDA GONZALEZ