Edward J. Wynne   (SBN 165819)
ewynne@wynnelawfirm.com
WYNNE LAW FIRM
80 E. Sir Francis Drake Blvd., Ste. 3G
Larkspur, CA 94939
Telephone   (415) 461-6400
Facsimile     (415) 461-3900

Logan A. Pardell* (admitted *pro hac vice*)
lpardell@pkglegal.com
PARDELL, KRUZYK & GIRIBALDO, PLLC
433 Plaza Real, Suite 275
Boca Raton, FL 33432
Telephone (561) 447-8444
Facsimile (877) 453-8003

*Counsel for Plaintiffs and the Putative Collective*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARK SABLOWSKY and SUMNER JOHNSON, *on behalf of themselves and others similarly situated*,<br><br>Plaintiffs,<br><br>vs.<br><br>AUTO-CHLOR SYSTEM, LLC, AUTO-CHLOR SYSTEM OF NEW YORK CITY, INC., and AUTO-CHLOR SYSTEM OF THE MID SOUTH, LLC<br><br>Defendants. | Case No. 3:23-cv-02555-AGT<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS ACTION, OR, ALTERNATIVELY, REQUEST FOR LEAVE TO AMEND THE COMPLAINT**<br><br>Date: July 28, 2023<br>Time: 10:00 a.m.<br>Dept. A, 15th Floor<br>Hon. Alex G. Tse |

Mark Sablowsky ("Sablowsky") and Sumner Johnson ("Johnson," and collectively, "Plaintiffs"), hereby file this Opposition to Defendants' Auto-Chlor System, LLC ("Auto-Chlor System"), Auto-Chlor System of New York City, Inc. ("Auto-Chlor NYC"), and Auto-Chlor System of the Mid South, LLC ("Auto-Chlor Mid South," and collectively, "Defendants") Rule 12(b)(6) Motion to Dismiss Action, or, Alternatively, Request for Leave to Amend the Complaint (the "Motion") that is noticed for hearing on July 28, 2023, at 10:00 a.m.

Dated: June 29, 2023

WYNNE LAW FIRM

By:   /s/Edward J. Wynne
Edward J. Wynne
80 E. Sir Francis Drake Blvd., Suite 3G
Larkspur, CA 94939
Telephone   (415) 461-6400
Facsimile    (415) 461-3900
ewynne@wynnelawfirm.com

**PARDELL, KRUZYK & GIRIBALDO, PLLC**
Logan A. Pardell* (admitted *pro hac vice*)
433 Plaza Real, Suite 275
Boca Raton, FL 33432
Telephone   (561) 726-8444
Facsimile   (877) 453-8003
lpardell@pkglegal.com

Counsel for Plaintiffs and the Putative Collectives

## **TABLE OF CONTENTS**

I. INTRODUCTION ...................................................................................................1

II. STATEMENT OF ISSUES ....................................................................................1

III. STATEMENT OF FACTS .....................................................................................2

IV. ARGUMENT 3

    A. Standard of Law................................................................................................3

    B. Plaintiffs Sufficiently Allege a Plausible Claim for Unpaid Overtime Compensation Under the FLSA.........................................................................4

    C. Plaintiffs Sufficiently Allege That Defendants Willfully Violated the FLSA. 6

    D. Plaintiffs Sufficiently Allege all BMs in the Putative Collective Members are Similarly Situated..........................................................................7

    E. Auto-Chlor System is a "Proper" Defendant, and Plaintiffs Allege Sufficient Facts to State a Claim Against It.........................................................8

        1. The "Principal Place of Business" Inquiry is a Personal Jurisdiction Issue, which was Waived by Defendants...........................9

        2. Plaintiffs State Sufficient Facts to Allege Claims Against Auto-Chlor System......................................................................................10

    F. If the Court Finds That Defendants' Motion Has Any Merit, Plaintiffs Should Be Granted Leave to Amend. ..............................................................14

V. CONCLUSION....................................................................................................14

# TABLE OF AUTHORITIES

**Cases**

*Acho v. Cort*, No. 09 Civ. 00157, 2009 U.S. Dist. LEXIS 100064, at *2-3 (N.D. Cal. Oct. 26, 2009) ................................................................................................6

*Aguilar v. Rumi Constr.*, No. 07 Civ. 0272, 2007 U.S. Dist. LEXIS 113703, at *3 (N.D. Cal. June 4, 2007) ................................................................................11

*Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) ..........................14

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ............................................................4

*Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) ..........................................10, 14

*Bell Atlantic Corp v. Twombly*, 550 US 544, 570 (2007) .....................................3, 4

*Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996) .......................3

*Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 918 (9th Cir. 2003) ....................11

*Guitierrez v. Carter Bros. Sec. Servs., LLC*, No. 14 Civ. 00351, 2014 U.S. Dist. LEXIS 153771, at *3 (E.D. Cal. Oct. 29, 2014) ................................................11

*Healy v. Wells Fargo Bank, N.A.*, No. 20 Civ. 01838, 2022 U.S. Dist. LEXIS 5673, at *14 (S.D. Cal. Jan. 11, 2022) ..............................................................10

*Hertz Corp. v. Friend*, 559 U.S. 77, 80, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010) ................................................................................................................10

*In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 317 (9th Cir. 2017) ...................9

*In re Connetics Corp. Sec. Litig.*, No. C 07-02940, 2008 U.S. Dist. LEXIS 62515, at *15 (N.D. Cal. Aug. 14, 2008) ......................................................................13

*Johnson v. Serenity Transportation, Inc.*, 141 F. Supp. 3d 974, 988 (N.D. Cal. 2015) ............................................................................................................ i, 11

*Kellgren v. Petco Animal Supplies, Inc.*, No. 13 Civ. 644, 2014 U.S. Dist. LEXIS 78456, at *9 (S.D. Cal. June 6, 2014) .................................................................7

*King v. Bumble Trading, Inc.*, No. 18 Civ. 06868, 2020 U.S. Dist. LEXIS 24543, at *3 (N.D. Cal. Feb. 11, 2020) ........................................................................10

*Landers v. Quality Communications, Inc.*, 771 F.3d 638, 644-45 (9th Cir. 2014) ................4, 5

*Lemaster v. S.A. Gear Co.*, No. 15-CV-365, 2017 U.S. Dist. LEXIS 9017, at *2 (S.D. Ill. Jan. 23, 2017) ......................................................................................8

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ............................................14

*Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) ............................4

*Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 369 (S.D.N.Y. 2007) ......8

*McKeen-Chaplin v. Franklin Am. Mortg. Co.*, No. 10 Civ. 5243, 2011 U.S. Dist. LEXIS 103204, at *6-7 (N.D. Cal. Sep. 12, 2011) .................................................................. 6

*Monroe v. Hayward Unified Sch. Dist.*, No. 22 Civ. 04489, 2023 U.S. Dist. LEXIS 41279, at *7 (N.D. Cal. Mar. 12, 2023) ........................................................................ 11

*Nielsen v. Van Leuven*, No. 15 Civ. 1154, 2016 U.S. Dist. LEXIS 55101, at *8-9 (D. Conn. Apr. 26, 2016) ........................................................................................... 13

*Parsittie v. Schneider Logistics, Inc.,* No. 19 Civ. 3981, 2022 U.S. Dist. LEXIS 215838, at *9 (C.D. Cal. Sep. 27, 2022) .................................................................. 11

*Schlinsky v. Action Video Prods.*, No. 09 Civ. 61779, 2010 U.S. Dist. LEXIS 2430, at *2 (S.D. Fla. Jan. 13, 2010) ............................................................................ 4

*Sec. of Labor v. Labbe*, 319 Fed. App'x 761, 763 (11th Cir.2008) .......................................... 4

*Silva v. Bieluch*, 351 F.3d 1045, 1048 (11th Cir. 2003) ............................................................ 14

*Sliger v. Prospect Mortg., LLC*, 789 F. Supp. 2d 1212, 1219-20 (N.D. Cal. May 27, 2011) ................................................................................................................................. 7

*Stoner v. Santa Clara County Office of Educ.*, 502 F.3d 1116, 1120-21 (9th Cir. 2007) ................................................................................................................................. 4

*Sturm v. CB Transp., Inc.*, No.12 Civ. 00109, 2012 U.S. Dist. LEXIS 90259, at *7 (D. Idaho June 28, 2012) ........................................................................................ 5

*Terrell v. Samuel*, No. 20 Civ. 587, 2020 U.S. Dist. LEXIS 166100, at *6 (C.D. Cal. Apr. 23, 2020) .................................................................................................... 11

**Statutes**

29 U.S.C. § 260 .......................................................................................................................... 7

29 U.S.C. §§ 201 ........................................................................................................................ 1

## I. INTRODUCTION

Defendants' Motion presents a variety of unsubstantiated arguments that leads to the same expected conclusion: Defendants' Motion must be denied. Defendants seek to dismiss via Rule 12(b)(6) Plaintiffs' collective action brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"). Through its Motion, Defendants argue, among other things, that (1) it is Plaintiffs' burden to disprove Defendants' to-be-announced affirmative defenses; (2) the location of one the defendant's principal places of business should lead to *a Rule 12(b)(6)* dismissal of claims against it; (3) the Complaint lacks allegations of "typicality" when the Complaint is a collective action under the FLSA, not a Rule 23 class action; and (4) the Complaint lacks certain allegations that Plaintiffs specifically allege *verbatim* in the Complaint.

However, as detailed herein, Plaintiffs satisfy Rule 8(a)(2) by pleading sufficient facts to state plausible claims against Defendants under the FLSA. Plaintiffs adequately allege that they and other putative collective members regularly worked overtime hours for which they were not compensated. Plaintiffs allege facts showing that Defendants knew or showed reckless disregard of the FLSA overtime provisions through its decision-making, which is sufficient to state a plausible claim for a willful violation of the FLSA. Furthermore, Plaintiffs allege specific facts regarding the level of control Auto-Chlor System exerts over the other Defendants, and how that control interplays with the employment of Plaintiffs. Finally, Plaintiffs articulate the joint employer status of the Defendants, including detailed facts about Defendants' business enterprise and how they represent themselves to the public.

Ultimately, the Complaint contains ample allegations that state plausible claims for relief under the FLSA. When taking into consideration the applicable standards that favor the nonmoving party at this juncture, this Court should deny Defendants' Motion.

## II. STATEMENT OF ISSUES

1. Do Plaintiffs sufficiently allege a plausible claim for unpaid overtime compensation under the FLSA?

2. Do Plaintiffs sufficiently allege Defendants willfully violated the FLSA?

3.  Do Plaintiffs sufficiently allege all branch managers in the putative collective are similarly situated?

4.  Do Plaintiffs allege facts sufficient to state a claim against Auto-Chlor System?

### III. STATEMENT OF FACTS

On May 24, 2023, Plaintiffs filed a collective action lawsuit which seeks to recover unpaid overtime wages on behalf of themselves and current and former exempt-classified Branch Managers ("BMs") who worked at any of Defendants' locations in the United States at any time from three years prior to the filing of the Complaint ("Putative Collective Members"). *See* ECF No. 1. Specifically, Plaintiffs allege that they and the Putative Collective Members all worked substantial overtime hours and, because they were classified as overtime-exempt employees, were not paid overtime for the overtime hours that they worked. *Id.* at ¶¶ 50, 57, 65. In fact, Plaintiffs specifically allege particular workweeks in which they individually worked overtime hours without compensation. *Id.* at ¶¶ 7, 12. Plaintiffs further allege that they and all Putative Collective Members performed the same primary job functions, which "are similar to those performed by technicians, as Plaintiffs and Putative Collective Members spend the vast majority of their workday (uniformly more than 80% of their time) in the field performing the non-exempt tasks of servicing dishwashers, installing dishwashers, and visiting with clients to collect payment." *Id.* at ¶ 52. Plaintiffs allege that they and the Putative Collective Members were subject to the same company policies and procedures. *Id.* at ¶¶ 42, 50, 57-59.

Moreover, Plaintiffs allege that Defendants' violations of the FLSA were willful. *Id.* at ¶ 60. Specifically, Plaintiffs allege that Defendants assigned or were aware of all work performed by Plaintiffs and the Putative Collective Members and therefore knew the work required overtime, failed to perform a person-by-person analysis of BMs' job duties when making the decision to classify them as exempt, and the decision to not to pay overtimes wages to Plaintiffs and the Putative Collective Members was pursuant to a corporate policy to minimize labor costs, regardless of the requirements of the FLSA. *Id.* at ¶¶ 43, 57-60.

Further, Plaintiffs allege that all Defendants employ or jointly employ them and the Putative Collective Members. *Id.* ¶¶ 23, 31-35.  Plaintiffs allege Defendants all lease

commercial dishwashers and related supplies under the brand name "Auto-Chlor System," and that "Auto-Chlor System's" website does not differentiate between different Auto-Chlor subsidiaries, instead promoting Auto-Chlor System's services as one common business enterprise across the states in which it does business. *Id*. at ¶¶ 17, 25. The Complaint alleges that Auto-Chlor System owns Auto-Chlor NYC and Auto-Chlor Mid South, among other similar subsidiaries, as part of a top-down operation, with Defendants sharing the same management and executive offices. *Id*. at ¶¶ 26-29. The Complaint further alleges that each Defendant has its corporate office in Mountain View, California. *Id.* at ¶¶ 14-16. Because of these facts and others stated in the Complaint, the Complaint asserts that the Defendants are joint employers of Plaintiffs and the Putative Collective Members, and provides specific aspects of the level of control Defendants had over them. *Id*. at ¶¶ 31-43.

On June 15, 2023, Defendants filed the Motion (ECF No. 9), which seeks dismissal of the Complaint under Federal Rule of Civil Procedure 12(b)(6), as well as a corresponding Request for Judicial Notice (ECF No. 10) seeking the Court to take judicial notice of Auto-Chlor System's corporate filing information with the State of Tennessee. Notably, on June 20, 2023, Defendants also filed a motion for sanctions—which Plaintiffs will address in due course—which contained a declaration by Defendants' president, Ed Ivy, who identified himself as "President" of all three Defendants in this action, and identifying that Defendants all share the same administrative office in Mountain View, California. *See* ECF No. 16, Ex. 1 at ¶¶ 2-3.

### IV.    ARGUMENT

#### A.    Standard of Law

In ruling on a motion to dismiss for failure to state a claim brought under Rule 12(b)(6), the Court must accept all factual allegations pleaded in the complaint as true and construe those facts and draw all reasonable inferences therefrom "in the light most favorable to the nonmoving party." *Bell Atlantic Corp v. Twombly*, 550 US 544, 570 (2007); *see also Cahill v. Liberty Mut. Ins. Co*., 80 F.3d 336, 337-38 (9th Cir. 1996) ("All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.") (citations omitted); *Stoner*

*v. Santa Clara County Office of Educ.*, 502 F.3d 1116, 1120-21 (9th Cir. 2007) (same). However, a complaint does not need detailed factual allegations to survive dismissal. *Twombly*, 550 US at 570. Rather, a complaint need only include enough facts to state a claim that is "plausible on its face." *Id*. at 557, 570 (noting that this requirement is consistent with Fed. R. Civ. P. 8(a)(2), which requires that the pleadings demonstrate that "the pleader is entitled to relief"). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In dismissing a complaint, leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *See Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995).

  **B. Plaintiffs Sufficiently Allege a Plausible Claim for Unpaid Overtime Compensation Under the FLSA.**

Plaintiffs sufficiently allege facts that give rise to their unpaid overtime claims under the FLSA. To allege an FLSA claim, Plaintiffs must allege that they and other similarly situated BMs "worked more than forty hours in a given work week without being compensated for the overtime hours worked[.]" *Landers v. Quality Communications, Inc.*, 771 F.3d 638, 644-45 (9th Cir. 2014). The court in *Landers* stated that the plausibility of a claim is "context-specific" and that a plaintiff may establish a claim by estimating her average work week or providing any other facts that will permit a finding of plausibility. *Id*. at 645. This is because "[u]nlike the complex antitrust scheme at issue in *Twombly* that required allegations of an agreement suggesting conspiracy, the requirements to state a claim of a FLSA violation are quite straightforward." *Schlinsky v. Action Video Prods.*, No. 09 Civ. 61779, 2010 U.S. Dist. LEXIS 2430, at *2 (S.D. Fla. Jan. 13, 2010) (*quoting Sec. of Labor v. Labbe*, 319 Fed. App'x 761, 763 (11th Cir.2008)).

Put bluntly, Defendants' Motion ignores pertinent allegations, improperly attempts to shift the burden of proof for FLSA exemption affirmative defenses to Plaintiffs, and misinterprets the requirements to adequately plead an FLSA claim for unpaid overtime. For

example, Defendants claim that Plaintiffs "fail[] to allege any specifics of [their] job duties as branch manager[s], what work [they] performed as branch manager[s], what work [they] performed that [they] claim[] is nonexempt and what compensation [they] received" and "how many employees worked in the branch, and how many [Sablowsky] supervised." ECF No. 9 at 9-10, 15.

With respect to the nature of the job duties they perform, Plaintiffs in fact do allege "[t]he primary duties of Plaintiffs and Putative Collective Members are similar to those performed by technicians, as Plaintiffs and Putative Collective Members spend the vast majority of their workday (uniformly more than 80% of their time) in the field performing the non-exempt tasks of servicing dishwashers, installing dishwashers, and visiting with clients to collect payment." ECF No. 1 at ¶ 52. In addition, with respect to compensation they received, Plaintiffs allege that they and all other BMs were classified as exempt from overtime and were not paid overtime for their overtime hours worked. *Id.* at ¶¶ 50, 57. Defendants completely fail to acknowledge or address these allegations through their Motion.

While ignoring Plaintiffs' factual allegations, Defendants also fail to cite the appropriate standard for adequately pleading a claim for unpaid overtime under the FLSA. Despite specifically articulating their primary duties in the Complaint, Plaintiffs were under no obligation to do so as Defendants' "contention that Plaintiffs plead factual detail proving [they are] not exempt from the overtime provisions of the FLSA is an improper attempt by [Defendants] to shift its burden to prove the []exemption." *Sturm v. CB Transp., Inc.*, No.12 Civ. 00109, 2012 U.S. Dist. LEXIS 90259, at *7 (D. Idaho June 28, 2012). Thus, there is no reason for Plaintiffs to allege "how many employees worked in the branch, and how many [they] supervised," (ECF No. 9 at 15), particularly here where Plaintiffs maintain that their job did not include supervising other employees. Notably, Defendants cite zero cases in support of their proposition that Plaintiffs were required to do so.

Similarly, Plaintiffs are under no obligation to allege the amount of overtime compensation owed by Defendants. *See Landers*, 771 F.3d at 646 (noting that an employee need not allege "with mathematical precision" the amount of overtime compensation owed). Instead,

"[plaintiffs] should be able to allege facts demonstrating there was at least one workweek in which they worked in excess of forty hours and were not paid overtime wage." *Id*. In following that standard, Plaintiffs' allegations that they worked more than 40 hours per week and that Defendants did not compensate them for the overtime worked is sufficient to establish a claim under the FLSA. *McKeen-Chaplin v. Franklin Am. Mortg. Co.*, No. 10 Civ. 5243, 2011 U.S. Dist. LEXIS 103204, at *6-7 (N.D. Cal. Sep. 12, 2011) ("To establish a claim for failure to pay overtime under the FLSA, the plaintiff must aver that: '(1) defendant was plaintiff's employer; (2) plaintiff worked more than forty hours in a week; and (3) plaintiff did not receive compensation for his employment in excess of the forty hours.'") (quoting *Acho v. Cort*, No. 09 Civ. 00157, 2009 U.S. Dist. LEXIS 100064, at *2-3 (N.D. Cal. Oct. 26, 2009) (denying motion to dismiss FLSA overtime claim based on plaintiff's allegation that he worked more than forty hours per week and did not receive compensation for those overtime hours, noting that it cannot be the case that a plaintiff must plead specific instances of unpaid overtime before being allowed to proceed to discovery to access the employer's records)). Here, Plaintiffs allege that they and other BMs regularly worked more than 40 hours per week (ECF No. 1 at ¶¶ 6, 11, 50, 65) and were not paid overtime for that work. *Id.* at ¶¶ 50, 65. Plaintiffs also each identify specific workweeks in which they worked more than 40 hours. *Id.* at ¶¶ 7, 12. Thus, Plaintiffs meet the requirement for alleging unpaid overtime claims under the FLSA.

  **C.**  **Plaintiffs Sufficiently Allege That Defendants Willfully Violated the FLSA.**

Plaintiffs sufficiently allege that Defendants willfully violated the FLSA, as well. Plaintiffs' Complaint contains ample substantive facts to support Plaintiffs' claims that Defendants "knew or showed reckless disregard" for the FLSA's overtime provisions as applied to Plaintiffs and Putative Collective Members. The facts as set forth in the Complaint plausibly establish: (1) Plaintiffs and Putative Collective Members' duties did not substantially differ from those of Defendants' non-exempt employees; (2) those duties did not support a classification by Defendants that Plaintiffs and Putative Collective Members are exempt from the FLSA's overtime provision; (3) Defendants assigned or were aware of all worked performed by Plaintiffs and Putative Collective Members and therefore knew the work required overtime;

(4) Defendants failed to perform the type of analysis necessary to determine their classification decision; and (5) the determination not to pay overtimes wages to Plaintiffs and Putative Collective Members for hours worked in excess of 40 in a workweek was pursuant to a corporate policy to minimize labor costs regardless of the requirements of the FLSA. ECF No. 1 at ¶¶ 43, 52-73. Such allegations are sufficient to establish a claim for willfulness. *See, e.g.*, *Kellgren v. Petco Animal Supplies, Inc.*, No. 13 Civ. 644, 2014 U.S. Dist. LEXIS 78456, at *9 (S.D. Cal. June 6, 2014) (denying defendants' motion to dismiss willfulness allegations when plaintiffs alleged that defendant "intentionally underfunded labor budgets, which resulted in him and the collective action members working overtime and performing non-exempt tasks without receiving overtime compensation"); *Sliger v. Prospect Mortg., LLC*, 789 F. Supp. 2d 1212, 1219-20 (N.D. Cal. May 27, 2011) (denying defendant's motion to dismiss allegations proposing a three-year statute of limitations where plaintiffs alleged that "defendant knew that the work performed by plaintiffs required minimum wage and overtime pay, that defendant instructed them to work long hours without proper pay, that employees complained to defendants about these practices").

Moreover, Defendants misstate the standard for a finding of liquidated damages. It is false that "an essential element of such liquidated damages is willful violation of the FLSA." ECF No. 9 at 13. Unlike willfulness, which is Plaintiffs' burden to prove, it is Defendants' burden to overcome an award of liquidated damages. Defendants can only avoid an award of liquidated damages if they show "to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that [they] had reasonable grounds for believing that [their] act or omission was not a violation of the [FLSA]." 29 U.S.C. § 260. Thus, Plaintiffs have no specific pleading requirement with respect to liquidated damages. Therefore, any perceived failure to adequately allege a willful violation of the FLSA does not impact Plaintiffs' claims for liquidated damages.

   **D.**  **Plaintiffs Sufficiently Allege all BMs in the Putative Collective Members are Similarly Situated.**

In stating that Plaintiffs "allege no specific facts to show any typicality" between the

work at their respective branches and other branches within their assigned subsidiaries (ECF No. 9 at 4, 9), Defendants appear to confuse the elements of an FLSA collective action with a Rule 23 class action. Typicality is an element of Rule 23 class actions, not FLSA collective actions, and is therefore irrelevant to the analysis here. *See Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 369 (S.D.N.Y. 2007) ("Unlike Rule 23, section 216(b) of the FLSA requires no showing of . . . typicality[.]"). Moreover, even if "typicality" *were* relevant to this matter, Defendants' objections as to those Rule 23 elements would not be relevant to a motion to dismiss under Rule 12(b)(6). *Accord Lemaster v. S.A. Gear Co.*, No. 15-CV-365, 2017 U.S. Dist. LEXIS 9017, at *2 (S.D. Ill. Jan. 23, 2017) ("However, whether a plaintiff has fulfilled Rule 23 class action requirements is not an appropriate inquiry at the motion to dismiss and/or motion to strike stage because class determinations generally involve considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action.").

Notwithstanding, to the extent Defendants are instead attempting to argue that Plaintiffs fail to sufficiently allege that the Putative Collective Members they seek to represent are similarly situated, such a claim is poorly articulated and baseless. Plaintiffs allege that they and the Putative Collective Members (i) were all classified as overtime-exempt employees (ECF No. 1 at ¶ 57); (ii) all worked substantial overtime hours for which they were not paid (*id.* at ¶ 50); (iii) performed substantially the same job duties (*id.* at ¶¶ 51-56); and were subject to the same company policies (*id.* at ¶¶ 57-59). Thus, Defendants' claims that Plaintiffs failed to allege "typicality" or, presumably, that Plaintiffs and Putative Collective Members are not similarly situated, are without merit.

   **E.   Auto-Chlor System is a "Proper" Defendant, and Plaintiffs Allege Sufficient Facts to State a Claim Against It.**

Defendants' quest to have Auto-Chlor System dismissed juggles around two basic positions: (1) that Auto-Chlor System has a principal place of business in Tennessee, not California, making it an "improper Defendant"; and (2) Auto-Chlor System has no branches and employs no branch managers. *See* ECF No. 9 at 8-9.

Regarding the first argument, it is irrelevant except for considerations of jurisdiction or

venue, which Defendants do not explicitly address in their Motion. But, as explained below, Defendants are incorrect about this issue. As to the second argument, Plaintiffs' Complaint raises allegations to not only dispute this position, but to sufficiently state a claim against Auto-Chlor System as a joint employer of Plaintiffs.

> **1. The "Principal Place of Business" Inquiry is a Personal Jurisdiction Issue, which was Waived by Defendants.**

Defendants essentially make a quasi-jurisdictional argument by stating that Auto-Chlor System's principal place of business is its manufacturing center—which is in Memphis, Tennessee, making it an "improper"[1] defendant. *See* ECF No. 9 at 14. They do this by relying on Auto-Chlor System' corporate filings with the State of Tennessee, which indicate a "principal address" in the State of Tennessee, and a representation of where Auto-Chlor System holds its manufacturing center. *See* ECF No. 10, Ex. 1. However, this is effectively all immaterial as the "principal place of business" analysis typically revolves around personal jurisdiction or venue challenges, not Rule 12(b)(6) sufficiency challenges.

Defendants' Motion fails to assert any sort of arguments under Rule 12(b)(2), which contemplates challenges to personal jurisdiction. Therefore, in accordance with Rule 12(g)(2) and 12(h)(1)(A), any challenge to personal jurisdiction over Auto-Chlor System has been waived.[2] *See In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 317 (9th Cir. 2017) ("A defendant who omits a defense under Rules 12(b)(2)-(5)—lack of personal jurisdiction, improper venue, insufficient process, and insufficient service of process—entirely waives that defense.").

Regardless, Defendants' assertions about Auto-Chlor System's principal place of

---

[1] To the extent that Defendants believe a different entity is the appropriate controlling entity of Defendants' common enterprise, it could have informally brought this to Plaintiffs' attention at any point prior to filing the Motion, and which would likely have resulted in an amicable agreement to substitute the appropriate party. Defendants' choice to forgo this route suggests Plaintiffs have identified the correct "controlling" entity.

[2] If this Court disagrees with Plaintiffs as to whether personal jurisdiction is at issue (and has not been waived), Plaintiffs respectfully request the opportunity to file a supplemental brief targeted at personal jurisdiction only.

business are incorrect. The principal place of business, or the corporation's "nerve center," is "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *King v. Bumble Trading, Inc.*, No. 18 Civ. 06868, 2020 U.S. Dist. LEXIS 24543, at *3 (N.D. Cal. Feb. 11, 2020) (quoting *Hertz Corp. v. Friend*, 559 U.S. 77, 80, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010)).

Plaintiffs allege adequate facts to establish that Auto-Chlor System's principal place of business is in California. In the Complaint—and as Defendant notes but does not specifically refute—Plaintiffs specifically allege that Auto-Chlor System's corporate headquarters is located in Mountain View, California. ECF No. 1 at ¶ 14. As part of the basis of this allegation, Plaintiffs used and cited to Defendants' own website, which openly acknowledges that its "Corporate Offices are located in Mountain View, California." *Id*. at ¶ 14 n.1. Importantly, Ed Ivy, who is president of each Defendant in this action, has since admitted via declaration that the corporate headquarters for all Defendants is in Mountain View, California. *See* ECF No. 16, Ex. 1 at ¶¶ 2-3. However important manufacturing may be to Defendants' operation, their manufacturing center is clearly not where Auto-Chlor System's high level officers direct, control, and coordinate the corporation's activities—including policies regarding the employment classifications for its employees—that distinction must be attributed to the corporate offices which are located in California. *See Healy v. Wells Fargo Bank, N.A.*, No. 20 Civ. 01838, 2022 U.S. Dist. LEXIS 5673, at *14 (S.D. Cal. Jan. 11, 2022) (rejecting Wells Fargo's jurisdictional arguments that its "main office" in South Dakota was its principal place of business, due in part to the fact that Wells Fargo did not dispute or contest that its "corporate offices" were located in San Francisco). Defendants raise no facts or argument refuting its own representations about the location and status of its corporate headquarters, and instead chose to largely ignore Plaintiffs' allegations. As such, the Court should reject Defendants' motion on this basis.

**2.     Plaintiffs State Sufficient Facts to Allege Claims Against Auto-Chlor System.**

As part of their cursory attack on the Complaint, Defendants attempt to meld their

representation of Auto-Chlor System as purely a dishwasher manufacturer with the argument that Plaintiffs "fail to state any facts showing they (or any branch manager) [were] employed" by Auto-Chlor System, and that "Plaintiffs cannot allege joint employer status." ECF No. 9, at 9. Both of Defendants' arguments are incorrect.

The joint employer doctrine recognizes that "even where business entities are separate, if they share control of the terms of conditions of an individual's employment, both companies can qualify as employers." *Johnson v. Serenity Transportation, Inc.*, 141 F. Supp. 3d 974, 988 (N.D. Cal. 2015) (quoting *Guitierrez v. Carter Bros. Sec. Servs., LLC*, No. 14 Civ. 00351, 2014 U.S. Dist. LEXIS 153771, at *3 (E.D. Cal. Oct. 29, 2014) (internal citations omitted)). While the FLSA does not specifically address the joint employer doctrine, the Department of Labor's regulations indicate that "joint employment will generally be considered to exist when 1) the employers are not 'completely disassociated' with respect to the employment of the individuals and 2) where one employer is controlled by another or the employers are under common control." *Id*. at 989 (quoting *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 918 (9th Cir. 2003) (internal citations omitted)).

The issue of a "joint employer" status under the FLSA is a "question of law." *Monroe v. Hayward Unified Sch. Dist.*, No. 22 Civ. 04489, 2023 U.S. Dist. LEXIS 41279, at *7 (N.D. Cal. Mar. 12, 2023) (quoting *Aguilar v. Rumi Constr.*, No. 07 Civ. 0272, 2007 U.S. Dist. LEXIS 113703, at *3 (N.D. Cal. June 4, 2007)). At the pleadings stage, all Plaintiffs must do is "allege some facts in support of this legal conclusion." *See Terrell v. Samuel*, No. 20 Civ. 587, 2020 U.S. Dist. LEXIS 166100, at *6 (C.D. Cal. Apr. 23, 2020) (citations omitted); *see also Parsittie v. Schneider Logistics, Inc.,* No. 19 Civ. 3981, 2022 U.S. Dist. LEXIS 215838, at *9 (C.D. Cal. Sep. 27, 2022) ("[T]he Court concludes that [p]laintiff can meet Rule 8's pleading standard if he pleads "some facts" of SLI's control over either "wages, hours, or working conditions."). Plaintiffs readily meet that low threshold here.

Plaintiffs adequately allege Auto-Chlor System's joint employer status, particularly through allegations 4 through 43 of the Complaint. Each Plaintiff alleges that he was employed as a BM by Auto-Chlor System and the corresponding subsidiary. *See* ECF No. 1 at ¶¶ 5, 10.

Plaintiffs also allege the following important facts, among others: (1) Defendants lease commercial dishwashers and related supplies under the brand name "Auto-Chlor System"; (2) that Defendants' website, which is run by Auto-Chlor System, advertises that "Auto-Chlor System has grown to 126 branches with over 75,000 customers"; and (3) this same website does not differentiate between different Auto-Chlor subsidiaries and instead promotes Auto-Chlor System's services as one common business purpose across the states in which it does business. *See* ECF No. 1 at ¶¶ 17, 24-25. These facts support Plaintiffs' allegations that "Defendants' business is a centralized, top-down operation controlled by Auto-Chlor System, LLC," in part due to the seemingly unified business advertising reflected on Defendants' website and the fact that the website touts a hefty branch total that one would assume includes subsidiary branch numbers. *See* ECF No. 1 at ¶ 26.[3] This centralized, top-down structure is further bolstered by Defendants' just-submitted declaration, which notes that Defendants all share the same president. *See* ECF No. 16, Ex. 1 at ¶¶ 2-3.

Defendants also attempt to argue that Plaintiffs fail to sufficiently allege a joint-employer theory because "[n]otably, the Complaint never uses the phrase 'joint employer.'" ECF No. 9, at 7. However, this argument is brazenly false, as there are two instances where the Complaint uses the verbatim phrase "joint employer." *See* ECF No. 1 at ¶¶ 33, 35. Moreover, there are at least three other instances where Plaintiffs allege one or more Defendants jointly

---

[3] While outside the four corners of the Complaint, it is worth noting that Defendants' website also has had numerous postings corroborating Plaintiffs' allegations that Auto-Chlor System utilizes branches and employs BMs. *See, e.g.*, https://www.autochlor.com/company-announcements/acsexpandstomaryland/ ("Auto-Chlor System announces the opening of a new service and distribution center in Frederick, MD . . . Chris Homyer, Auto-Chlor Frederick – Branch Manager, is excited with the ability to provide service to customers in Frederick and the surrounding area.") (last visited June 25, 2023); https://www.autochlor.com/company-announcements/acsexpandstoidaho/ ("Auto-Chlor System announces the opening of a new service location in Boise, ID . . . the Boise branch will have a complete staff of Auto-Chlor trained personnel.") (last visited June 25, 2023); https://www.autochlor.com/company-announcements/nevadaopens/ (post titled "AUTO-CHLOR SYSTEM OPENS NEW BRANCH") (last visited June 25, 2023); https://www.autochlor.com/company-announcements/new-branch-opening/ ("Auto-Chlor System announces its newest Branch opening in the Philadelphia, PA area.") (last visited June 25, 2023).

acted in directly or indirectly controlling and directing the terms of employment and compensation for Plaintiffs and Putative Collective Members. *See id.* at ¶¶ 31-32, 34. Defendants' misrepresentations and oversight in this regard drives home the many deficiencies in both this specific argument and in the totality of their Motion.

Since the filing of the Motion, Defendants also filed a—frivolous—motion for sanctions against Plaintiffs and their counsel. *See* ECF No. 16. While that motion will be addressed and responded to in kind in a separate filing, as explained *supra*, it includes a declaration by Ed Ivy, who identified himself as "President" of all three Defendants in this action. *Id.*, Ex. 1, at ¶¶ 2-3. Mr. Ivy declared that he *personally* was able to confirm that 16 Auto-Chlor branches in California received certain mailings. *Id.*, Ex. 1, at ¶ 3 (emphasis supplied). These facts notably support the allegations of centralized leadership of Defendants, and centralization of ministerial functions, such as information regarding mailings, both of which support Plaintiffs' allegations that Defendants "operate in a common enterprise and through related activities." *See* ECF No. 1 at ¶ 33. Thus, Defendants' own representations are consistent with the allegations made by Plaintiffs, and Defendants' counter-narrative fails to suggest an internally-consistent alternative explanation.

Lastly, Defendants seem to take issue with the usage of the phrase "upon information and belief," insinuating that reliance on such language is in conflict with Federal Rule of Civil Procedure 11(b). *See* ECF No. 9 at 9. However, the usage of an "upon information and belief" qualifier is not a basis for dismissal of a complaint. *See Nielsen v. Van Leuven*, No. 15 Civ. 1154, 2016 U.S. Dist. LEXIS 55101, at *8-9 (D. Conn. Apr. 26, 2016) (finding that "[s]o long as representations to the court comply with Rule 11(b) of the Federal Rules of Civil Procedure . . . plaintiffs may plead the allegations in complaints upon information and belief. . . .") (internal quotations omitted); *accord In re Connetics Corp. Sec. Litig.*, No. 07 Civ. 02940, 2008 U.S. Dist. LEXIS 62515, at *15 (N.D. Cal. Aug. 14, 2008) (denying motion to strike where "Plaintiffs have indicated that the allegations in their complaint 'are based upon information and belief,' . . . such that additional evidentiary support may be forthcoming after further investigation and discovery, *see* Fed. R. Civ. P. 11(b)(3).").

As a result, Defendants' arguments that Auto-Chlor System employs no Branch Managers are contradicted by the fact that Plaintiffs each allege they worked as BMs for Auto-Chlor System and that Auto-Chlor System had control over their employment, allegations which, at the motion to dismiss stage, must be taken as true. Notwithstanding, Plaintiffs present substantial evidence in support of these assertions, making dismissal of Auto-Chlor System improper.

**F.   If the Court Finds That Defendants' Motion Has Any Merit, Plaintiffs Should Be Granted Leave to Amend.**

If this Court decides that the Motion has any merit (which Plaintiffs are not conceding), Plaintiffs respectfully request the opportunity to amend the Complaint to address and correct any deficiencies.[4] Rule 15(a)(2) states in pertinent part "[t]he court should freely give leave when justice so requires." "Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one more chance to amend the complaint before the district court dismisses the action with prejudice." *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991). "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc); *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (same); *Silva v. Bieluch*, 351 F.3d 1045, 1048 (11th Cir. 2003) (same).

Therefore, if the Court grants Defendants' Motion here in whole or in part—it should not—Plaintiffs respectfully request the opportunity to amend the Complaint to include additional facts that would provide sufficient support to their allegations to meet the Rule 8(a)(2) standard.

**V.   CONCLUSION**

Defendants' attempt to argue that the Complaints fails to meet the standards under Rule

---

[4] While not directly stated in the body of the Motion, Defendants include a request for alternative relief in the title of the Motion by stating "Motion to Dismiss Action, *or, Alternatively, to Amend the Complaint*." See ECF No. 9 (emphasis supplied).

12(b)(6) falls flat. Given the pleading standards that govern a motion to dismiss, Plaintiffs sufficiently allege facts to plausibly state a claim under the FLSA against each Defendant, and further allege facts that plausibly state that Defendants' violations of the FLSA were willful. In light of this, Defendants' Motion lacks merit and the Court should accordingly deny the Motion in its entirety.

If the Court disagrees and wholly or partially grants the Motion, Plaintiffs request the opportunity to amend the Complaint to correct any deficiencies identified by the Court.

Dated: June 29, 2023                                WYNNE LAW FIRM

By:     /s/Edward J. Wynne
Edward J. Wynne
80 E. Sir Francis Drake Blvd., Suite 3G
Larkspur, CA 94939
Telephone     (415) 461-6400
Facsimile     (415) 461-3900
ewynne@wynnelawfirm.com

PARDELL, KRUZYK, GIRIBALDO, PLLC
Logan A. Pardell* (admitted *pro hac vice*)
433 Plaza Real, Suite 275
Boca Raton, FL 33432
Telephone     (561) 726-8444
Facsimile     (877) 453-8003
lpardell@pkglegal.com

Counsel for Plaintiffs and the Putative Collectives