Craig A. Horowitz, State Bar No. 125159
Wayne D. Clayton, State Bar No. 137564
**HOROWITZ & CLAYTON**
A Professional Corporation
300 Corporate Pointe, Suite 355
Culver City, California 90230
Telephone: (310) 442-1122
Facsimile: (310) 442-2612

Attorneys for Defendants,
AUTO-CHLOR SYSTEM, LLC,
AUTO-CHLOR SYSTEM OF NEW YORK CITY, INC.,
and AUTO-CHLOR SYSTEM OF THE MID SOUTH, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK SABLOWSKY and SUMNER JOHNSON, on behalf of themselves and others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> AUTO-CHLOR SYSTEM, LLC, AUTO-CHLOR SYSTEM OF NEW YORK CITY, INC., and AUTO-CHLOR SYSTEM OF THE MID SOUTH, LLC; <br><br> Defendants. | **Case No. 23-cv-02555** <br><br> [Assigned to Hon. Alex G Tse, Dept. A] <br><br> **REPLY IN SUPPORT OF DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS ACTION, OR, ALTERNATIVELY, TO AMEND THE COMPLAINT** <br><br> Time: 10:00 a.m. <br> Date: July 28, 2023 <br> Dept.: A |

# TABLE OF CONTENTS

INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

LEGAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    I.    <u>PLAINTIFFS' OPPOSITION FAILS TO OVERCOME THE INSUFFICIENCY OF THEIR FACTUAL ALLEGATIONS OF WILLFULNESS TO SAVE JOHNSON FROM DISMISSAL</u>. . . . . . . . . . . . . 3

    II.    <u>PLAINTIFFS' OPPOSITION FAILS TO DEMONSTRATE SUFFICIENT FACTUAL ALLEGATIONS OF JOINT EMPLOYMENT TO KEEP THE MANUFACTURING PLANT AUTO-CHLOR SYSTEM, LLC IN THIS BRANCH MANAGER COLLECTIVE ACTION</u>. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    III.    <u>PLAINTIFFS' OPPOSITION FAILS TO DEMONSTRATE THAT THEIR CONCLUSORY COMPLAINT ALLEGATIONS ARE SUFFICIENT TO STATE A COLLECTIVE ACTION CLAIM UNDER THE FLSA</u>. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    IV.    <u>LEAVE TO AMEND SHOULD BE DENIED</u>. . . . . . . . . . . . . . . . . . . . . . . . 7

# TABLE OF AUTHORITIES

Ahlmeyer v. Nevada System of Higher Educ., 565 F. 3d 1051 (9th Cir. 2009) . . . . . . . . . . . . . . . 7

Ashcroft v. Iqbal, 556 U.S. 662 (2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

Bell Atlantic Corp v. Twombly, 550 U.S. 544 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3

Biro v. Conde Nast, 807 F.3d 541 (2d Cir. 2015). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Diodes v. Franzen, 260 Cal. App. 4th 244 (1968) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Parada v. Banco Indus. De Venezuela, C.A., 753 F. 3d 62 (2d Cir. 2014) . . . . . . . . . . . . . . . . . 4

Hayden v. Paterson, 594 F.3d 150 (2d Cir. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Kellgren v. Petco Animal Supplies, Inc., No. 13CV644-L KSC, 2014 U.S. Dist. LEXIS 78456 (S.D. Cal. June 6, 2014). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

L.A. Lakers v. Federal Ins. Co., 869 F. 3d 795 (9th Cir. 2017) . . . . . . . . . . . . . . . . . . . . . . . . . 7

Landers v. Quality Commc'ng Inc., 771 F. 3d 638 (9th Cir. 2014). . . . . . . . . . . . . . . . . . . . . 1, 6

Reich v. Waldbaum, Inc., 52 F.3d 35 (2d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Sliger v. Prospect Mort, LLC, 789 F. Supp 2d 1212 (N.D. Cal. 2011.) . . . . . . . . . . . . . . . . . . . 6

Whiteside v. Hover-Davis, Inc. 995 F. 3d 315 (2nd Cir. 2021) . . . . . . . . . . . . . . . . . . . 2, 3, 4, 5

Young v. Cooper Cameron Corp., 586 F.3d 201 (2d Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . 3

# INTRODUCTION

Plaintiffs' Opposition in their first Paragraph sets up a strawman. As argued in Defendants' straightforward Rule 12(b)(6) motion, Plaintiffs fail to plead plausible claims under United States Supreme Court and Ninth Circuit law to pursue a collective action under the FLSA. Bell Atlantic Corp v. Twombly, 550 U.S. 544 (2007); Landers v. Quality Commc'ng Inc., 771 F. 3d 638 (9th Cir. 2014). Defendants do not argue "it is Plaintiff's burden to dispute Defendants' to-be- announced affirmative defenses." (Opp. at 1:6-7.) Defendant argued that for pleading purposes, Plaintiff had not set forth facts, rather than conclusions, to state a collective action, particularly as to willfulness. Bell, 550 U.S. at 555, 570; Landers, 771 F. 3d at 641.[1]

Defendants did not argue "one of the defendant's principal place of business" should lead to dismissal. (Opp. at 1:7-8.) Rather, through an unopposed Request for Judicial Notice, Defendants demonstrated that Defendant Auto-Chlor System, LLC., located in Memphis, Tennessee, manufactures dishwashers and has no Branch Managers. Realizing they named Auto-Chlor System, LLC as a defendant without any facts, Plaintiffs state in Opposition that Defendants should have identified the proper supposed joint employer. (Opp. at 9 n. 1.) No, Plaintiffs should have investigated the facts, as required by Rule 11. There is no joint employer, and Plaintiffs have not and cannot plead one.

Plaintiffs then accuse Defendants of treating this matter as a class action, not a collective action. (Opp. at 1:8-10.) Yet, Defendants squarely addressed FLSA pleading requirements time and again in their motion. Plaintiffs' Complaint woefully fails to advise the Court how Plaintiff Sumner Johnson, a Branch Manager in Iowa employed by Auto-Chlor System of the Mid-South, LLC, working conditions bore any resemblance to those of Plaintiff Mark Sablowsky's for a separate entity

---

[1] Plaintiffs in Opposition "rely" on 15 unpublished decisions.

REPLY IN SUPPORT OF DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS ACTION, OR, ALTERNATIVELY, TO AMEND THE COMPLAINT
- 1 -

Auto-Chlor System of New York City. The pleading does not and cannot do so because logically, a Branch Manager with a couple employees in Iowa has materially different duties than a Branch Manager working for a separate New York City entity. Notably, Plaintiffs do not dispute that Auto-Chlor System of the Mid-South, LLC and Auto-Chlor System of New York, Inc. are entirely separate entities.

Finally, plaintiffs accuse Defendants of ignoring one "verbatim" Complaint allegation. (Opp. at 1:10-11.) Not so. Defendants specifically acknowledged the lone allegation in Paragraph 52 (Mot. at 2:24, 31:1,) but argued it is conclusory and ineffective to plead a collective action. (Mot. at 10:13-18.)

Thus, instead of addressing Defendants' straightforward argument that Plaintiff Sumner Johnson should be dismissed because he left Defendant Auto-Chlor System of the Mid-South, LLC more than two years ago and the statute of limitations is not three years, Plaintiffs simply ignore the published Court of Appeal decision Defendants cited in our moving papers, See Whiteside v. Hover-Davis, Inc. 995 F. 3d 315, 320 (2nd Cir. 2021) (dismissing claim filed more than two years after termination because "Plaintiff must allege facts at the pleading stage that give rise to a plausible inference that a defendant wilfully violated the FLSA for the three year exception to apply") Moreover, instead of providing any pleaded facts that Defendant Auto-Chlor System, LLC employed any Branch Managers, Plaintiffs present blatant hearsay outside the pleadings in direct derogation of Rule 12(b)(6). (Opp. at 3:15-19; 9: n. 1; 12: n.3; and 13: 5-16.) Defendants object to these improper references to extrinsic evidence.

Finally, in a scant two paragraphs, even though Defendants argued in their motion Plaintiffs needed to specifically show how they can amend, (Mot. at 3:5-6), Plaintiffs simply ask for the right to do so. (Opp. at 14:7-23.) This abjectly fails to entitle Plaintiffs to leave to amend.

---

**REPLY IN SUPPORT OF DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS ACTION, OR, ALTERNATIVELY, TO AMEND THE COMPLAINT**

- 2 -

The Motion should be granted in full, without leave to amend.

**LEGAL ARGUMENT**

**I. PLAINTIFFS' OPPOSITION FAILS TO OVERCOME THE INSUFFICIENCY OF THEIR FACTUAL ALLEGATIONS OF WILLFULNESS TO SAVE JOHNSON FROM DISMISSAL.**

In our moving papers, Defendants cited to this Court a Court of Appeal decision, Whiteside v. Hover-Davis, Inc. 995 F. 3d 315, 320 (2nd Cir. 2021). This decision of the Second Circuit affirmed the district court's grant of a 12(b)(6) motion to dismiss based on the standard two year statute of limitations for FLSA claims holding that "Plaintiff must allege facts at the pleading stage that give rise to a plausible inference that a defendant wilfully violated the FLSA for the three year exception to apply." In so holding, the Court explained the mandate following the seminal Supreme Court decisions in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009):

> "At the start, in Twombly and Iqbal, the Supreme Court emphasized that claims must rest on well-pleaded factual allegations. See Iqbal, 556 U.S. at 678-80, 129 S.Ct. 1937. Twombly and Iqbal accordingly suggest that courts undertake a "two-pronged approach" in evaluating motions to dismiss, under which they: (1) "identify[ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth"; and (2) determine whether the remaining "well-pleaded factual allegations," assumed to be true, "plausibly give rise to an entitlement to relief." Id. at 679, 129 S.Ct. 1937; see also Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010). The working principle underlying the first step of this analysis is the notion that a court should not accept as true allegations that amount to mere "legal conclusions," Iqbal, 556 U.S. at 678, 129 S.Ct. 1937, including those concerning a defendant's state of mind, id. at 686-87, 129 S.Ct. 1937; see also Biro v. Conde Nast, 807 F.3d 541, 544-45 (2d Cir. 2015)."

The Whiteside Court went on to define when allegations of willfulness are sufficient to extend the statute of limitations from two years to three:

> "An employer willfully violates the FLSA when it 'either knew or showed reckless disregard for the matter of whether its conduct was prohibited by' the Act." Young v. Cooper Cameron Corp., 586 F.3d 201, 207 (2d Cir. 2009) (quoting McLaughlin,

---

**REPLY IN SUPPORT OF DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS ACTION, OR, ALTERNATIVELY, TO AMEND THE COMPLAINT**

- 3 -

486 U.S. at 133, 108 S.Ct. 1677). **"Mere negligence is insufficient."** Id. That is, **"if an employer acts unreasonably, but not recklessly, in determining its legal obligation, its action should not be considered willful."** Reich v. Waldbaum, Inc., 52 F.3d 35, 39 (2d Cir. 1995) (internal quotation marks and alterations omitted) (quoting McLaughlin, 486 U.S. at 135 n.13, 108 S.Ct. 1677). Id. at 324. (Emphasis supplied.)

Plaintiffs fail to address this important and well reasoned Court of Appeals authority following the dictates of the Supreme Court in Twombly and Iqbal. Refusing to address Whiteside is especially telling given how closely Plaintiffs' allegations of willfulness here parallel those of the Whiteside plaintiff:

> "Here, Whiteside asks this Court to infer willfulness from the mere fact that he was asked for a period of time to perform job responsibilities typically performed by non-exempt employees even though he was classified as exempt. Whiteside does not allege that Defendants adjusted his salary to reflect that of a non-exempt employee. Nor, as the district court noted, does he allege that he ever complained about the situation to his managers. Similarly, Whiteside fails to allege any details about who asked him to change roles or whether that manager, or any other manager, said anything to him suggesting an awareness of impropriety-details that would have plainly been within his knowledge and that he could have included in any of his four complaints. Cf. Parada v. Banco Indus. De Venezuela, C.A., 753 F. 3d 62, 71 (2d Cir. 2014) (finding that summary judgment was proper as to the question of willfulness under the FLSA because the plaintiff "failed to adduce any evidence regarding how the misclassification occurred"). Indeed, Whiteside fails to allege that his managers acted in any manner suggesting an awareness that their actions violated or could violate the FLSA." Id. at 324.

This is precisely the case here, with Sablowsky and Johnson alleging only generally doing job duties typically performed by non-exempt employees with no allegations of a reduction of compensation to that typical of non-exempt, no allegations that he complained to his manager, no allegations of any kind to suggest that his management believed, much less knew, that he was improperly classified. (Indeed, if this case survives, discovery will demonstrate that the Branch Managers at Auto-Chlor System of New York City, Inc. and Auto-Chlor System of the Mid South, LLC were correctly classified as exempt.)

**REPLY IN SUPPORT OF DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS ACTION, OR, ALTERNATIVELY, TO AMEND THE COMPLAINT**

- 4 -

Instead of addressing Whiteside, Plaintiffs rely on district court decisions, many unpublished. In particular, Plaintiffs argue that their conclusory allegations "are sufficient to establish a claim for willfulness," citing to Kellgren v. Petco Animal Supplies, Inc., No. 13CV644-L KSC, 2014 U.S. Dist. LEXIS 78456 (S.D. Cal. June 6, 2014). Notably, even if the Court considers this "authority," initially the court in Kellgren granted the 12(b)(6) motion to dismiss given the conclusory allegations of willfullness in the initial complaint. It was only after Plaintiff added specific factual allegations of his managers seeing him perform nonexempt duties and thereby knowing that he was improperly classified as exempt that there were sufficient facts to "suggest[] the Defendants knew or should have known that he was not properly classified as exempt." Id., 2014 WL 25558688 at 3-4. The Complaint here lacks any such allegations. Moreover, although Plaintiffs request leave to amend if the Court grants the motion, they fail to make any offer of proof of facts they have which would give rise to a reasonable inference of willfulness. (Opp. at 14:9-22.) Plaintiffs have not alleged sufficient facts to state a plausible claim of willfulness and Plaintiff Johnson should be dismissed because on the face of the Complaint his two year statute of limitations has run.

II. **PLAINTIFFS' OPPOSITION FAILS TO DEMONSTRATE SUFFICIENT FACTUAL ALLEGATIONS OF JOINT EMPLOYMENT TO KEEP THE MANUFACTURING PLANT AUTO-CHLOR SYSTEM, LLC IN THIS BRANCH MANAGER COLLECTIVE ACTION.**

As noted, Plaintiffs misconstrue Auto-Chlor System, LLC's argument about it being a manufacturing plant in Memphis, Tennessee – the primary point is not that it is based in Tennessee but rather as a manufacturing plant, it does not operate through branches or have branch managers. Plaintiffs do not argue otherwise in Opposition. Instead, they argue that Defendants should have identified for them the supposed joint employer. (Opp. at 9 n. 1.) This simply proves Defendants

point: Plaintiffs have no idea of any relationship between Auto-Chlor System, LLC with the other to named defendants and plead no facts. Bereft of any facts, and effectively conceding they cannot amend to add facts, Auto-Chlor System, LLC should be dismissed.

### III. PLAINTIFFS' OPPOSITION FAILS TO DEMONSTRATE THAT THEIR CONCLUSORY COMPLAINT ALLEGATIONS ARE SUFFICIENT TO STATE A COLLECTIVE ACTION CLAIM UNDER THE FLSA.

In Opposition, Plaintiffs rely solely on Paragraph 52 of the Complaint to argue that Johnson and Sablowsky state a plausible claim to pursue a collective action. (Opp. at 6:13.) However, as set forth in our motion, the Ninth Circuit has specifically found conclusory allegations such as those set forth in Paragraph 52 insufficient to state a FLSA collective action claim. Landers v. Quality Communities, Inc., 771 F. 3d 638, 645 (9th Cir. 2014.) Specifically, Landers held: "A Plaintiff may establish a plausible claim by estimating the length of her average workweek during the applicable period, and the average rate of overtime she believes she was owed . . .." (Id.)

Here, Paragraph 52 does neither. It does not estimate overtime hours Plaintiffs worked during their "average workweek" during the applicable two year period. Nor does it even mention the average rate of overtime. Indeed, nowhere in the Complaint are these requisite averments. The Complaint merely identifies one workweek out of thin air for Johnson and Sablowsky in which they allege they worked 50 hours. (Complaint ¶¶ 7, 12.) In neither of these Paragraphs is the overtime rate mentioned. Indeed, in a case Plaintiffs cite (Opp. at 7:10-15), the Northern District Court has held that Plaintiffs are required to allege "defendant knew that the work performed by plaintiffs required minimum wage and overtime pay, that defendant instructed them to work long hours without proper pay, and that the employees complained to defendant about these practices." Sliger v. Prospect Mort, LLC, 789 F. Supp 2d 1212, 1219-20 (N.D. Cal. 2011.) Plaintiffs here allege none of these critical factual issues in their bare Complaint. Having failed the Landers standard, the FLSA collective

---

**REPLY IN SUPPORT OF DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS ACTION, OR, ALTERNATIVELY, TO AMEND THE COMPLAINT**

- 6 -

action must be dismissed.

## IV. LEAVE TO AMEND SHOULD BE DENIED

Plaintiffs request for leave to amend should be denied. In order to justify leave to amend, Plaintiffs were required to set forth specific facts demonstrating its ability to do so. See L.A. Lakers v. Federal Ins. Co., 869 F. 3d 795, 806 (9th Cir. 2017) (failure to demonstrate ability to amend requires affirmance of dismissal under Rule 12(b)(6) because "there was no potential [Plaintiff] could amend his Complaint to assert a claim for relief."); Ahlmeyer v. Nevada System of Higher Educ., 565 F. 3d 1051, 1055 (9th Cir. 2009) ("futility of amendment alone" justifies denial of leave to amend.); Cf. Diodes v. Franzen, 260 Cal. App. 4th 244, 258 (1968) (Court "was not obliged to give Plaintiff further opportunity to exercise its ingenuity to state a cause of action.") Plaintiffs have not stated in Opposition how they could amend. Particularly in a purported collective action where Johnson's claim are time barred, Plaintiffs have recklessly sued an improper Defendant, and Plaintiffs presented no facts as to unpaid overtime and the rate of overtime, leave to amend should be denied.

DATED: July 5, 2023                HOROWITZ & CLAYTON

BY: _____
CRAIG A. HOROWITZ
Attorneys for Defendants,
AUTO-CHLOR SYSTEM, LLC., AUTO-CHLOR SYSTEM OF NEW YORK CITY, INC., and AUTO-CHLOR SYSTEM OF THE MID SOUTH, LLC

**PROOF OF SERVICE**

I am employed in the County of **Los Angeles**, State of California. I am over the age of 18 years and not a party to the within action; my business address is **300 Corporate Pointe, Suite 355, Culver City, California 90230.**

On the below-stated date, I served the foregoing document described as **REPLY IN SUPPORT OF DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS ACTION, OR, ALTERNATIVELY, TO AMEND THE COMPLAINT** on all interested parties in this action.

☒ by placing ☐ *the original* ☒ *a true copy* thereof in a sealed envelope addressed as follows:

☐     BY MAIL TO:

☐     As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date is more than one day after the date of deposit for mailing in affidavit.

☐     BY PERSONAL SERVICE I caused such envelope to be hand delivered to the offices of the following addressee:

☐     BY FACSIMILE: I personally sent such document via fax to the offices of the addressee, with **confirming copy** by **First Class Mail** as follows:

☒     BY E-MAIL: I personally sent such document via e-mail to the addressee as follows:

Logal A. Pardell: lpardell@pkglegal.com

Edward J. Wynne: ewynne@wynnelawfirm.com

Declaration

☐     (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒     (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed July 5, 2023, at Los Angeles County, California.

ELDA GONZALEZ