Edward J. Wynne   (SBN 165819)
ewynne@wynnelawfirm.com
WYNNE LAW FIRM
80 E. Sir Francis Drake Blvd., Ste. 3G
Larkspur, CA 94939
Telephone   (415) 461-6400
Facsimile    (415) 461-3900

Logan A. Pardell* (admitted *pro hac vice*)
lpardell@pkglegal.com
PARDELL, KRUZYK & GIRIBALDO, PLLC
433 Plaza Real, Suite 275
Boca Raton, FL 33432
Telephone (561) 447-8444
Facsimile (877) 453-8003

*Counsel for Plaintiffs and the Putative Collective*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARK SABLOWSKY and SUMNER JOHNSON, *on behalf of themselves and others similarly situated*,<br><br>Plaintiffs,<br><br>vs.<br><br>AUTO-CHLOR SYSTEM, LLC, AUTO-CHLOR SYSTEM OF NEW YORK CITY, INC., and AUTO-CHLOR SYSTEM OF THE MID SOUTH, LLC<br><br>Defendants. | Case No. 3:23-cv-02555-AGT<br><br>**PLAINTIFFS' OBJECTION TO EVIDENCE SUBMITTED IN SUPPORT OF REPLY TO MOTION FOR ISSUE AND MONETARY SANCTIONS**<br><br>Date: July 28, 2023<br>Time: 10:00 a.m.<br>Dept. A, 15th Floor<br>Hon. Alex G. Tse |

1 | Pursuant to Local Rule 7.3(d)(1), Plaintiffs object to new evidence submitted by Defendants Auto-Chlor System LLC, Auto-Chlor System of New York City, Inc. and Auto-Chlor System of the Mid South, LLC (collectively "Auto-Chlor" or Defendants") with their Reply Memorandum in Support of Motion for Issue and Monetary Sanctions (Dkt. 24.) Specifically, by attaching the Declaration of Juan Valladares (the "Valladares Declaration") to their Reply, Defendants improperly attempt to introduce new evidence that should have been attached to Defendants' opening brief. (Dkt. 24.) As such, the Court should strike the Valladares Declaration.

Generally, "reply briefs are limited in scope to matters either raised by the opposition or unforeseen at the time of the original motion." *Burnham v. City of Rohnert Park*, No. C 92-1439 SC, 1992 WL 672965, at *1 n.2 (N.D. Cal. May 18, 1992) (citing *Lujan v. National Wildlife Federation*, 497 U.S. 871 (1990)). "New evidence submitted as part of a reply is improper" because it does not allow the responding party an adequate opportunity to respond. *Morris v. Guetta*, No. LA CV12-00684 JAK (RZx), 2013 WL 440127, *8 (C.D. Cal. Feb. 4, 2013). For this reason, the district court may decline to consider new evidence or arguments raised in reply, and generally "should not consider the new evidence without giving the non-movant an opportunity to respond." *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996); *Deirmenjian v. Deutsche Bank, A.G.*, No. CV 06-00774 MMM (CWx), 2006 WL 4749756, at *6 n.52 (C.D. Cal. Sept. 25, 2006) (same).

Here, the Valladares Declaration is unmistakably an attempt by Defendants to introduce new evidence. Despite being new evidence submitted by a previously undisclosed witness, Mr. Valladares' testimony generally has no bearing on the motion to dismiss or motion for sanctions before the Court. While not explicit, Mr. Valladares' testimony obliquely adopts Defendants' conspiratorial narrative by insinuating—but not outright stating—that the newsletter was attempting to deceive him, yet he concludes it did not deceive him because he believed it was from "a lawyer [] trying to get [him] to join a lawsuit." (Dkt. 24, Valladares Decl., ¶ 2.) Notwithstanding its lack of materiality, the Court should nevertheless strike the Valladares

Declaration to deter abusive motion practice. This is not rebuttal evidence to Plaintiffs' arguments; rather, it is new evidence offered in support of Defendants' scurrilous argument that Plaintiffs' counsel sought to mislead putative class members via the newsletter in hopes of signing them up as clients. (Dkt. 16, pp. 2:12-20, 8:1-13.)

Simply put, if Defendants desired to put the Valladares Declaration into the record to support their argument, they should have done so with their opening brief, not the reply. Thus, the Court should strike the Valladares Declaration from the record.[1]

Dated: July 18, 2023

PARDELL, KRUZYK & GIRIBALDO, PLLC

By:  /s/Logan A. Pardell
Logan A. Pardell* (admitted *pro hac vice*)
lpardell@pkglegal.com
433 Plaza Real, Suite 275
Boca Raton, FL 33432
Telephone (561) 447-8444
Facsimile (877) 453-8003

Edward J. Wynne
WYNNE LAW FIRM
80 E. Sir Francis Drake Blvd., Suite 3G
Larkspur, CA 94939
Telephone    (415) 461-6400
Facsimile    (415) 461-3900
ewynne@wynnelawfirm.com
gnemiroff@wynnelawfirm.com

---

[1] Moreover, Defendants' flouting of the basic rules of motion practice further demonstrates why the sanctions requested in Plaintiffs' Opposition are appropriate. (Dkt. 21.)

23-cv-02555-AGT
OBJECTION TO EVIDENCE IN SUPPORT OF REPLY TO MOTION FOR SANCTIONS