UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK SABLOWSKY, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>AUTO-CHLOR SYSTEM, LLC, et al.,<br><br>　　　　Defendants. | Case No.　23-cv-02555-AGT<br><br>**ORDER ON MOTION TO DISMISS**<br>Re: Dkt. No. 9 |

　　　　The Court denies defendants' motion to dismiss. Plaintiffs have stated plausible claims for unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §§ 201–19.

\* \* \*

　　　　1. Plaintiffs have identified "a given workweek" in which they worked "more than forty hours" but were not "compensated for the overtime hours." *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 644 (9th Cir. 2014). *See* Compl. ¶ 7 (alleging that during the week of March 8, 2021, Mark Sablowsky "worked approximately 60 hours, if not more"); *id.* ¶ 12 (alleging that during the week of August 9, 2021, Sumner Johnson "worked approximately 50 hours, if not more"); *id.* ¶ 50 (alleging that Sablowsky and Johnson weren't paid overtime when they worked

more than forty hours per workweek). These allegations support plausible unpaid-overtime claims. *See Landers*, 771 F.3d at 646 ("Although plaintiffs . . . cannot be expected to allege 'with mathematical precision,' the amount of overtime compensation owed by the employer, they should be able to allege facts demonstrating there was at least one workweek in which they worked in excess of forty hours and were not paid overtime wages."). Plaintiffs need not plead facts supporting that they were non-exempt employees. "It is the burden of an employer to show entitlement to an exemption from the FLSA." *Baldwin v. Trailer Inns, Inc.*, 266 F.3d 1104, 1112 (9th Cir. 2001).

    2. Plaintiffs have sufficiently alleged that the FLSA violations were willful. *See* Compl. ¶ 72 ("Defendants have intentionally, willfully, and regularly engaged in a company-wide policy, pattern, or practice of violating the FLSA with respect to the Plaintiffs . . . ."); *id.* ¶ 73(d) ("[Defendants] willfully fail[ed] to pay the Plaintiffs . . . overtime wages for hours in excess of 40 hours per workweek."). "At the pleading stage, a plaintiff need not allege willfulness with specificity." *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902–03 (9th Cir. 2013) (holding that the plaintiffs "sufficiently alleged willfulness" under the FLSA when they alleged that the defendant's violations were "deliberate, intentional, and willful"). *Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315, 320–25 (2d Cir. 2021), a decision on which defendants rely, doesn't reflect the law of this Circuit on pleading willfulness under the FLSA.

    3. Plaintiffs' allegations support that Auto-Chlor System, LLC, is a proper defendant. Although plaintiffs worked for two subsidiaries of Auto-Chlor System, LLC, s*ee* Compl. ¶¶ 5, 10, 28, the allegations support that Auto-Chlor System, LLC, and these subsidiaries were "joint employers." *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 918 (9th Cir. 2003). Auto-Chlor System, LLC, and the subsidiaries "share[d] the same management and executive offices,"

Compl. ¶ 29, "administer[ed] their human resources functions using the same personnel," *id.* ¶ 30, utilized a "centralized, top-down operation controlled by Auto-Chlor System, LLC," *id.* ¶ 26, were "promote[d] . . . as one common business" on Auto-Chlor System's website, *id.* ¶ 25, and "directly or indirectly controll[ed] and direct[ed] the terms of employment and compensation" for plaintiffs. *Id.* ¶¶ 31–32. Because Auto-Chlor System, LLC, and the subsidiaries operated under "common control" and were "not completely disassociated" with respect to plaintiffs' employment, they were plausibly plaintiffs' "joint employers," and thus can be held liable under the FLSA if they didn't pay plaintiffs for their overtime work. *Chao*, 346 F.3d at 918.

Defendants suggest that plaintiffs' allegations as to Auto-Chlor System, LLC, are inaccurate. *See* Mot., Dkt. 9 at 13–14; RNJ, Dkt. 10. If so, defendants will have a chance to right the record as the case moves forward. But on a motion to dismiss under Rule 12(b)(6), the Court proceeds "on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Defendants object to plaintiffs' use of "information and belief" pleading. *See* Mot., Dkt. 9 at 14. The objection is overruled. The "information and belief" allegations relate to facts that would be "peculiarly within the possession and control of the defendant[s]." *Park v. Thompson*, 851 F.3d 910, 928 (9th Cir. 2017) (simplified). *See, e.g.*, Compl. ¶ 22 ("Upon information and belief . . . , each Defendant's annual gross volume of sales made or business done was not less than $500,000."); *id.* ¶ 28 ("Upon information and belief, Auto-Chlor NYC and Auto-Chlor Mid South are subsidiaries of Auto-Chlor System."). Pleading on information and belief is permitted in this context. *See Park*, 851 F.3d at 928.

\* \* \*

The Court denies defendants' motion to dismiss. Defendants must answer the complaint

by August 9, 2023.

**IT IS SO ORDERED.**

Dated: July 26, 2023

Alex G. Tse
United States Magistrate Judge