UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK SABLOWSKY, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>AUTO-CHLOR SYSTEM, LLC, et al.,<br><br>    Defendants. | Case No. 23-cv-02555-AGT<br><br>**ORDER ON MOTION FOR SANCTIONS**<br><br>Re: Dkt. No. 16 |

The Court denies defendants' motion for sanctions. Plaintiffs' counsel didn't unlawfully solicit potential members of the proposed FLSA collective action, as defendants contend.

\* \* \*

In a collective action, the attorneys for the named plaintiffs are not barred from communicating with potential collective members. Courts, in appropriate circumstances, can place limits on these communications. *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169–72 (1989). But here, no such limits have been put in place yet.

This doesn't mean *any* communications are allowed. If an attorney solicits potential collective members, offering to provide legal services, the solicitations must comply with state rules of professional conduct. *See Maracich v. Spears*, 570 U.S. 48, 62 (2013) (noting that attorney solicitation is "regulated by state bars or their governing bodies").

Plaintiffs' counsel in this case arguably did solicit potential collective members, sending a letter to sixteen Auto-Chlor branches in California and a LinkedIn message to a former Auto-Chlor branch manager who lives in Illinois. *See* Dkt. 16 at 20–28. Contrary to defendants' assertion, however, these communications complied with the governing rules of professional conduct. They weren't impermissible and don't warrant sanctions.

The letter plaintiffs' counsel mailed to potential collective members in California wasn't "false or misleading." Cal. R. Prof. Conduct 7.1(a). In arguing otherwise, defendants focus on the word "newsletter" in the letter's heading. *See* Dkt. 16 at 20 (styling the correspondence as an "Auto-Chlor Branch Manager Wage Claim Newsletter"). Defendants suggest that the word "newsletter" may have led recipients to believe the letter was a "neutral factual communication," not an attorney solicitation. *Id.* at 13.

To the extent this confusion was possible, the body of the letter put this concern to rest. It clearly identified plaintiffs' counsel as the author, explained that counsel was investigating whether branch managers were owed unpaid overtime, provided background on California labor laws and class actions, and stated that recipients could contact counsel to discuss their legal rights. *See id.* at 20–21. These were all appropriate topics, and none of counsel's representations was misleading.[1]

The letter's envelope also made clear that the newsletter wasn't a "neutral factual communication." On the envelope were the words, "Attorney Advertising." *Id.* at 22. Defendants assert that a similar notice needed to appear in the body of the letter, but that's incorrect. California Rule of Professional Conduct 7.3(c) makes clear that "Advertisement," or

---

[1] The lone claim in this case is an FLSA claim, but plaintiffs' counsel reasonably could have been investigating state-law claims as well, hence the discussion of California labor laws. The letter at issue was sent a month before this case began. *See* Dkt. 16 at 22.

"words of similar import," must be included in the body of a solicitation only if the solicitation is a "recorded or electronic communication." The newsletter wasn't recorded or electronic; it was written on paper and mailed to branch managers.

As for the LinkedIn message that plaintiffs' counsel sent to a potential collective member in Illinois, it wasn't "false or misleading" either. Ill. R. Prof. Conduct 7.1. The message explained that plaintiffs' counsel had been retained by former Auto-Chlor System branch managers who had filed a collective action against Auto-Chlor for unpaid overtime. *See* Dkt. 16 at 24–27. The message then alerted the recipient that he could be eligible to join the collective action. These representations were all true. Also, as required for a "recorded or electronic" solicitation, the message included the phrase "Advertising Material" at the beginning and end of the message. *See* Ill. R. Prof. Conduct 7.3(c).

Defendants assert that the LinkedIn message was misleading because it stated that plaintiffs' counsel represented branch managers, plural. But plaintiffs' counsel *did* (and does) represent plural branch managers: the complaint names two branch-manager plaintiffs. Counsel wasn't required to identify the exact number of branch managers he represented. Nor, as defendants contend, did counsel's use of the plural misleadingly suggest that he had "been retained by a substantial group of branch managers." *Id.* at 11. Counsel didn't say he represented a substantial group of branch managers. His use of the plural to refer to two branch managers was grammatical and wasn't misleading.

In support of their request for sanctions, defendants rely heavily on *Hamm v. TBC Corp.*, 345 F. App'x 406 (11th Cir. 2009). In *Hamm*, the Eleventh Circuit upheld a district court's order sanctioning counsel, in an FLSA case, for impermissibly soliciting clients. *See id.* at 408. *Hamm*, however, involved solicitations made by telephone, not in writing. Solicitations by

3

telephone are generally prohibited; solicitations in writing are not. *See* Cal. R. Prof. Conduct 7.3(a), (c); Ill. R. Prof. Conduct 7.3(a), (c). Defendants haven't established that there were telephone solicitations in this case, so *Hamm* isn't instructive.

\* \* \*

The communications between plaintiffs' counsel and potential collective members weren't improper. Defendants' motion for sanctions lacks merit and is denied.

**IT IS SO ORDERED.**

Dated: July 28, 2023

Alex G. Tse
United States Magistrate Judge