1  Craig A. Horowitz, State Bar No. 125159
   Wayne D. Clayton, State Bar No. 137564
2  **HOROWITZ & CLAYTON**
   A Professional Corporation
3  300 Corporate Pointe, Suite 355
4  Culver City, California 90230
   Telephone: (310) 442-1122
5  Facsimile: (310) 442-2612

6  Attorneys for Defendants
7  AUTO-CHLOR SYSTEM, LLC, AUTO-CHLOR SYSTEM OF
   NEW YORK CITY, INC., and AUTO-CHLOR SYSTEM OF THE MID SOUTH, LLC
8

9

10                          **UNITED STATES DISTRICT COURT**

11                          **NORTHERN DISTRICT OF CALIFORNIA**

12

13  MARK SABLOWSKY and SUMNER JOHNSON,)   **Case No. 23-cv-02555**
    on behalf of themselves and others similarly situated,)
14                                        )   [Assigned to Hon. Alex G Tse, Dept. A]
                                          )
15        Plaintiff,                      )   **DEFENDANTS' OPPOSITION TO**
                                          )   **PLAINTIFF'S MOTION FOR**
16                                        )   **CONDITIONAL FLSA COLLECTIVE**
17        vs.                             )   **ACTION CERTIFICATION AND**
                                          )   **ISSUANCE OF NOTICE OR, IN THE**
18  AUTO-CHLOR SYSTEM, LLC, AUTO-CHLOR)   **ALTERNATIVE, REQUEST FOR**
19  SYSTEM OF NEW YORK CITY, INC., and AUTO-)  **CONTINUANCE; DECLARATIONS**
    CHLOR SYSTEM OF THE MID SOUTH, LLC;  )   **OF ED IVY, TIMOTHY P. REARDON,**
20                                        )   **KENNETH WOODCOX, JOHN PAUL**
        Defendants.                       )   **FIORENTINI AND CRAIG A.**
21                                        )   **HOROWITZ**
                                          )
22                                        )   Time: 10:00 a.m.
23                                        )   Date: September 8, 2023
                                          )   Dept.: A
24  _____)

25

26

27

28
    **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR CONDITIONAL FLSA COLLECTIVE
    ACTION CERTIFICATION AND ISSUANCE OF NOTICE OR, IN THE ALTERNATIVE, REQUEST FOR
    CONTINUANCE**

1

**TABLE OF CONTENTS**

2

INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF ISSUES TO BE DECIDED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

STATEMENT OF RELEVANT FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

LEGAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    I.     DEFENDANT AUTO-CHLOR SYSTEM, LLC IS A
           MANUFACTURING COMPANY, DOES NOT EMPLOY
           BRANCH MANAGERS AND NOT THE PARENT OF ANY
           OTHER DEFENDANT AND PLAINTIFFS DO NOT SUBMIT
           EVIDENCE NECESSARY EVEN TO MEET THE LIGHT
           BURDEN OF CONDITIONAL CERTIFICATION. . . . . . . . . . . . . . 8

    II.    THE EVIDENCE DEMONSTRATES THAT THE VARIANCE
           BETWEEN BRANCH OPERATIONS AT DEFENDANTS AC
           SYSTEM OF NYC AND AC SYSTEM OF THE MID SOUTH IS
           SO GREAT THAT THE JOB DUTIES AND DAILY
           ACTIVITIES OF BRANCH MANAGERS ARE SO
           DIFFERENT THAT THEY ARE NOT SIMILARLY
           SITUATED TO PLAINTIFFS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

    III.   IN THE ALTERNATIVE, IF THE COURT DEEMS IT NEEDS
           ADDITIONAL DETAILS OF THE JOB DUTIES OF THE
           BRANCH MANAGERS AT THE DIFFERENT BRANCHES, A
           BRIEF CONTINUANCE SHOULD BE GRANTED TO ALLOW
           LIMITED DISCOVERY. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

    IV.   DEFENDANTS OBJECT TO PLAINTIFFS' PROPOSED
           NOTICE TO PUTATIVE COLLECTIVE ACTION MEMBERS
           AND, IF THE COURT IS INCLINED TO GRANT
           CONDITIONAL CERTIFICATION NOW, REQUESTS THE
           PARTIES BE PROVIDED A BRIEF PERIOD TO MEET AND
           CONFER TO AT LEAST NARROW THE DISPUTES ON THE
           NOTICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

**TABLE OF AUTHORITIES**

2

3   **STATUTES**

4   California Government Code §12928. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

5

6   **CASES**

7

8   Bonnette v. Cal Health & Welfare Agency, 704 F. 2d 1465 (9th Cir. 1983)  . . . . . . . . . . . . 3, 8, 9

9   Brown v. Barnes & Noble, Inc.,, Case No. 16-CV-7333 (RA) (SDNY 2019) . . . . . . . . . . . . . . 11

10  Campbell v. City of Los Angeles, 903 F.3d 1090 (9th Cir. 2018). . . . . . . . . . . . . . . . . . . . . . . . 10

11  Carter et al. v. XPO Last Mile, Inc., Case 3:316-cv-01231-WHO (N.D. Cal 2016) Dkt. 65-1 . . 13

12  Ludlow v. Flowers Foods, Inc. Case No. 18-CV-1190 JLS (JLB) (SD Cal. July 20, 2018.) . . 3, 12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**INTRODUCTION**

2

3

The evening before counsels' scheduled Rule 26(f) Conference, Plaintiffs' counsel filed a

4

motion for conditional class certification on August 3, 2023 without meeting and conferring and

5

before Defendants could conduct discovery. At the Rule 26(f) Conference of counsel at 10:00 a.m.

6

on August 4, 2023, defense counsel suggested continuing the motion so that both sides could conduct

7

adequate certification discovery and brief the joint employer issue. This proposal was in accord with

8

Paragraph 14 of the Standing Order For All Judges of the Northern District of California, contents

9

of Joint Case Management Statement, which expressly encourages "narrowing of issues . . . by

10

motion." Plaintiffs' counsel nonetheless refused.

11

12

Hence, this Opposition. The scope of this entire case hinges on whether Auto-Chlor System,

13

LLC jointly employed Plaintiffs who worked for Auto-Chlor System of New York City, Inc. and

14

Auto-Chlor System of the Mid South, LLC. The evidence filed with this Opposition establishes that

15

Defendant Auto-Chlor System, LLC operates entirely independently of Defendants Auto-Chlor

16

System of New York City, Inc. and Auto-Chlor System of the Mid South LLC and does not

17

influence, much less control, the work of the Branch Managers of either of the other Defendants.

18

19

Auto-Chlor System, LLC manufactures dishwashers in Memphis, Tennessee. (Ivy Decl. ¶

20

3; Reardon Decl. ¶ 3.) It then sells dishwashers to separate entities such as Auto-Chlor System of

21

New York City, Inc. and Auto-Chlor System of the Mid South. (Ivy Decl. ¶ 4.) It also sells

22

detergents. (Id.) It has no control over any employees but its own. (Ivy Decl. ¶ 5.)

23

24

Moreover, the Auto-Chlor defendant entities sued here are not subsidiaries and Auto-Chlor

25

System, LLC is not a parent corporation as alleged in the Complaint. (Ivy Decl. ¶ 6; Reardon Decl.

26

¶ 4.) In fact, for numerous years, separate legal entities have existed which precludes any argument

27

that Auto-Chlor System, LLC jointly employs anybody. (Id.)

28

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR CONDITIONAL FLSA COLLECTIVE
ACTION CERTIFICATION AND ISSUANCE OF NOTICE OR, IN THE ALTERNATIVE, REQUEST FOR
CONTINUANCE**

1    In the face of this irrefutable evidence, Plaintiffs present a 2012 filing from a Southern

2    District of New York case describing the relationships as a "dealership/franchise." (Exh. 5.) This

3    simply means that Auto-Chlor System, LLC supplies dishwasher and detergents to these separate

4
5    Auto-Chlor legal entities, nothing more. (Ivy Decl. ¶ 7.) Notably, employees at the Mountain View,

6    CA corporate headquarters are not paid by Auto-Chlor System, LLC. (Ivy Decl. ¶ 8.) Thus, under

7    California Government Code §12928, Auto-Chlor System, LLC is presumptively not their employer.

8    Plaintiffs overreach here. Rushing to court, they shot themselves in the foot by refusing

9    discovery. The five Plaintiff declarants here fail to provide anything other than sheer speculation that

10
11   a joint employer relationship exists. Indeed, Plaintiff admitted in Opposition to Defendants' Rule

12   12(b)(6) motion that they did not know the alleged joint employer and that Defendants should have

13   identified for them the supposed joint employer. (Opp. Mot. To Dismiss at 9 n1.) Plaintiffs state:

14   "To the extent that Defendants believe a different entity is the appropriate controlling entity of

15   Defendants' common enterprise, it [sic] could have informally brought this to Plaintiffs' attention

16
17   at any point prior to filing the Motion . . .." (Opp. Mot. To Dismiss at 9, n.1.) Plaintiffs incorrectly

18   assert that there is a "common enterprise" and merely speculate that Auto-Chlor System, LLC is a

19   "parent" umbrella entity evidently because it does not have a regional component to its name.

20   However, the evidence is to the contrary:

21   "Each of the Defendants operates on a separate, stand-alone basis. Each Defendant
22   is separately incorporated, independently capitalized, maintains its own books and
     records, has its own bank accounts, operates of our different business locations in
23   different states, has its own telephone numbers, has its own assets that are used in its
     individual operations and its own employees. Each Defendant has a different general
24   manager. There is no shared employment relationships between Auto-Chlor System
     of New York City, Inc. and Auto-Chlor System of the Mid South, LLC. They are
25   separate legal entities, formed at different times. Both of those entities have different
     branch locations in geographies that intentionally do not overlap, and separate
26   managers for their respective branch-based operations that do not overlap by entity.
27   In contrast, Auto-Chlor System, LLC manufactures dishwashers in a single location

28

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR CONDITIONAL FLSA COLLECTIVE
ACTION CERTIFICATION AND ISSUANCE OF NOTICE OR, IN THE ALTERNATIVE, REQUEST FOR
CONTINUANCE
- 2 -

1   in Memphis, Tennessee with its own employees and operates no branches and has no
2   branch managers. Auto-Chlor System LLC does not exert any control or influence
    o the employment of any employees of Auto-Chlor System of New York City, Inc.
3   and/or Auto-Chlor System of the Mid South, LLC." (Reardon Decl. ¶ 3.)

4   Thus, this Court cannot conditionally certify a class of a branch managers "nationwide." (Mot. at

5   1:1-8.) Plaintiffs have not established that Auto-Chlor System, LLC is a joint employer. <u>Bonnette</u>

6   <u>v. Cal Health & Welfare Agency</u>, 704 F. 2d 1465, 1470 (9th Cir. 1983) (in determining joint
7
    employer status, the Ninth Circuit considers:
8

9       "whether the alleged employer (1) had the power to hire and fire the employees, (2)
        supervised and controlled employee work schedules or conditions of employment,
10      (3) determined the rate and method of payment, and (4) maintained employment
        records.")
11

12      Nor do Plaintiff meet the admittedly lenient standard for showing they are "similarly

13  situated" to other branch managers. As demonstrated by the declarations of Ken Woodcox and John

14  Paul Fiorentini, Auto-Chlor System of the Mid South, LLC and Defendants Auto-Chlor System of

15  New York City, Inc. each respectively operate branches with a wide variety of level of business and
16
    number of employees, ranging from 32 employees to three employees, and as a result the Branch
17
18  Managers at the varying branches of the two independent businesses have substantially dissimilar

19  duties and daily activities. (Woodcox Decl. ¶¶ 3-6; Fiorentini Decl. ¶¶ 2-4.) With the differing job

20  duties and daily activities, the various Branch Managers from the varying branches of the respective

21  Defendants are not similarly situated for FLSA collective action purposes. Accordingly, the motion

22  should be denied.[1]
23

24      Finally, while Defendants believe that the motion should be denied, in the event the Court

25

26      [1]In the alternative, if the Court believes it needs additional evidence to determine the
    similarly situated issue to decide the motion, Defendants request a brief continuance of the motion
27  for the purpose of both sides conducting limited discovery on the issue. See <u>Ludlow v. Flowers</u>
    <u>Foods, Inc.</u> Case No. 18-CV-1190 JLS (JLB) (SD Cal. July 20, 2018.)
28

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR CONDITIONAL FLSA COLLECTIVE
ACTION CERTIFICATION AND ISSUANCE OF NOTICE OR, IN THE ALTERNATIVE, REQUEST FOR
CONTINUANCE**

1 is inclined to grant any level of conditional certification, Defendants object to the order and notice

2 proposed by Plaintiffs and request time to meet and confer on the scope and language of the notice.

3 Alternatively, Defendants also submit herewith their proposed notices.

4

5 **STATEMENT OF ISSUES TO BE DECIDED**

6   1.   Whether Plaintiffs' Motion for Conditional Certification should be denied as to

7 Defendant Auto-Chlor System, LLC because the evidence demonstrates that the manufacturing

8 company Auto-Chlor System, LLC  is not a parent company to the other defendants and does not

9 jointly employ Branch Managers of other, separate company Defendants.

10   2.   Whether the duties and the daily activities of Branch Managers working for

11

12 Defendant Auto-Chlor System of New York City, Inc. and Defendant Auto-Chlor System of the Mid

13 South, LLC are dissimilar so that Plaintiffs' Motion for Conditional Certification should be denied.

14   3.   In the event the Court deems that additional evidence is necessary for the

15 determination of Plaintiffs' Motion for Conditional Certification, whether the hearing on the motion

16 should be continued to permit limited discovery on the similarly situated issues.

17

18   4.   In the event the Court is inclined to grant conditional certification in any degree,

19 whether the parties should meet and confer to try to reach agreement on the scope and language of

20 the collective action notice with a prompt report back to the court.

21 **STATEMENT OF RELEVANT FACTS**

22 **Defendant Auto-Chlor System of New York City, Inc. And Its Branch Managers**

23

24   Auto-Chlor System of New York City, Inc. ("AC System of NYC") leases and services

25 commercial dishwashers, primarily to restaurant customers and sells detergents and other associated

26 cleaning products to those same customers. (Fiorentini Decl. ¶ 2.) AC System of NYC operates its

27 business on a stand-alone basis, is independently capitalized, maintains its own books and records,

28

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR CONDITIONAL FLSA COLLECTIVE
ACTION CERTIFICATION AND ISSUANCE OF NOTICE OR, IN THE ALTERNATIVE, REQUEST FOR
CONTINUANCE
- 4 -

has its own bank accounts, and operates out of different business locations in different states and has

its own assets that are used in its individual operations.  (Reardon Decl. ¶ 3.)  AC System of NYC

has its own employees, separate from other Auto-Chlor entities.  (Reardon Decl. ¶ 3.)

AC System of NYC  operates its business through eight branches located in the mid and

north Atlantic states of New York, New Jersey, Connecticut, Massachusetts, Pennsylvania and

Maryland. (Fiorentini Decl. ¶ 3.)  The eight branches vary substantially in how much business they

handle and accordingly likewise vary substantially in the number of staff each branch employs,

ranging from a high of 32 employees to a low of six employees.  (Fiorentini Decl. ¶ 3.)  The location

of those eight branches and the current number of employees is set forth on the table below:

| Location | Number of Employees |
|---|---|
| Plainview, Long Island | 18 |
| Carlstadt, NJ | 32 |
| Richmond Hill, NY | 20 |
| Bethel, CT | 11 |
| Rosedale, MD | 8 |
| Foxborough, MA | 11 |
| Bronx, NY | 8 |
| Levittown, PA | 6. |

(Fiorentini Decl. ¶ 3.)

As a result of the varying sizes of the branch staff at the different branches, the daily duties

of the respective branch managers also vary substantially.   (Fiorentini Decl. ¶ 4.)  For example,

Plaintiff Mark Sablowsky managed (briefly) the Levittown, Pennsylvania branch, with only three

to four employees the smallest of the AC System of NYC branches.  (Fiorentini Decl. ¶ 4.)  As the

manager of a small branch in suburban Pennsylvania (with only three to four employees), Mr.

Sablowsky's day to day management activities  were starkly different from those of the branch

manager of the Carlstadt, New Jersey branch (with 32 employees), which services New Jersey and

the restaurant rich Manhattan and other NYC boroughs.  (Fiorentini Decl. ¶ 4.)  As a result of the

substantially different amounts and types of business of the eight branches of AC System of NYC, the branch managers duties and daily activities vary substantially and are not similarly situated to those of Plaintiff Sablowsky, who managed the smallest branch with just three to four employees. (Fiorentini Decl. ¶ 4.)

**Defendant Auto-Chlor System of the Mid South, LLC And Its Branch Managers**

Auto-Chlor System of the Mid South, LLC ("AC System of the Mid South") also leases and services commercial dishwashers, primarily to restaurant customers and sells detergents and other associated cleaning products to those same customers. (Woodcox Decl. ¶ 2.) AC System of the Mid South operates through branches and currently operates 24 branches spread over ten states, employing a varying number of employees in each branch ranging from the high of sixteen to the low of three. (Woodcox Decl. ¶ 3.[2]) The locations and number of employees are as follows:

| Location | Number of Employees |
| --- | --- |
| CHATTANOOGA | 9 |
| KNOXVILLE | 9 |
| NASHVILLE | 21 |
| MEMPHIS | 14 |
| LITTLE ROCK | 7 |
| JACKSON, MS | 17 |
| COLUMBUS, MS | 5 |
| ATLANTA SOUTH | 16 |
| ATLANTA NORTH | 15 |
| PITTSBURGH | 7 |
| EVANSVILLE | 3 |
| MINNEAPOLIS | 8 |
| DES MOINES | 2 |
| ST LOUIS | 12 |
| LOUISVILLE | 14 |
| CHICAGO | 21 |
| INDIANAPOLIS | 9 |
| CINCINNATI | 5 |
| DETROIT | 11 |

[2]The Des Moines branch is currently short one employee and is recruiting to fill the position.

| | |
|---|---|
| MADISON | 5 |
| GRAND RAPIDS | 10 |
| COLUMBUS, OH | 4 |
| CLEVELAND | 3 |
| BUFFALO | 4. |

(Woodcox Decl. ¶ 3.)

Each of the branches has a Branch Manager but their duties and daily activities vary substantially given the far ranging different number of employees. (Woodcox Decl. ¶ 4.) For example, the Chicago and Nashville branches currently have 21 employees each and the Branch Managers at those branches spend virtually all their time in the branch office supervising employees, setting routes, supervising a branch administrator and performing other managerial functions. (Woodcox Decl. ¶ 4.) Similarly, Branch Managers in other larger branches such as Jackson (MS), Atlanta (South), Atlanta (North), St. Louis, Louisville, Detroit, Grand Rapids and Indianapolis, the Branch Managers spend nearly all their time in the office directly supervising employees and performing managerial functions. (Woodcox Decl. ¶ 5.) In sharp contrast, branch managers at small branches like Evansville, Columbus, Cleveland, Buffalo, Madison and Cincinnati tend to substantially different managerial duties and supervisory daily activities than the Branch Managers at the larger branches. (Woodcox Decl. ¶ 4.) Plaintiff Johnson worked at the small Des Moines, Iowa, with only three employees. (Woodcox Decl. ¶ 4.) Similarly, opt in Plaintiff Marcus Brown was employed as Branch Manager at the small Columbus branch, currently with only four employees. (Woodcox Decl. ¶ 3.)

**Defendant Auto-Chlor System, LLC, A Manufacturing Company With No Branches or Branch Managers**

In contrast to AC System of New York City and AC System of the Mid South, Auto-Chlor System, LLC is in the business of manufacturing commercial dishwashers and selling them. (Ivy

1  Decl. ¶ 4, Reardon Decl. ¶ 3.)  Auto-Chlor System, LLC manufactures dishwashers in a single

2  location in Memphis, Tennessee with its own employees and operates no branches and has no branch

3  managers.  (Ivy Del. ¶ 4; Reardon Decl. ¶ 3.)  Auto-Chlor System, LLC does not exert any control

4
5  or influence on the employment of any employees of Defendants Auto-Chlor System of New York

6  City, Inc. and/or Defendant Auto-Chlor System of the Mid South, LLC.  (Ivy Del. ¶ 5; Reardon Decl.

7  ¶ 3.)  Auto-Chlor System, LLC is not a parent to Defendant Auto-Chlor System of New York City,

8  Inc. or to Defendant Auto-Chlor System of the Mid South, LLC.  (Ivy Del. ¶ 6; Reardon Decl. ¶ 4.)

9                                    **LEGAL ARGUMENT**

10
11 **I.    DEFENDANT AUTO-CHLOR SYSTEM, LLC IS A MANUFACTURING
        COMPANY, DOES NOT EMPLOY BRANCH MANAGERS AND NOT THE
12      PARENT OF ANY OTHER DEFENDANT AND PLAINTIFFS DO NOT SUBMIT
        EVIDENCE NECESSARY EVEN TO MEET THE LIGHT BURDEN OF
13      CONDITIONAL CERTIFICATION.**

14          In their Motion, Plaintiffs cite to <u>Bonnette v. Cal. Health & Welfare Agency</u>, 704 F.2d 1465

15 (9th Cir.) for an accurate statement of the four factors the Ninth Circuit considers in determining

16 whether an entity is liable as a joint employer:

17
18          "whether the alleged employer (1) had the power to hire and fire the employees, (2)
            supervised and controlled employee work schedules or conditions of employment,
19          (3) determined the rate and method of payment, and (4) maintained employment
            records." (Motion at 17: 10-18, quoting <u>Bonnette</u> at 1470.)
20

21 Notwithstanding citing correctly these factors, Plaintiffs fail to present any evidence that Auto-Chlor

22 System, LLC satisfies any of these factors.  To the contrary, Defendants present undisputed evidence

23 that the manufacturing company does not have the power to hire and fire Branch Managers for the

24 other Defendants, does not supervise Branch Managers of the other Defendants or control their

25 schedules or other working conditions, does not determine the rate or method of pay for Branch

26
27 Managers working for other Defendants and does not maintain employment records for those Branch

28

1  Managers. (Ivy Decl. ¶¶ 3-7, Reardon Decl. ¶¶ 3-4.)

2          Evidently understanding that they have no evidence to show that Auto-Chlor System, LLC

3  jointly employed Branch Managers with either of the other Defendants under the Ninth Circuit

4
   <u>Bonnette</u> factors, Plaintiffs point to "the  circumstances of the whole activity" language in the
5
6  <u>Bonnette</u> decision. (Motion at 17:17-18.)[3]  But Plaintiffs have no evidence of a single activity and

7  certainly not of Auto-Chlor System, LLC being some overarching single activity.  Rather, Plaintiffs

8  joint employment allegations are based on nothing more than speculation.   Plaintiffs refused

9  Defendants' suggestion that Plaintiffs stipulate to continue this motion so that the parties could
10
11 conduct limited discovery. Accordingly, Defendants submit dispositive evidence that Auto-Chlor

12 System, LLC is not a parent company to Defendants AC System of NYC and/or AC System of the

13 Mid South.  (Ivy Decl. ¶ 6; Reardon Decl. ¶ 4.)  Further, the evidence shows not only that Auto-

14 Chlor System, LLC is not a parent entity, but further that Defendants AC System of NYC and AC

15 System of the Mid South have no parent entity whatsoever and are not subsidiaries of any other
16
17 company. (Ivy Decl. ¶ 6; Reardon Decl. ¶¶ 3, 4.)  Under this evidentiary showing, Plaintiffs cannot

18 meet even the light burden for FLSA conditional certification as to Defendant Auto-Chlor System,

19 LLC.

20          Nonetheless, Plaintiffs argue that the Court should conditionally certify now and "defer" the

21 joint employment with Auto-Chlor System, LLC for "the second stage of this case" arguing that all

22

23

24          [3]Notably, in stating that the application of the four factors "is not set in stone," the Ninth
   Circuit acknowledged that the Defendants in <u>Bonnette</u> were public entities and that the four factors
25 the District Court applied had developed in the private, for profit context.  704 F.2d at 1470
   ("Appellants argue that these factors were developed in cases involving profit-seeking employers
26 and should not be blindly applied here, where the alleged employers are public social service
   agencies.")  Here, we are dealing with private companies and employees, not public entities nor
27 public employees.

28

that is required at the conditional certification stage is for Plaintiffs to make 'substantial allegations.'"(Mot. at 16: 27-28, 17:19-20, citing to <u>Campbell v. City of Los Angeles</u>, 903 F.3d 1090, 1109 (9th Cir. 2018). However, there was no joint employment issue in <u>Campbell</u>, much less one where there is no evidentiary basis at all. Plaintiffs argue that this Court has already addressed the issue of joint employment in its ruling on Defendants' Motion to Dismiss. (Motion at 17:22-27.) In fact, the Court merely held that Plaintiffs' allegations were sufficient for complaint pleading purposes and stated:

> "Defendants suggest that plaintiffs' allegations as to Auto-Chlor System, LLC, are inaccurate. . . . If so, defendants will have a chance to right the record as the case moves forward. **But on a motion to dismiss under Rule 12(b)(6), the Court proceeds 'on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'"** Order Denying 12(b)(6) Motion, Dkt. 30. (Emphasis supplied.)

This is that time when Defendants can – and do – submit evidence to show that the allegations are inaccurate. Defendants offered limited, preliminary discovery before the motion which Plaintiffs refused. Contrary to Plaintiffs' assertions, their speculations as to AC System of NYC and AC System of the Mid South being subsidiaries of Auto-Chlor System, LLC are completely lacking in evidentiary support. Based on the undisputed evidence, conditional certification should be denied as to Defendant Auto-Chlor System, LLC.

**II.    THE EVIDENCE DEMONSTRATES THAT THE VARIANCE BETWEEN BRANCH OPERATIONS AT DEFENDANTS AC SYSTEM OF NYC AND AC SYSTEM OF THE MID SOUTH IS SO GREAT THAT THE JOB DUTIES AND DAILY ACTIVITIES OF BRANCH MANAGERS ARE SO DIFFERENT THAT THEY ARE NOT SIMILARLY SITUATED TO PLAINTIFFS.**

As the Ninth Circuit held in its leading FLSA collective action case, <u>Campbell v. City of Los Angeles</u>, 903 F.3d 1090 (9th Cir. 2018), a collective action under the FLSA may only be maintained "to the extent party plaintiffs are alike in ways that matter to the disposition of their FLSA claims."

1  Id. at 1114.  Here, the job duties and daily activities of the Branch Managers at the various sized

2  branches are so dissimilar that Plaintiffs do not meet even the more lenient standard for conditional

3  certification purposes.  See Brown v. Barnes & Noble, Inc.,, Case No. 16-CV-7333 (RA) (SDNY

4  2019).[4]

5

6      The job duties and daily activities of Branch Managers who work for Defendant AC System

7  of NYC varies substantially depending on the size of their particular branch.  The size of the eight

8  branches operated by AC System of NYC varies from the low of six employees at the Levittown,

9  Pennsylvania branch to the high of 32 employees at the Carlstadt, New Jersey branch.  (Fiorentini

10 Decl. ¶ 3.)  During the time Mr. Sablowsky was Branch Manager of the branch, it had three to four

11 employees.  (Fiorentini Decl. ¶ 4.) As the Regional Vice President John Fiorentini declares:

12

13     "The duties of Mr. Sablowsky in Levittown with three to four employees at the time
       were entirely different that the branch manager of Carlstadt, NJ with 32 employees.
14     There are no similarities.  The Carlstadt branch manager sets routes in New Jersey
       and New York City.  He supervises 30 employees.  Virtually all his time is spent in
15     the branch.  Mr. Sablowsky also supervised employees but given the size of the
       branch would occasionally fill in to assist on a route.  Mr. Sablowsky's daily work
16     is not representative of Branch Managers of Auto-Chlor System of New York City,
       Inc.  Still, at all times he performed well more than 50% of his work in supervisory
17     duties." (Fiorentini Decl. ¶ 4.)

18

19     Likewise, the job duties and daily activities of Branch Managers employed by Defendant AC

20 System of the Mid South vary substantially depending on the size of the branch they manage.

21 (Woodcox Decl. ¶¶ 4-6.)  AC System of the Mid South operates 24 branches varying in size from

22 Chicago and Nashville (each with 21 employees) to Des Moines, with three during the time Plaintiff

23 Johnson worked there.   (Woodcox Decl. ¶¶ , 4.) Plaintiff Johnson managed the smallest branch in

24 Des Moines, Iowa, which employed three employees at the time.  (Woodcox Decl. ¶ 4.)  Opt-in

25

26 _____

27     [4]Defendants lodge a copy of the case herewith as Exhibit 1 to the Declaration of Craig A.
   Horowitz and request that the Court take judicial notice.

28

1  Plaintiff Marcus Brown also worked at a small, currently four employee branch (Columbus OH).

2  (Woodcox Decl. ¶ 3.)  As Ken Woodcox, who was Regional Vice President of AC System of the

3  Mid South during Plaintiff Johnson's employment declares:

4

5        "Given the small size of the Des Moines, Iowa branch, which had three employees
        when Sumner Johnson worked there, his work duties bore no resemblance to the
6        branch managers in Chicago and Nashville, for example, which currently have 21
        employees. . . . The Chicago and Nashville Branch Managers supervise employees
7        virtually all the time, set the routes, supervise a branch administrator, and perform
        almost entirely managerial duties.  Mr. Johnson spent far more than 50% of his time
8        on managerial duties but did in fact engage in some selling of dishwashers and
        detergents.  He in fact was promoted from a Sales Service Representative ("SSR")
9        working in the field to a Branch Manager working primarily in the branch office."
10       (Woodcox Decl. ¶ 4.)

11       Given the widely varying job duties and daily activities of the Branch Managers employed

12  by both Defendants AC System of NYC and AC System of the Mid South respectively, conditional

13  certification should be denied.

14

15 **III.  IN THE ALTERNATIVE, IF THE COURT DEEMS IT NEEDS ADDITIONAL
       DETAILS OF THE JOB DUTIES OF THE BRANCH MANAGERS AT THE
16       DIFFERENT BRANCHES, A BRIEF CONTINUANCE SHOULD BE GRANTED TO
       ALLOW LIMITED DISCOVERY.**

17

18       Defendants AC System of NYC and AC System of the Mid South believe that the evidentiary

19  record before the Court establishes that the duties and daily activities of the Branch Managers of the

20  respective companies varied branches demonstrates that the motion for conditional certification

21  should be denied.  However, in the event the Court believes a further evidentiary record would be

22  helpful, a brief continuance to allow limited discovery on the similarly situated issue alone should

23  be granted.  See Ludlow v. Flowers Foods, Inc. Case No. 18-CV-1190 JLS (JLB) (SD Cal. July 20,

24  2018.)[5]  Defendants propose take only two depositions - - those of name Plaintiffs Sablowsky and

25

26  _____

27       [5]Defendants attach a copy of the Ludlow court's order granting a continuance of a motion
    for conditional certification to allow limited discovery hereto as Exhibit 2 to the Declaration of Craig

28
─────────────────────────────────────────────────
    **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR CONDITIONAL FLSA COLLECTIVE
    ACTION CERTIFICATION AND ISSUANCE OF NOTICE OR, IN THE ALTERNATIVE, REQUEST FOR
    CONTINUANCE**

1  Johnson on this certification issue only (not merits discovery).

2  **IV.    DEFENDANTS OBJECT TO PLAINTIFFS' PROPOSED NOTICE TO PUTATIVE**
3  **COLLECTIVE ACTION MEMBERS AND, IF THE COURT IS INCLINED TO**
   **GRANT CONDITIONAL CERTIFICATION NOW, REQUESTS THE PARTIES BE**
4  **PROVIDED A BRIEF PERIOD TO MEET AND CONFER TO AT LEAST NARROW**
   **THE DISPUTES ON THE NOTICE.**
5

6  Plaintiffs did not meet and confer before bringing this motion and thus the parties have not

7  yet met and conferred over the scope and language of any notice of collective action the Court is to

8  authorize. Defendants object to Plaintiffs' proposed notice as overbroad and inaccurate in some of

9  its language. Accordingly, in the event the Court does not continue the hearing and is inclined to

10
   grant some type of certification of a collective action, Defendants request a short time to meet and
11
12  confer with Plaintiffs to narrow or eliminate the differences. In the event the Court does not deem

13  such meeting and conferring productive, Defendants lodge herewith two proposed notices based

14  closely on the notices approved by the Northern District in Carter et al. v. XPO Last Mile, Inc., Case

15  3:316-cv-01231-WHO (N.D. Cal 2016) Dkt. 65-1, one to be sent to the Branch Managers employed

16  by AC System of NYC and the other to Branch Managers employed by AC System of the Mid South.

17
18  DATED: August 15, 2023                    HOROWITZ & CLAYTON

19
                                        BY: _Craig A. Horowitz_
20                                          CRAIG A. HOROWITZ
                                        Attorneys for Defendants,
21                                      AUTO-CHLOR SYSTEM, LLC, AUTO-CHLOR
                                        SYSTEM OF NEW YORK CITY, INC., and AUTO-
22                                      CHLOR SYSTEM OF THE MID SOUTH, LLC

23

24

25

26

27  A. Horowitz and requests the Court take judicial notice.

28
   **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR CONDITIONAL FLSA COLLECTIVE**
   **ACTION CERTIFICATION AND ISSUANCE OF NOTICE OR, IN THE ALTERNATIVE, REQUEST FOR**
   **CONTINUANCE**
   - 13 -

**PROOF OF SERVICE**

I am employed in the County of **Los Angeles**, State of California.  I am over the age of 18 years and not a party to the within action; my business address is **300 Corporate Pointe, Suite 355, Culver City, California 90230.**

On the below-stated date, I served the foregoing document described as **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR CONDITIONAL FLSA COLLECTIVE ACTION CERTIFICATION AND ISSUANCE OF NOTICE OR, IN THE ALTERNATIVE, REQUEST FOR CONTINUANCE; DECLARATIONS OF ED IVY, TIMOTHY P. REARDON, KENNETH WOODCOX,  JOHN PAUL FIORENTINI AND CRAIG A. HOROWITZ**  on all interested parties in this action.

☒ by placing ☐ *the original* ☒ *a true copy* thereof in a sealed envelope addressed as follows:

☐      BY MAIL TO:

☐      As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date is more than one day after the date of deposit for mailing in affidavit.

☐      BY PERSONAL SERVICE I caused such envelope to be hand delivered to the offices of the following addressee:

☐      BY FACSIMILE: I personally sent such document via fax to the offices of the addressee, with **confirming copy** by **First Class Mail** as follows:

☒      BY  E-MAIL: I personally sent such document via e-mail to the addressee as follows:

Logal A. Pardell: lpardell@pkglegal.com

Edward J. Wynne: ewynne@wynnelawfirm.com

Declaration

☐      (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒      (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed August 15, 2023, at Los Angeles County, California.

ELDA GONZALEZ