Craig A. Horowitz, State Bar No. 125159
Wayne D. Clayton, State Bar No. 137564
**HOROWITZ & CLAYTON**
A Professional Corporation
300 Corporate Pointe, Suite 355
Culver City, California 90230
Telephone: (310) 442-1122
Facsimile: (310) 442-2612

Attorneys for Defendant,
AUTO-CHLOR SYSTEM, LLC, AUTO-CHLOR SYSTEM OF NEW YORK CITY, INC., and AUTO-CHLOR SYSTEM OF THE MID SOUTH, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

MARK SABLOWSKY and SUMNER JOHNSON, on behalf of themselves and others similarly situated,

Plaintiff,

vs.

AUTO-CHLOR SYSTEM, LLC, AUTO-CHLOR SYSTEM OF NEW YORK CITY, INC., and AUTO-CHLOR SYSTEM OF THE MID SOUTH, LLC;

Defendants.

**Case No. 23-cv-02555**

[Assigned to Hon. Alex G Tse, Dept. A]

**DECLARATIONS OF CRAIG A. HOROWITZ IN OPPOSITION TO PLAINTIFF'S MOTION FOR CONDITIONAL FLSA COLLECTIVE ACTION CERTIFICATION**

Time: 10:00 a.m.
Date: July 28, 2023
Dept.: A

**DECLARATION OF CRAIG A. HOROWITZ**

I, Craig A. Horowitz, declare as follows:

1. If called as a witness in this action, I would testify to the following facts set forth below in this declaration. I have personal knowledge of these facts.

2. I am a member of the law firm of Horowitz & Clayton, and I am one of the attorneys principally responsible for the representation of Defendants Auto-Chlor System, LLC, Auto-Chlor System of New York City, Inc. and Auto-Chlor System of the Mid South, LLC ("Defendants") in this case.

3. In July, 2023, I scheduled with Plaintiffs' lead counsel Logan Pardell the Rule 26(f) Conference in this case for August 4, 2023 at 10:00 a.m. When I arrived at my office Friday morning, August 4, 2023, I learned for the first time that Plaintiffs had filed a Motion for Conditional Certification the evening before, August 3, 2023. I did not have time to read the motion before the 10:00 a.m. conference with Plaintiffs' counsel.

4. At 10:00 a.m. on August 4, 2023, I participated in the Rule 26(f) Conference with Plaintiffs' counsel Mr. Pardell, Edward Wynne, and my partner, Wayne D. Clayton. In the Conference, I suggested to Messrs. Pardell and Wynne that Plaintiffs stipulate to a brief continuance of their Motion for Conditional Certification to allow for limited deposition discovery on issues for the motion including the joint employer issue. Plaintiffs' counsel rejected the proposal and instead proposed that there be no discovery until after the Court decided Plaintiffs' motion.

5. A true and correct slip copy of the Order Denying Conditional Certification in <u>Brown v. Barnes & Noble, Inc.</u>, Case No 16-CV-73 (RA) (SDNY 2019 is attached hereto as Exhibit 1. A true and correct slip copy of the Order Continuing Hearing on Motion for Conditional Certification in <u>Ludlow v. Flower Foods, Inc.</u>, Case No. 18-CV-1190 JLS (JLB) (SD Cal. July 20, 2018) is

Cal. July 20, 2018) is attached hereto as Exhibit 2.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 15th day of August, 2023, at Culver City, California.

CRAIG A. HOROWITZ

**EXHIBIT 1**

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 10/15/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KELLY BROWN, *et al.*,

Plaintiffs,

v.

BARNES & NOBLE, INC.,

Defendant.

No. 16-CV-7333 (RA)

MEMORANDUM
OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

Plaintiffs, former café managers at various Barnes & Noble bookstores throughout the country, allege that Defendant failed to properly compensate them pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, for hours worked over forty hours per week between November 2013 and October 2016. On November 22, 2016, Plaintiffs moved before Magistrate Judge Parker for conditional certification of a collective action on a nationwide basis and court-authorized notice, which Judge Parker denied without prejudice on May 2, 2017. The parties then engaged in six months of discovery, at the end of which Plaintiffs renewed their conditional certification and notice motion (the "renewed certification motion").

Now before the Court is Judge Parker's Opinion & Order (the "Opinion") denying Plaintiffs' renewed certification motion. *See* Dkt. 132. In it, Judge Parker concludes that Plaintiffs have failed to show that café mangers were "similarly situated as to an alleged common FLSA violation," and conditional certification on a nationwide basis was therefore "not an appropriate case management tool in this case." Opinion at 45.

Plaintiffs timely filed objections to the Opinion, Defendant responded, and Plaintiffs replied.

## STANDARD OF REVIEW

With respect to non-dispositive motions, such as those for conditional certification of a collective action pursuant to FLSA, a district court "must consider timely objections and modify or set aside any part of [the Opinion] that is clearly erroneous or contrary to law." Fed. Rul. Civ. P. 72(a); *Alcantra-Flores v. Vlad Restoration Ltd.*, 16-CV-3847 (MKB)(RML), 2017 WL 1655187, at *1 n.2 (E.D.N.Y. May 2, 2017) ("[A] motion for conditional FLSA certification is a non-dispositive motion and therefore reviewed pursuant to Fed. R. Civ. P. 72(a)"). A decision is "clearly erroneous" when the Court is, "upon review of the entire record [ ] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006)). A ruling is contrary to law "when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *NIKE, Inc. v. Wu*, 349 F. Supp. 3d 346, 353 (S.D.N.Y. 2018).

"It is well-settled that a magistrate judge's resolution of a nondispositive matter should be afforded substantial deference and may be overturned only if found to have been an abuse of discretion." *Roth v. United States*, No. 09 CV 8712 (GBD)(LMS), 2011 WL 2947004, at *1 (S.D.N.Y. July 19, 2011). Thus, "[t]he party seeking to overturn a magistrate judge's decision [] carries a heavy burden." *Id.*

## DISCUSSION

The Court concludes that Judge Parker's decision to deny Plaintiffs' renewed certification motion was neither clearly erroneous nor contrary to law.

In their objections, Plaintiffs principally contend that the Judge Parker abused her discretion by applying the so-called "modest plus" approach to conditional certification articulated in *Korenblum v. Citigroup, Inc.*, 195 F. Supp. 3d 475 (S.D.N.Y. 2016). According to

Plaintiffs, this standard both conflicts with the one set forth by the Second Circuit in *Myers v. Hertz*, 624 F.3d 537, 555 (2d Cir. 2010), and "deviates from the heavy weight of [district court] authority in this Circuit" holding that FLSA plaintiffs seeking conditional certification of a collective action "need only make a 'modest factual showing'" that other employees in the prospective collective action had similar "job requirements," "were subject to similar 'pay provisions,'" and were "classified as exempt pursuant to a common policy or scheme." Pls.' Objections at 13 (quoting *Myers*, 624 F.3d at 537). The Court disagrees.

In her opinion, Judge Parker rightly observed that this matter presented a "close question," as many of the courts in this district have "called for a lenient standard in reviewing a motion for conditional certification." Opinion at 41. Nevertheless, due to the "unique procedural position" of this case—namely, that "the parties completed six months of discovery targeted to conditional certification"—she found it appropriate to adopt "the "modest plus" approach utilized in *Korenblum*. *Id.*

In *Korenblum*, current and former employees of two staffing agencies sought conditional certification of a collective action pursuant to the FLSA, alleging that the company's billing arrangements denied them overtime pay. Citing the *Hertz* case, Judge Furman noted that district courts typically apply a "two-step method" when deciding whether to conditionally certify a collective action under the FLSA, the first step of which requires only a "modest factual showing," "based on the pleadings, affidavits and declarations submitted by the plaintiff," that "potential opt-in plaintiffs may be similarly situated to the named plaintiffs." *Id.* at 480 (internal quotation marks omitted), 482 (quoting *Myers*, 624 F.3d at 555).[1] But Judge Furman also

[1] At the second step, after the opt-in period, district courts, "on a fuller record, determine whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs." *Myers*, 624 F.3d at 555.

recognized that "neither law nor logic supports rigidly applying [this standard] of review at all points prior to discovery's close," *id.* at 480-81, and that courts had "reasoned that the degree of scrutiny applied should increase in proportion to the discovery that has been conducted." *Id.* at 481. For that reason, courts had "either applied, or expressly remained open to applying" greater scrutiny where—as in *Korenblum*— "discovery with respect to conditional certification ha[d] been completed." *Id.* Accordingly, Judge Furman applied a "modest plus" approach to the facts before him pursuant to which the district court "consider[ed] the evidence submitted by both parties" so as to determine whether "it is more likely than not that a group of similarly situated individuals may be uncovered by soliciting opt-in plaintiffs." *Id.* at 482.

Judge Parker did not act contrary to *Myers* in adopting Judge Furman's well-reasoned standard of review. She correctly recognized, as Judge Furman did in *Korenblum*, that although the Second Circuit in *Myers* characterized the modest, two-step standard followed by most district courts in FLSA cases as "sensible," the Second Circuit also made clear that this approach was "not required by the terms of FLSA or the Supreme Court's cases," and that district courts may "certify collective actions solely by exercising their discretion, in appropriate cases." *Korenblum*, 195 F. Supp. 3d at 482 (quoting *Myers*, 624 F.3d at 537). Furthermore, Judge Parker's decision to adopt the "modest plus" standard made eminent sense in the instant case. As in *Korenblum*, discovery with respect to conditional certification had been fully completed, which had involved fourteen depositions and tens of thousands of pages in document discovery. "Given the discretionary, managerial nature of thi[s] inquiry," *id.* at 482, Judge Parker thus did not commit clear error by determining that conditional certification would not be an appropriate case management tool in the particular circumstances presented here.

Nor, contrary to Plaintiffs' assertion, did Judge Parker fail to consider whether café managers had similar job duties, were paid similarly, and were "classified as exempt pursuant to a common policy or scheme." Pls' Objections at 13. Indeed, she analyzed these considerations in depth throughout her detailed Opinion, but ultimately concluded that they did not weigh in support of conditional certification. *See* Opinion at 16-41.

Plaintiffs next argue that, even if it was appropriate for Judge Parker to rely on *Korenblum*, she "set a standard well beyond [that case's 'modest plus' standard]" by requiring Plaintiffs to prove the merits of their claim. Pls.' Objections at 17. According to Plaintiffs, Judge Parker did not simply evaluate whether the prospective plaintiffs had similar employment duties. Rather, Plaintiffs argue that the Opinion went considerably further, requiring them to prove that café managers primarily performed non-exempt, managerial work "before merits discovery even occurred and before the unnamed Café Managers even joined the case." *Id.*

Once again, Plaintiffs' argument fails. Plaintiffs are correct that it would have been inappropriate for Judge Parker to have "decid[ed] the ultimate merits of the case or issues better suited for a decertification motion." *Korenblum*, 195 F.3d at 482. She did not require the purported plaintiffs to prove, however, that café managers were non-exempt employees. Rather, in evaluating whether the potential plaintiffs were similarly situated to the named plaintiffs with respect to their job roles, Judge Parker determined that the evidence demonstrated that some café managers "may have performed more managerial duties than others." Opinion at 36. In making this determination, it was entirely appropriate for her to have examined the nature of the job duties at issue, and considered whether café managers were similarly situated with respect to their allegedly non-exempt employment tasks. *See Myers*, 624 F.3d at 555 (stating that, in an FLSA exemption case, plaintiffs must make some showing, and courts are to consider, whether

"the other employees ... are similarly situated with respect to their job requirements and with regard to their pay provisions, on which the criteria for many FLSA exemptions are based") (internal quotation marks omitted). It was also proper for Judge Parker to consider, and to ultimately determine, that "[t]he size and scope of the proposed collective" and the resulting difficulties in soliciting additional opt-ins would "undermine rather than promote efficiency." Opinion at 44.

Finally, Plaintiffs contend that, under any standard, they have produced adequate evidence to satisfy their burden for conditional certification. The Court has reviewed Judge Parker's thorough and well-reasoned Opinion, and finds no clear error in this respect. Based on the evidence presented by both parties regarding conditional certification, it was reasonable for Judge Parker to have concluded that Plaintiffs had failed to show that Barnes & Noble's café managers nationwide were similarly situated with respect to the nature of their employment, and to therefore deny Plaintiffs' renewed certification motion.[2]

## CONCLUSION

For the foregoing reasons, Plaintiffs' objections to Judge Parker's Opinion & Order are denied, and the Opinion is affirmed.

SO ORDERED.

Dated: October 15, 2019
New York, New York

Ronnie Abrams
United States District Judge

---

[2] Because Judge Parker did not abuse her discretion in denying Plaintiffs' renewed certification motion in this case, the Court does not address Plaintiffs' assertion that she clearly erred in denying Plaintiffs' motion for equitable tolling or ordering discovery before allowing Plaintiffs to (re)seek conditional certification. *See* Pls.' Objections at 16. Nor, in any event, did Plaintiffs timely object to these July and September 2017 orders. *See* Dkts. 66, 74.

**EXHIBIT 2**

Case No.: 18-CV-1190 JLS (JLB)
UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA

# Ludlow v. Flowers Foods, Inc.

Decided Jul 20, 2018

Case No.: 18-CV-1190 JLS (JLB)

07-20-2018

DANIEL LUDLOW, an individual, Plaintiff, v. FLOWERS FOODS, INC.; a Georgia Corporation; FLOWERS BAKERIES, LLC, a Georgia limited liability company, Defendants.

Hon. Janis L. Sammartino United States District Judge

## ORDER: (1) GRANTING IN PART EX PARTE MOTION TO CONTINUE; (2) CONTINUING HEARING; AND (3) SETTING BRIEFING SCHEDULE

(ECF No. 15)

Presently before the Court is Defendants Flowers Foods, Inc. and Flowers Bakeries, LLC's *ex parte* Motion to Continue Hearing on Plaintiff's Motion for Conditional Class Certification. ("MTN," ECF No. 15.) Also before the Court is Plaintiff Daniel Ludlow's Response in Opposition to, ("Opp'n," ECF No. 16), and Defendants' Reply in Support of, ("Reply," ECF No. 17), the *ex parte* motion. Having considered the parties' arguments and the law, the Court rules as follows.

The hearing for Plaintiff's Motion for Conditional Class Certification is currently set for August 6, 2018. Defendants request the Court vacate the current hearing date and briefing schedule on Plaintiff's pending motion pursuant to Civil Local Rule 7.1(g)(2). *2 (MTN 2.)[1] Defendants seek to reset the briefing and hearing dates at the July 25, 2018 case management conference or, alternatively, enlarge the deadline for Defendants' response by sixty days. (*Id.*) Defendants contend that an extension is justified because it will generally allow the parties to conduct limited discovery related to the pending motion for conditional certification. (*Id.* at 4.)

[1] Pin citations to docketed material refer to the CM/ECF page numbers electronically stamped to the top of each page.

Plaintiff generally opposes[2] Defendants' *ex parte* motion because Defendants misunderstand the two-part FLSA conditional certification process. (Opp'n 3.) Conditional certification motions are usually filed at the earliest opportunity and usually before discovery has even begun. (*Id.*) Plaintiff further explains that courts generally do not consider defense evidence when deciding the initial conditional certification, thus discovery to oppose the conditional certification is not warranted. (*Id.* at 4.)

[2] Plaintiff does not oppose a brief continuance of a week or so because Defendants' counsel will be on vacation during the time in question. (Opp'n 2.) --------

The FLSA provides a right of action to an employee against his employer when the employer fails to pay overtime wages. 29 U.S.C. §§ 203, 207. An employee may bring a collective FLSA action on behalf of other "similarly situated" employees. 29 U.S.C. § 216(b); *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1064 (9th Cir. 2000). A district court has discretion in determining whether a collective action is appropriate; that is, whether plaintiff and the

proposed collective action group are "similarly situated." *Leuthold v. Destination Am., Inc.*, 224 F.R.D. 462, 466 (N.D. Cal. 2004). Section 216(b) does not define "similarly situated" and the Ninth Circuit has not defined the term in the FLSA context. *Id.* The majority of district courts follow a two-tiered approach. *Id.*; *Wynn v. Nat'l Broad. Co., Inc.*, 234 F. Supp. 2d 1067, 1082 (C.D. Cal. 2002).

Under this two-tiered approach, a court must first decide whether the potential class should be given notice of the action. *Wynn*, 234 F. Supp. 2d at 1082. Because a court generally has a limited amount of evidence at its disposal, the initial determination is made *3 under a fairly lenient standard and typically results in conditional class certification. *Id.* Conditional certification is appropriate where "plaintiffs make substantial allegations that the putative class members were subject to a single illegal policy, plan, or decision." *Adams v. Inter-Con Sec. Sys., Inc.*, 242 F.R.D. 530 (N.D. Cal. 2007) (citing *Leuthold*, 224 F.R.D. at 468).

Here, it is clear that some modification of the briefing and hearing schedule is appropriate. This case was originally set for hearing by Judge Benitez before it was transferred to this Court. The parties also have met and conferred telephonically and submitted a joint discovery plan. (*See* ECF No. 18.) Discovery will begin in short order, if it has not begun already. This may temper some of Defendants' concerns. However, a lengthy delay to conduct discovery for the purposes of opposing Plaintiff's motion for conditional certification is not warranted. "At the first stage of the collective action certification process, evidence provided by the defendant employer is not germane when the plaintiff has met its evidentiary burden." *Kellgren v. Petco Animal Supplies, Inc.*, No. 13-CV-644-L-KSC, 2015 WL 5167144, at *6 (S.D. Cal. Sept. 3, 2015) (collecting cases).

Good cause appearing, the Court **GRANTS IN PART** Defendants' *ex parte* Motion, (ECF No. 15). The Court **CONTINUES** the hearing scheduled for August 6, 2018 and **SETS** the hearing for September 27, 2018 at 1:30 p.m. Additionally, the Court **SETS** the following briefing schedule. Defendants **SHALL** file an Opposition to the Motion for Conditional Certification on or before September 13, 2018. Plaintiff **SHALL** file a Reply in Support of his Motion, if any, on or before September 20, 2018.

**IT IS SO ORDERED.** Dated: July 20, 2018

/s/

Hon. Janis L. Sammartino

United States District Judge

casetext