EDWARD J. WYNNE, SBN 165819
ewynne@wynnelawfirm.com
GEORGE R. NEMIROFF, SBN 262058
gnemiroff@wynnelawfirm.com
**WYNNE LAW FIRM**
80 E. Sir Francis Drake Blvd., Suite 3G
Wood Island
Larkspur, CA 94939
Telephone: (415) 461-6400
Facsimile: (415) 461-3900

Logan A. Pardell* (admitted *pro hac vice*)
lpardell@pkglegal.com
**PARDELL, KRUZYK & GIRIBALDO, PLLC**
433 Plaza Real, Suite 275
Boca Raton, FL 33432
Telephone (561) 447-8444
Facsimile (877) 453-8003

*Counsel for Plaintiffs and the Putative Collective*

Craig A. Horowitz, State Bar No. 125159
Wayne D. Clayton, State Bar No. 137564
**HOROWITZ & CLAYTON**
A Professional Corporation
300 Corporate Pointe, Suite 355
Culver City, California 90230
Telephone: (310) 442-1122
Facsimile: (310) 442-2612

*Attorneys for Defendants, Auto-Chlor System, LLC, Auto-Chlor System of New York City, Inc., and Auto-Chlor System of the Mid South, LLC*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mark Sablowsky and Sumner Johnson, *on behalf of themselves and others similarly situated*,<br><br>            Plaintiff,<br><br>       v.<br><br>Auto-Chlor System, LLC, Auto-Chlor System of New York City, Inc., and Auto-Chlor System of the Mid South, LLC,<br><br>            Defendant. | Case No. 3:23-cv-02555-AGT<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: August 25 2023<br>Time: 2:00 p.m.<br>Ctrm: A, 15th Fl.<br><br>Hon. Alex G. Tse |

Plaintiffs Mark Sablowsky and Sumner Johnson and defendants Auto-Chlor System, LLC, Auto-Chlor System of New York City, Inc., and Auto-Chlor System of the Mid South, LLC (collectively, the "Parties") hereby submit the following Joint Case Management Statement pursuant to the Standing Order for All Judges of the Northern District of California and N.D. Cal. Civil Local Rule 16-9 following the conference of counsel:

**1.     JURISDICTION AND SERVICE**: Defendants Auto-Chlor System, LLC, Auto-Chlor System of New York City, Inc., and Auto-Chlor System of the Mid South, LLC (collectively, "Defendants") filed their answer on August 8, 2023. Dkt. 39. This Court has jurisdiction over this matter.

**2.     FACTS**

   **A.     Plaintiffs' Statement:** Named Plaintiffs and Opt-In Plaintiffs (collectively, "Plaintiffs") are current or former exempt-classified Branch Managers ("BMs") who worked at Defendants' various branch locations across the country within three years of the filing of the Complaint. Plaintiffs allege that they and other similarly situated BMs worked significant overtime hours and have been misclassified as exempt employees and are therefore owed overtime compensation for the overtime hours they worked within the relevant statute of limitations period.

   **B.     Defendants' Statement:** Each of the Defendants is a separate legal entity which operates fully independently of the other Defendants.  Each Defendant is separately incorporated, independently capitalized, maintains its own books and records, has its own bank accounts, operates out of different business locations in different states, has its own telephone numbers, has its own assets that are used in its individual operations and its own employees.

   Defendant Auto-Chlor System of the Mid South, LLC is in the business of leasing commercial dishwashers and selling associated detergent to restaurants and other institutional customers.  It operates through 24 branches spread over ten states, employing a varying number of employees in each branch depending on the branch's business ranging from the high of sixteen to a low of three. Each branch has a Branch Manager but the duties and daily activities vary substantially given the far ranging different number of employees in the different branches.  For example, the Chicago and Nashville branches currently have 21 employees each and the Branch Managers at those branches

spend virtually all their time in the branch office supervising employees, setting routes, supervising a branch administrator and performing other managerial functions.  Similarly, Branch Managers in other larger branches such as Jackson (MS), Atlanta (South), Atlanta (North), St. Louis, Louisville, Detroit, Grand Rapids and Indianapolis, the Branch Managers spend nearly all their time in the office directly supervising employees and performing managerial functions.  In sharp contrast, Branch Managers at small branches like Evansville, Columbus, Cleveland, Buffalo, Madison and Cincinnati tend to substantially different managerial duties and supervisory daily activities than the Branch Managers at the larger branches.   Plaintiff Johnson worked at the small Des Moines, Iowa, with only three employees.  Similarly, opt in Plaintiff Marcus Brown was employed as Branch Manager at the small Columbus branch, currently with only four employees.  Defendant Auto-Chlor System of the Mid South, LLC denies that it misclassified its Branch Managers and contends that they are properly classified as exempt because they spend more than 50% of their time on non-exempt duties, have the authority to hire and fire, supervise employees, set the daily routes of Sales Service Representatives (SSR's) that service restaurant dishwashers, and run their branches.

Auto-Chlor System of New York City, Inc. also leases commercial dishwashers and sells detergents to restaurants and other institutional customers.  Auto-Chlor System of New York City, Inc. is separately incorporated from the other defendants and operates independently of them.  Auto-Chlor System of New York City, Inc. operates through eight branches located in the mid and north Atlantic states of New York, New Jersey, Connecticut, Massachusetts, Pennsylvania and Maryland. The eight branches vary substantially in how much business they handle and accordingly likewise vary substantially in the number of staff each branch employs, ranging from a high of 32 employees to a low of six employees.  As a result of the varying sizes of the branch staff at the different branches, the daily duties of the respective branch managers also vary substantially. For example, Plaintiff Mark Sablowsky managed (briefly) the Levittown, Pennsylvania branch, with only three to four employees the smallest of the AC System of NYC branches.  As the manager of a small branch in suburban Pennsylvania (with only three to four employees), Mr. Sablowsky's day to day management activities were starkly different from those of the branch manager of the Carlstadt, New Jersey branch (with 32 employees), which services New Jersey and the restaurant rich Manhattan and other NYC boroughs.

1  As a result of the substantially different amounts and types of business of the eight branches of AC
2  System of NYC, the branch managers duties and daily activities vary substantially and are not
3  similarly situated to those of Plaintiff Sablowsky, who managed the smallest branch with just three
4  to four employees. Defendant Auto-Chlor System of New York City, Inc. denies that it misclassified
5  its Branch Managers and contends that they are properly classified as exempt because they spend
6  more than 50% of their time on non-exempt duties, have the authority to hire and fire, supervise
7  employees, set the daily routes of Sales Service Representatives (SSR's) that service restaurant
8  dishwashers, and run their branches.

Defendant Auto-Chlor System, LLC is a manufacturing plant in Memphis, Tennessee that manufactures commercial dishwashers and employers no Branch Managers.  It does not exert any control or influence on the employment of any employees of Defendants Auto-Chlor System of New York City, Inc. and/or Defendant Auto-Chlor System of the Mid South, LLC.   Auto-Chlor System, LLC is not a parent to Defendant Auto-Chlor System of New York City, Inc. or to Defendant Auto-Chlor System of the Mid South, LLC. It is an improper Defendant as it is not a joint employer.

**3.     LEGAL ISSUES**

   **A.     Plaintiffs' Statement:** Plaintiffs allege they have been misclassified as exempt under the federal Fair Labor Standards Act of 1938, U.S.C. § 201, *et seq*. Plaintiffs also allege that Auto-Chlor System, LLC is a joint employer for all Branch Managers nationwide. Accordingly, Plaintiffs identify the following legal issues: (1) whether Plaintiffs and other BMs worked overtime hours; (2) whether the action should be conditionally certified. (Plaintiffs have filed a motion for conditional certification set for hearing on September 8, 2023, Dkt. 35); (3) to the extent the Court conditionally certifies the proposed collective, whether the conditionally certified collective should be decertified following discovery; (4) whether Defendants can meet their burden of proof to show that their Branch Managers have been properly classified as exempt under the FLSA; (5) whether Auto-Chlor System, LLC is a joint employer of BMs nationwide; (6) whether Defendants are liable for liquidated damages; and (7) to the extent Defendants violated the FLSA, whether their violation was willful, thereby extending the statute of limitations period to three years.

   **B.     Defendants' Statement:** Defendants identify the following legal issues: (1) whether

Auto-Chlor System, LLC is a joint employer under <u>Bonnette v. California Health & Welfare Regency</u>, 704 F. 2d 465 (9th Cir. 1989); (2) whether the action should be conditionally certified as a collective action; and (3) whether named Plaintiff of Auto-Chlor System of the Mid South, LLC and named Plaintiff Mark Sablowsky formerly of Auto-Chlor System of the New York City, Inc. were properly classified as exempt employees given their duties as Branch Managers. Additional legal issues will arise if the Court conditionally certifies this case as a collective action.

**4.    MOTIONS**

   **A.    Plaintiffs' Statement:** Plaintiffs have filed a motion for conditional certification set for hearing on September 8, 2023. Dkt. 35. The Court has previously denied Defendants' Motion to Dismiss and Motion for Sanctions. *See* Dkt. 30, 32.

   **B.    Defendants' Statement:** Defendant opposed the motion for conditional class certification on August 15, 2023.

**5.    AMENDMENTS**

   **A.    Plaintiffs' Statement:** Depending on the outcome of discovery, Plaintiffs may file a motion to amend the Complaint.

   **B.    Defendants' Statement:** Defendants do not currently intend to seek to amend their Answer. Without knowing any proposed amendment of Plaintiffs, they do not know their position on such theoretical amendment.

**6.    EVIDENCE PRESERVATION**

   The Parties have reviewed the *Guidelines Relating to the Discovery of Electronically Stored Information* ("ESI Guidelines") and have met and conferred pursuant to Federal Rule of Civil Procedure 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action and have taken steps to preserve relevant evidence. While the Parties do not presently anticipate that this case will involve complicated issues related to ESI, they will resort to the ESI Guidelines as necessary.

**7.    DISCLOSURES**

   The Parties are scheduled to exchange initial disclosures on or before August 18, 2023.

**8.    DISCOVERY**

**A.    Plaintiffs' Statement:** Other than initial disclosures, Plaintiffs propose that all discovery be stayed pending a determination on Plaintiffs' motion for conditional certification. The scope of discovery in this case is entirely dependent on whether the Court grants conditional certification and, as such, courts routinely stay discovery when a conditional certification motion is pending in an effort to preserve the parties' resources. *See Villarreal v. Caremark LLC*, No. 14 Civ. 00652, 2014 WL 4247730, at *4 (D. Ariz. Aug. 21, 2014) (denying defendant's request for an extension to conduct pre-certification discovery); *Gomez v. H & R Gunlund Ranches, Inc.*, No. 10 Civ. 1163, 2010 WL 5232973, at *7 n.4 (E.D. Cal. Dec. 16, 2010) (granting plaintiffs' motion for certification of collective action and noting that "[d]efendant will have an opportunity to depose the declarants during the normal course of the litigation"); *Anderson v. Perdue Farms, Inc.*, No. 06 Civ. 1000, 2007 WL 4554002, at *1-2 (M.D. Ala. Dec. 20, 2007) (granting plaintiff's motion stay discovery and defer depositions pending the court's decision on plaintiffs' motion for court supervised notice); *see also Przytula v. Bed Bath & Beyond, Inc.*, No. 17 Civ. 5124, Slip. Op. (N.D. Ill. Dec. 20, 2017) (Ex. 1) (denying defendants' motion to compel the depositions of named plaintiffs prior to responding to plaintiffs' motion for conditional certification because "declarations are sufficiently specific on the basis of personal knowledge"); *Briggs v. PNC Financial Servs. Grp., Inc.*, No. 15 Civ. 10447, 2016 WL 401701, at *2 (N.D. Ill. Jan. 20, 2016) (granting plaintiffs' motion for a protective order regarding depositions sought by defendants before opposing plaintiffs' motion for conditional certification); *Blum v. Merrill Lynch & Co., Inc.*, No. 15 Civ. 1636 (S.D.N.Y. May 14, 2015) (Ex. 2) (denying defendants' request to depose named plaintiffs before responding to plaintiffs' motion for conditional certification); *Stelmachers v. Maxim Healthcare Servs., Inc.*, No. 13 Civ. 1062, 2013 WL 12251304, at *1 (N.D. Ga. June 5, 2013) (denying defendant's request for limited discovery to respond to plaintiff's motion for conditional certification); *Betancourt v. Maxim Healthcare Servs., Inc.*, No. 10 Civ. 4763, 2011 WL 1548964, at *13-14 (N.D. Ill. Apr. 21, 2011) (granting conditional certification and noting the court's ruling denying defendant's request for pre-certification discovery). Plaintiffs propose that a proposed scheduling order be submitted within 21 days after the Court rules on Plaintiffs' Motion for Conditional Certification.

  **B.** **Defendants' Statement:** As described below, Defendant Auto-Chlor System, LLC, in accordance with the Court's standing order encouraging narrowing of issues, proposed an early determination of whether it is a joint employer of Plaintiffs Sablowsky, Johnson and any opt-in plaintiffs employed by Defendant Auto-Chlor System of the Mid South, LLC and/or Defendant Auto-Chlor System of New York City, Inc. Plaintiffs refused. Accordingly, Auto-Chlor System, LLC briefed the issue with declarations in the opposition to the motion for class certification. Defendants Auto-Chlor System of the Mid South, LLC and Auto-Chlor System of New York City, Inc. request preliminary discovery on the similarly situated issue including depositions of the named Plaintiffs Sablowsky and Johnson. See Ludlow v. Flowers Foods, Inc. Case No. 18-CV-1190 JLS (JLB) (SD Cal. July 20, 2018.) (Ex. 3.) (Defendants do not currently believe that depositions of opt-in plaintiffs will be necessary.)

**9.** **CLASS ACTION**

  This case is not a class action.

**10.** **RELATED CASES**

  There are no related cases.

**11.** **RELIEF**

  **A.** **Plaintiffs' Statement:** Plaintiffs seek (1) overtime compensation, (2) liquidated damages, (3) interest, and (4) attorneys' fees and costs.

  **B.** **Defendants' Statement:** Defendants seek no affirmative relief

**12.** **SETTLEMENT AND ADR**

  **A.** **Plaintiffs' Statement:** Plaintiffs would be amendable to private mediation.

  **B.** **Defendants' Statement:** Defendants believe it is appropriate to participate in the ADR procedure provided by the Court.

**13.** **OTHER REFERENCES**

  The Parties do not believe a reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation is necessary or appropriate at this time.

**14.** **NARROWING OF ISSUES**

  **A.** **Plaintiffs' Statement:** Defendants state that they believe the issue of whether Auto-

Chlor Systems, LLC is a joint employer should be determined first. Plaintiffs oppose this proposal. Plaintiffs' Motion for Conditional Certification, which is scheduled to be heard just one week after the case management conference, should proceed as currently set, noticed, and scheduled. Plaintiffs' Motion for Conditional Certification recognizes that the joint employer allegation is certainly disputed by the parties; however, it is a fact-intensive issue that is best addressed at the second stage of this case, after this Court issues an order on whether to conditional certify the collective and authorize notice. *See, e.g. Kerin v. Toms King*, No. 19 Civ. 01470, 2021 U.S. Dist. LEXIS 58933, at *24-25 (W.D. Pa. Mar. 29, 2021) ("Further, Defendants' joint employer argument . . . is also more appropriately addressed at the next stage of the two-step certification process.") (citations omitted). Moreover, discovery into the joint employer issue will likely involve the same witnesses and documents that are relevant to the ultimate merits of the case, including Defendants' affirmative defense that BMs are properly classified as exempt under the executive exemption of FLSA and Plaintiffs' willfulness allegations.

   **B.**  **Defendant's Statement:** Defendants believe that an early determination of whether Defendant Auto-Chlor System, LLC is a joint employer of Plaintiffs Sablowsky or Johnson or any opt-in plaintiff of Defendant Auto-Chlor System of New York City, Inc. or Defendant Auto-Chlor System of the Mid South will substantially narrow the issues for ultimate trial or ADR resolution of this case without lengthy or excessive discovery. This is in accordance with Paragraph 14 of the Standing Order for All Judges of the Northern District of California, Contents of Joint Case Management Statement. As noted, Defendant Auto-Chlor System, LLC is a separate legal entity which manufactures commercial dishwashers and detergent, operates entirely independently of Defendants Auto-Chlor System of New York City, Inc. and Auto-Chlor System of the Mid South with no influence or control over any of the other Defendants' respective employees. Plaintiffs cannot establish joint employment under the Ninth Circuit standards set forth in Bonnette v. Cal Health & Welfare Agency, 704 F. 2d 1465, 1470 (9th Cir. 1983) (In determining employer status, the Ninth Circuit considers: "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.")

1    Defendants respectfully submit that Plaintiffs' request for the joint employment issue to be
2    delayed until the stage two decertification process (if conditional certification is granted) would result
3    in a waste of the parties and the court's resources.  This is not the situation of an employment agency
4    placing one of its employees with another firm and whether both entities jointly employ the employee.
5    This is an issue of an entirely separate manufacturing company in Memphis, Tennessee which does
6    not operate branches and has no branch managers and no influence or control over any employee of
7    Defendants Auto-Chlor System of New York City, Inc. and Auto-Chlor System of the Mid South,
8    being required to defend a lawsuit in California to which it has no actual connection.  It would be a
9    miscarriage of justice to require Defendant Auto-Chlor System, LLC to stay in the case through merits
10   discovery.

**15.    EXPEDITED TRIAL PROCEDURE**

The Parties do not believe this case is suitable for an expedited trial procedure.

**16.    SCHEDULING**

**A.    Plaintiffs' Statement:** Plaintiffs propose that the Parties meet and confer after the Court rules on Plaintiffs' Motion for Conditional Certification and propose a schedule within 21 days of the Court's order. Once the Parties know whether conditional certification will be granted, the Parties will be able to make informed recommendations as to proposed dates for completion of the initial ADR session, designation of experts, discovery cutoff, dispositive motion deadlines, and pretrial conference and trial deadlines.

**B.    Defendant's Statement:** Defendants concur that the parties will be able to more meaningfully meet and confer about scheduling after the court rules on Plaintiff's Motion for Conditiona Certification.

**17.    TRIAL**

Plaintiffs have demanded a jury trial.  Defendants have also demanded a jury trial.

**18.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Both Parties have certified that there are no non-party interested entities or persons.

**19.    PROFESSIONAL CONDUCT**

**A.    Plaintiffs' Statement:** Counsel for Plaintiffs have reviewed the Guidelines for

Professional Conduct for the Northern District of California.

    **B.**    **Defendant's Statement:** Counsel for Defendants have reviewed the Guidelines for Professional Conduct for the Northern District of California and will abide by those Guidelines.

**20.**    **OTHER**

    **A.**    **Plaintiffs' Statement:** At this time, Plaintiffs do not believe anything else needs to addressed to facilitate the just, speedy and inexpensive disposition of this matter.

    **B.**    **Defendant's Statement:** Defendants have nothing further to raise with the Court at this time other than what is addressed above.

DATED: August 18, 2023

WYNNE LAW FIRM

By: */s/ Edward J. Wynne*
      EDWARD J. WYNNE

Attorneys for Plaintiffs

DATED: August 18, 2023

HOROWITZ & CLAYTON

By: */s/Craig A. Horowitz*
      CRAIG A. HOROWITZ

Attorneys for Defendants

**ECF FILING ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), the filer attests that the concurrence in the filing of this documents has been obtained from each of the other signatories thereto.

DATED: August 18, 2023

                                             WYNNE LAW FIRM

                                       By: */s/Edward J. Wynne*
                                              EDWARD J. WYNNE
                                              Attorneys for Plaintiffs

# EXHIBIT 1

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 6.2.1
### Eastern Division

Mary Przytula, et al.
                         Plaintiff,

v.                                         Case No.: 1:17−cv−05124
                                              Honorable Edmond E. Chang

Bed Bath & Beyond Inc.
                         Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, December 20, 2017:

       MINUTE entry before the Honorable Edmond E. Chang: Status and motion hearing held on Defendant's motion to compel depositions for conditional certification purposes [51]. Defendant's out−of−state attorneys appeared by telephone. Local counsel appeared in court. As detailed during the hearing, the motion [51] to compel is denied. In sum, the primary purpose of the depositions is to flush out the personal−knowledge basis (or not) of Plaintiffs' declarations. But the declarations are sufficiently specific on the basis of personal knowledge, on the one hand, and where inferences are being proposed, on the other hand. The other points that the defense wishes to make (asserted varying of ASM duties based on different Store Managers, transactions volume, ASM and associate staffing) are all points that the defense has access to make without an early deposition that would otherwise stall the conditional−certification briefing. In other news, counsel reported that the parties are working on a confidentiality order. Pending the entry the confidentiality order, discovery should be disclosed under attorney's eyes−only protection to avoid delay; paralegals may handle the materials but not examine the content. The defense made a verbal request to extend the page limit on their response to the conditional−certification motion. The request is granted; brief not to exceed 20 pages. Status hearing set for 02/07/2018 at 10:30 a.m.Emailed notice(slb, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

ANDREW BLUM and ZAQ HARRISON, individually and on behalf of all others similarly situated,

                  Plaintiffs,

-against-

MERRILL LYNCH CO., INC.; MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., and BANK OF AMERICA CORPORATION,

                  Defendants.

------------------------------------------------------------x

ORDER

15 Civ. 1636 (GBD)

GEORGE B. DANIELS, United States District Judge:

Plaintiffs' request to renew their Motion for Conditional Certification before the June 17, 2015 initial conference is DENIED.

Defendants' request to depose the named Plaintiffs before responding to Plaintiffs' Motion for Conditional Certification is also DENIED.

Dated: May 14, 2015
      New York, New York

SO ORDERED.

_____
GEORGE B. DANIELS
United States District Judge

# EXHIBIT 3

Case 3:23-cv-02555-AGT   Document 44   Filed 08/18/23   Page 16 of 18

Case No.: 18-CV-1190 JLS (JLB)
UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA

# Ludlow v. Flowers Foods, Inc.

Decided Jul 20, 2018

Case No.: 18-CV-1190 JLS (JLB)

07-20-2018

DANIEL LUDLOW, an individual, Plaintiff, v. FLOWERS FOODS, INC.; a Georgia Corporation; FLOWERS BAKERIES, LLC, a Georgia limited liability company, Defendants.

Hon. Janis L. Sammartino United States District Judge

## ORDER: (1) GRANTING IN PART EX PARTE MOTION TO CONTINUE; (2) CONTINUING HEARING; AND (3) SETTING BRIEFING SCHEDULE

(ECF No. 15)

Presently before the Court is Defendants Flowers Foods, Inc. and Flowers Bakeries, LLC's *ex parte* Motion to Continue Hearing on Plaintiff's Motion for Conditional Class Certification. ("MTN," ECF No. 15.) Also before the Court is Plaintiff Daniel Ludlow's Response in Opposition to, ("Opp'n," ECF No. 16), and Defendants' Reply in Support of, ("Reply," ECF No. 17), the *ex parte* motion. Having considered the parties' arguments and the law, the Court rules as follows.

The hearing for Plaintiff's Motion for Conditional Class Certification is currently set for August 6, 2018. Defendants request the Court vacate the current hearing date and briefing schedule on Plaintiff's pending motion pursuant to Civil Local Rule 7.1(g)(2). *2 (MTN 2.)[1] Defendants seek to reset the briefing and hearing dates at the July 25, 2018 case management conference or,

2

alternatively, enlarge the deadline for Defendants' response by sixty days. (*Id.*) Defendants contend that an extension is justified because it will generally allow the parties to conduct limited discovery related to the pending motion for conditional certification. (*Id.* at 4.)

[1] Pin citations to docketed material refer to the CM/ECF page numbers electronically stamped to the top of each page.

Plaintiff generally opposes[2] Defendants' *ex parte* motion because Defendants misunderstand the two-part FLSA conditional certification process. (Opp'n 3.) Conditional certification motions are usually filed at the earliest opportunity and usually before discovery has even begun. (*Id.*) Plaintiff further explains that courts generally do not consider defense evidence when deciding the initial conditional certification, thus discovery to oppose the conditional certification is not warranted. (*Id.* at 4.)

[2] Plaintiff does not oppose a brief continuance of a week or so because Defendants' counsel will be on vacation during the time in question. (Opp'n 2.) -----

The FLSA provides a right of action to an employee against his employer when the employer fails to pay overtime wages. 29 U.S.C. §§ 203, 207. An employee may bring a collective FLSA action on behalf of other "similarly situated" employees. 29 U.S.C. § 216(b); *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1064 (9th Cir. 2000). A district court has discretion in determining whether a collective action is appropriate; that is, whether plaintiff and the

proposed collective action group are "similarly situated." *Leuthold v. Destination Am., Inc.*, 224 F.R.D. 462, 466 (N.D. Cal. 2004). Section 216(b) does not define "similarly situated" and the Ninth Circuit has not defined the term in the FLSA context. *Id.* The majority of district courts follow a two-tiered approach. *Id.*; *Wynn v. Nat'l Broad. Co., Inc.*, 234 F. Supp. 2d 1067, 1082 (C.D. Cal. 2002).

Under this two-tiered approach, a court must first decide whether the potential class should be given notice of the action. *Wynn*, 234 F. Supp. 2d at 1082. Because a court generally has a limited amount of evidence at its disposal, the initial determination is made *3 under a fairly lenient standard and typically results in conditional class certification. *Id.* Conditional certification is appropriate where "plaintiffs make substantial allegations that the putative class members were subject to a single illegal policy, plan, or decision." *Adams v. Inter-Con Sec. Sys., Inc.*, 242 F.R.D. 530 (N.D. Cal. 2007) (citing *Leuthold*, 224 F.R.D. at 468).

Here, it is clear that some modification of the briefing and hearing schedule is appropriate. This case was originally set for hearing by Judge Benitez before it was transferred to this Court. The parties also have met and conferred telephonically and submitted a joint discovery plan. (*See* ECF No. 18.) Discovery will begin in short order, if it has not begun already. This may temper some of Defendants' concerns. However, a lengthy delay to conduct discovery for the purposes of opposing Plaintiff's motion for conditional certification is not warranted. "At the first stage of the collective action certification process, evidence provided by the defendant employer is not germane when the plaintiff has met its evidentiary burden." *Kellgren v. Petco Animal Supplies, Inc.*, No. 13-CV-644-L-KSC, 2015 WL 5167144, at *6 (S.D. Cal. Sept. 3, 2015) (collecting cases).

Good cause appearing, the Court **GRANTS IN PART** Defendants' *ex parte* Motion, (ECF No. 15). The Court **CONTINUES** the hearing scheduled for August 6, 2018 and **SETS** the hearing for September 27, 2018 at 1:30 p.m. Additionally, the Court **SETS** the following briefing schedule. Defendants **SHALL** file an Opposition to the Motion for Conditional Certification on or before September 13, 2018. Plaintiff **SHALL** file a Reply in Support of his Motion, if any, on or before September 20, 2018.

**IT IS SO ORDERED.** Dated: July 20, 2018

/s/

Hon. Janis L. Sammartino

United States District Judge

casetext

2