Edward J. Wynne (SBN 165819)
ewynne@wynnelawfirm.com
George Nemiroff (SBN 262058)
gnemiroff@wynnelawfirm.com
WYNNE LAW FIRM
80 E. Sir Francis Drake Blvd., Ste. 3G
Larkspur, CA 94939
Telephone    (415) 461-6400
Facsimile    (415) 461-3900

Logan A. Pardell* (admitted *pro hac vice*)
lpardell@pkglegal.com
PARDELL, KRUZYK & GIRIBALDO, PLLC
433 Plaza Real, Suite 275
Boca Raton, FL 33432
Telephone (561) 447-8444
Facsimile (877) 453-8003

*Counsel for Plaintiffs and the Proposed Collective*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mark Sablowsky and Sumner Johnson, *on behalf of themselves and others similarly situated*,<br><br>                              Plaintiffs,<br><br>    vs.<br><br>Auto-Chlor System, LLC, Auto-Chlor System of New York City, Inc., and Auto-Chlor System of the Mid South, LLC<br><br>                              Defendants. | ) Case No. 3:23-cv-02555-AGT<br>)<br>)<br>) **PLAINTIFFS' REPLY IN SUPPORT OF**<br>) **MOTION FOR CONDITIONAL FLSA**<br>) **COLLECTIVE ACTION**<br>) **CERTIFICATION AND ISSUANCE OF**<br>) **NOTICE**<br>)<br>) Time:10:00 a.m.<br>) Date: September 8, 2023<br>) Dept. A, 15th Floor<br>) Hon. Alex G. Tse |

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CONDITIONAL FLSA
CERTIFICATION AND ISSUANCE OF NOTICE - 3:23-cv-02555-AGT - i

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................................1

II. ARGUMENT..........................................................................................................................2

   A. Plaintiffs Present Sufficient Evidence That BMs Nationwide Are Similarly Situated. ..........................................................................................................................2

   B. Plaintiffs Present Sufficient Evidence That Auto-Chlor System Employs BMs Nationwide..................................................................................................................3

   C. This Court Should Disregard Defendants' Counter-Declarations. ...............................4

   D. Despite Defendants' Contentions Regarding Auto-Chlor System's Status as a Joint Employer, the Court Should Grant Conditional Certification for all BMs Nationwide. .......6

   E. The Court Should Approve Plaintiffs' Proposed Notice. ............................................7

III. CONCLUSION .....................................................................................................................9

# TABLE OF AUTHORITIES

**Cases**

*Campbell v. City of Los Angeles*, 903 F.3d 1090 (9th Cir. 2018) ................................................... 4

*Carter v. XPO Last Mile, Inc.*, No. 16 Civ. 01231, 2016 U.S. Dist. LEXIS 137176 (N.D. Cal. Oct. 3, 2016) ................................................................................................................................ 5

*Coates v. Farmers Grp., Inc.*, No. 15 Civ. 01913, 2015 U.S. Dist. LEXIS 165817 (N.D. Cal. Dec. 9, 2015) ............................................................................................................................... 3

*Dominguez v. Better Mortg. Corp.*, No. 20 Civ. 01784, 2022 U.S. Dist. LEXIS 198305 (C.D. Cal. Oct. 24, 2022) ..................................................................................................................... 9

*Flores v. Velocity Express, Inc.*, No. 12 Civ. 05790, 2013 U.S. Dist. LEXIS 77821 (N.D. Cal. June 2, 2013) ............................................................................................................................... 5

*Guilbaud v. Sprint/United Mgmt. Co.*, No. 13 Civ. 04357, 2014 U.S. Dist. LEXIS 141109 (N.D. Cal. Oct. 3, 2014) ........................................................................................................................ 1

*Hall v. U.S. Cargo & Courier Serv., LLC*, 299 F. Supp. 3d 888 (S.D. Ohio 2018) ........................ 8

*Herrera v. EOS IT Mgmt. Sols., Inc.*, No. 20 Civ. 01093, 2020 U.S. Dist. LEXIS 235832 (N.D. Cal. Dec. 14, 2020) ..................................................................................................................... 2

*Manning v. Goldbelt Falcon, LLC*, No. 08 Civ. 3427, 2010 U.S. Dist. LEXIS 104029 (D.N.J. Sep. 29, 2010) ............................................................................................................................. 4

*Saleh v. Valbin Corp.*, 297 F. Supp. 3d 1025 (N.D. Cal. 2017) ....................................................... 5

*Saravia v. Dynamex, Inc.*, 310 F.R.D. 412 (N.D. Cal. 2015) .......................................................... 2

*Shaia v. Harvest Mgmt. Sub LLC*, 306 F.R.D. 268 (N.D. Cal. 2015) ............................................. 5

## I. INTRODUCTION

Defendants' Opposition to Plaintiffs' Motion for Conditional Certification (Dkt. 40) ("Defendants' Opposition") entirely ignores the threshold issue the Court is to consider at the conditional certification stage: whether Plaintiffs present sufficient evidence to show that the Proposed Collective is similarly situated, thereby permitting Plaintiffs to disseminate Court-authorized notice of this lawsuit nationwide. Instead, Defendants' Opposition is almost entirely an effort by Defendants to present counterevidence in an apparent effort to re-litigate its motion to dismiss, particularly regarding whether Auto-Chlor System, LLC ("Auto-Chlor System") should be considered a joint employer. However, the inquiry at the conditional certification stage is not whether Plaintiffs are right or wrong—rather, it is whether Plaintiffs meet their "light" burden of showing the Proposed Collective is similarly situated. *See Guilbaud v. Sprint/United Mgmt. Co.*, No. 13 Civ. 04357, 2014 U.S. Dist. LEXIS 141109, at *4 (N.D. Cal. Oct. 3, 2014) ("Although certification is not automatic, the plaintiffs' burden is nonetheless a light one.") (citations omitted). While Defendants improperly argue against the merits of Plaintiffs' arguments, nowhere in Defendants' Opposition do they actually make an argument that Plaintiffs failed to present sufficient evidence to meet their burden—because they cannot. This is because Plaintiffs more than satisfy their "light" burden under the law to show that conditional certification is appropriate here.

Because Defendants focus a vast majority of their Opposition on whether Auto-Chlor System should be considered an employer of Branch Managers ("BMs"), Defendants' Opposition is essentially an effort to limit the scope of the Court-authorized notice, and restrict those who worked outside of the subsidiary or regional entities, Auto-Chlor System of the Mid South, LLC ("Auto-Chlor Mid South") and Auto-Chlor System of New York City, Inc. ("Auto-Chlor NYC"), from receiving notice. Such an effort should not be countenanced. As further detailed herein, Plaintiffs have presented ample evidence of a common enterprise and control over all Auto-Chlor System branches and Defendants fail to address any of this evidence in their Opposition. As such, the Court should authorize notice to all BMs who worked at any Auto-Chlor System branch nationwide.

In a similar vein, while Defendants' Opposition seeks to change the content of the proposed notice, it fails to identify why such a change would be appropriate. Defendants present a form notice that is substantially similar to Plaintiffs' proposed notice, except for a few important differences that Plaintiffs address herein. However, in presenting their own proposed notice and failing to explicitly contest Plaintiffs' proposed forms of notice, Defendants either explicitly or implicitly concede to multiple aspects of the notice process that should allow the Court to rule on the remaining disputes in its Order, rather than delaying the notice process by having the parties confer following an Order granting conditional certification.

## II.    ARGUMENT

### A. Plaintiffs Presented Sufficient Evidence That BMs Nationwide Are Similarly Situated.

Plaintiffs more than meet their burden that BMs nationwide are similarly situated and therefore Court-authorized notice is appropriate. At the conditional certification stage, the court's inquiry involves "a fairly lenient standard and typically results in conditional class certification." *Saravia v. Dynamex, Inc.*, 310 F.R.D. 412, 422 (N.D. Cal. 2015). To grant conditional certification, "the court requires little more than substantial allegations, supported by declarations or discovery, that the putative class members were together the victims of a single decision, policy, or plan." *Herrera v. EOS IT Mgmt. Sols., Inc.*, No. 20 Civ. 01093, 2020 U.S. Dist. LEXIS 235832, at *7-8 (N.D. Cal. Dec. 14, 2020) (internal quotations omitted).

In Plaintiffs' Motion, Plaintiffs included declarations from five BMs who worked in five different branches in five different states, who also identify a total of 13 additional similarly-situated BMs who worked in at least 12 additional branches in at least seven additional states. Dkt. 35 (Plaintiffs' Motion) at Statement of Facts § A. Such evidence is more than sufficient to support nationwide conditional certification. *See, e.g.*, *Coates v. Farmers Grp., Inc.*, No. 15 Civ. 01913, 2015 U.S. Dist. LEXIS 165817, at *24-25 (N.D. Cal. Dec. 9, 2015) ("a plaintiff need not submit a large number of declarations" to show class members are

similarly situated, citing examples of three and five declarations being sufficient).[1] Such evidence is sufficient to show that the Proposed Collective of BMs are similarly situated and no further discovery is needed before the Court rules on conditional certification.

Defendants' Opposition does not address any of this evidence or establish why what Plaintiffs submitted is insufficient to permit nationwide notice. Instead, Defendants attempt to argue the merits of Plaintiffs' underlying claims and invite the Court to engage in a credibility determination by submitting counter-declarations. However, as described in more detail in *infra* Argument § C, the Court should entirely disregard Defendants' evidence when considering Plaintiffs' Motion. In doing so, Defendants wholly fail to address the sufficiency of Plaintiffs' evidence. This is because Plaintiffs more than meet their burden in establishing the Proposed Collective involve members who are similarly situated and, thus, this Court should authorize Plaintiffs to send notice to all BMs nationwide.

**B. Plaintiffs Presented Sufficient Evidence That Auto-Chlor System Employs BMs Nationwide.**

While Defendants focus a majority of their Opposition on why Auto-Chlor System does not actually employ Plaintiffs or BMs, they fail to address the standard to authorize notice to employees of a common enterprise at the conditional certification stage or why the evidence Plaintiffs presented is insufficient. As Plaintiffs stated in their Motion, at this conditional certification stage, the Court should not consider Defendants' argument that Auto-Chlor System did not employ Plaintiffs and the Proposed Collective because "[i]n instances where a motion for conditional certification involves a potential class of employees that worked for separate, but related, employers, courts have reserved consideration of whether the separate employers are joint employers for a final, stage two determination." *Manning v. Goldbelt Falcon, LLC*, No. 08 Civ. 3427, 2010 U.S. Dist. LEXIS 104029, at *8-9 (D.N.J. Sep. 29,

---

[1] *See* Plaintiffs' Motion (Dkt. 35) at Argument § III.A.4. for a string cite regarding why the evidence submitted by Plaintiffs is sufficient for conditional certification.

2010).[2] Defendants—-incorrectly—assert that Plaintiffs are required to *prove* all of the elements of the *Bonnette* factors at the conditional certification stage. *See* Defendant's Opposition at pp. 8-9. Instead, the Court should consider whether Plaintiffs meet their lenient burden of substantially alleging that Auto-Chlor System is an employer of BMs. *See Campbell v. City of Los Angeles*, 903 F.3d 1090, 1109 (9th Cir. 2018)) ("The level of consideration is 'lenient,' . . . sometimes articulated as requiring 'substantial allegations,' sometimes as turning on a 'reasonable basis,' but in any event loosely akin to a plausibility standard, commensurate with the stage of the proceedings.").

Here, Plaintiffs have presented ample evidence that Auto-Chlor System employs BMs nationwide. As described more fully in Plaintiffs Motion (Dkt. 35) at Statement of Facts § D, Plaintiffs submit evidence—through their own declarations, declarations submitted by Defendants, and publicly available information—that Defendants operate as one united business entity and Auto-Chlor System is a joint employer of BMs nationwide. Defendants operate a website that does not differentiate between one entity and another. *Id.* On this website, Defendants boast that they have over 2,500 associates in 140 markets nationwide. *Id.* All branches across the United States utilize the same branding and logo. *Id.* All Defendants share the same corporate office located in Mountain View, California. *Id.*

Defendants' Opposition also does not address any of this evidence or establish why the evidence Plaintiffs submitted is insufficient to permit nationwide notice. As such, this Court should permit notice to be sent to all BMs nationwide.

**C. This Court Should Disregard Defendants' Counter-Declarations.**

Instead of addressing the sufficiency of the evidence Plaintiffs submit in support of conditional certification, Defendants' Opposition ignores that standard and essentially asks this Court to make a credibility determination regarding the underlying merits of the case. However, the initial "notice stage" of conditional certification "is not the appropriate time for a court to evaluate the merits of plaintiffs' FLSA claims." *Shaia v. Harvest Mgmt. Sub LLC*,

---

[2] *See* Plaintiffs' Motion (Dkt. 35) at Argument § 5.i. for a string cite regarding why the Court should not consider Defendants' evidence regarding whether Auto-Chlor System employed Plaintiffs and other BMs.

306 F.R.D. 268, 272 (N.D. Cal. 2015); *see also Flores v. Velocity Express, Inc.*, No. 12 Civ. 05790, 2013 U.S. Dist. LEXIS 77821, at *21 (N.D. Cal. June 2, 2013) (the question for conditional certification is not whose evidence "is more believable, but simply whether plaintiffs have made an adequate threshold showing").

        This is why courts routinely reject attempts by defendants to introduce evidence pertaining to the merits of plaintiffs' allegations at the notice stage. For example, in *Carter v. XPO Last Mile, Inc*.—the specific case cited by Defendants in support of their proposed notice (Defendants' Opposition (Dkt. 40) at p. 13) —the Northern District of California specifically stated that "courts in this district usually do not usually consider defendants' evidence in determining conditional certification." No. 16 Civ. 01231, 2016 U.S. Dist. LEXIS 137176, at *14 n .5 (N.D. Cal. Oct. 3, 2016); *see also Saleh v. Valbin Corp*., 297 F. Supp. 3d 1025, 1034-35 (N.D. Cal. 2017) (declining to consider evidence set forth by defendants in ruling on conditional certification because doing so would be resolving factual disputes that go to the merits of the claims, which is inappropriate at the conditional certification stage); *Wellens v. Daiichi Sankyo, Inc*., No. 13 Civ. 00581, 2014 U.S. Dist. LEXIS 70628, at *5 (N.D. Cal. May 22, 2014) (finding that considering counter evidence by defendants is not appropriate at the conditional certification stage).

        Defendants' Opposition entirely relies upon citations to four declarations submitted by Defendants to support their assertions that Auto-Chlor System is not an employer and that Auto-Chlor System branches vary in size and, therefore, BMs are not similarly situated. However, each of these declarations goes to the ultimate merits of the underlying claims, which is wholly inappropriate at the conditional certification stage. As such, prevailing case law establishes that the Court should completely disregard these counter-declarations. Because Defendants do not cite any case law whatsoever (other than one out-of-circuit case) to suggest that Plaintiffs fail to meet their burden at the conditional certification stage, this Court should authorize notice to all BMs nationwide.

**D. Despite Defendants' Contentions Regarding Auto-Chlor System's Status as a Joint Employer, the Court Should Grant Conditional Certification for all BMs Nationwide.**

Despite Plaintiffs' evidence to the contrary, Defendants' position is that Auto-Chlor System is merely a manufacturer of dishwashers, is not a direct employer of BMs, and is not a parent company to Auto-Chlor NYC or Auto-Chlor Mid South. In fact, Defendants' shared corporate attorney, Timothy P. Reardon, submits a declaration in which he states "[t]here is no parent corporation of the Ivy Family Auto-Chlor branded entities." Dkt. 40-2 (Declaration of Timothy P. Reardon) at ¶ 4. Moreover, Ed Ivy, President of all three Defendants, states that while all three Defendants share the same corporate office, the "employees who work at the corporate office in Mountain View, CA are not paid by Auto-Chlor System, LLC." Dkt. 40-1 (Declaration of Ed Ivy) at ¶¶ 2, 3, 8. As such, Defendants admit that all "Auto-Chlor branded entities" share the same ownership structure and corporate office. They also do not deny that the individuals in the corporate office control the circumstances of the employment of all BMs nationwide. What Defendants do not disclose is what entity is responsible for paying the individuals who work in the shared corporate office—presumably the common entity.

What Defendants are attempting to do is obvious: they are trying to hide the ball regarding their corporate structure in an effort to limit the scope of notice. As Plaintiffs mentioned in their Opposition to Defendants' Motion to Dismiss, to the extent that Defendants identified a different controlling entity of Defendants' common enterprise, Plaintiffs would have been amicable to substitute that party. Dkt. 19 at n.1. However, Defendants' efforts to avoid nationwide notice by flatly claiming that there is no common controlling entity should not be countenanced by the Court. To the extent that the Court grants conditional certification, Defendants should not be permitted to avoid nationwide notice by standing by its assertion that "Auto-Chlor System, LLC is a manufacturing plant in Memphis, Tennessee and likewise has no branch managers." *Id*. at ¶ 4. Instead, should this Court grant conditional certification, Plaintiffs request that it make clear in its Order that notice should be sent to all BMs who worked at any of the "Ivy Family Auto-Chlor branded entities" to avoid any potential disputes

going forward.

**E. The Court Should Approve Plaintiffs' Proposed Notice.**

The form and content of Plaintiffs' proposed notice is entirely appropriate and the Court should authorize Plaintiffs to distribute same. In Defendants' Opposition, Defendants state that they "object to Plaintiffs' proposed notice as overbroad and inaccurate in some of its language." Defendants' Opposition (Dkt. 40) at p. 13. However, Defendants fail to state what language they deem to be "overbroad and inaccurate." Instead, Defendants submit their proposed notices that they claim are largely based upon the notice form approved by the Court in *Carter v. XPO Last Mile, Inc*. *Id.*

As a threshold matter, through their Opposition and proposed notices, Defendants either implicitly or explicitly concede to many of Plaintiffs' proposals for the notice process. For example, Defendants explicitly agree to permitting Plaintiffs to establish a website and for the members of the Proposed Collective to submit their consent forms via First-Class U.S. Mail, fax, and e-mail because their proposed notices provide for such. *See* Dkt. 40-6, and 40-7 (Defendants' Proposed Notices). Defendants' Opposition does not take issue with Plaintiffs' issuance of e-mail notice, text message notice, or a reminder notice. Further, the ultimate content of Defendants' proposed notices is substantially similar to Plaintiffs' proposed notices, except for a few differences: (i) Defendants seek to have different notices go to BMs who worked for Auto-Chlor NYC and Auto-Chlor Mid South and remove language regarding employment at Auto-Chlor System; (ii) Defendants' proposed notices do not include a case caption; (iii) Defendants' proposed notices do not mention that the notice is "Court-authorized" on the first page; (iv) Defendants seek a 75-day notice period while Plaintiffs seek a 90-day notice period; and (v) Defendants' proposed consent to join form does not have an option for Proposed Collective members to provide contact information. As detailed herein, Plaintiffs' proposed notice is more appropriate and thus should be used over Defendants' proposed notice.

With regard to the two different notices for BMs who worked for Auto-Chlor NYC and Auto-Chlor Mid South, to the extent the Court grants nationwide notice, preparing two separate notices is unnecessary. All three Defendants are named in this lawsuit. Plaintiffs' proposed

notice specifically mentions all three entities. Because the name "Auto-Chlor System" is so prevalent to all BMs and because Defendants' corporate structure is likely confusing to those receiving the notice – particularly because Plaintiffs all testified that they believed they worked for Auto-Chlor System—Plaintiffs' proposed notice, which groups Defendants together as "Auto-Chlor System," is appropriate, and aligns with Defendants' public-facing representations in their branding and website. Defendants fail to raise any authority supporting anything to the contrary.

With regard to the case caption, Defendants do not appear to have an issue with the case caption being included, as they propose including it in the proposed consent to join form. However, it is important that the proposed notice also includes the case caption at the top of the notice and courts often authorize including it. *See, e.g.*, *Hall v. U.S. Cargo & Courier Serv., LLC*, 299 F. Supp. 3d 888, 899 (S.D. Ohio 2018) ("The Court disagrees with Defendant that inclusion of the case heading is misleading"). Without the case caption, individuals who receive this notice may believe that it is junk mail. However, seeing an actual case caption at the top would likely provide comfort to the Proposed Collective member that the lawsuit is not spam.

With regard to the language "court-authorized notice," in a similar vein to the issue of the case caption, it is also important for the notice to state that it is "court-authorized" on the first page. Defendants' proposed notices do state that the notice was authorized by the Court, but not until the second page—after a Proposed Collective member may have disregarded the notice as junk mail. There is no prejudice to including the language on the first page as Plaintiffs' proposed notice does.

With regard to the notice period, Plaintiffs propose a 90-day notice period and Defendants propose a 75-day notice period. Courts in this circuit commonly order 90-day notice periods. *See, e.g.*, *Dominguez v. Better Mortg. Corp.*, No. 20 Civ. 01784, 2022 U.S. Dist. LEXIS 198305, at *19 (C.D. Cal. Oct. 24, 2022) ("[C]ourts in this Circuit regularly grant 90-day opt-in periods for FLSA collective actions."). As such, a 90-day notice period is appropriate here.

With regard to the consent form, in addition to not affirmatively stating that the Proposed Collective member would also be bringing a claim against Auto-Chlor System—which is necessary—Defendants' proposed consent form also fails to provide an opportunity for the Proposed Collective member to provide their updated contact information. If the Proposed Collective member seeks to join the case and retain Plaintiffs' counsel as their attorneys, they need to be able to easily provide updated contact information.

Thus, with regard to the form and substance of the proposed notice, Defendants have either explicitly or implicitly agreed to nearly all of what Plaintiffs proposed in their Motion. The limited discrepancies between the proposed notices should be resolved in favor of Plaintiffs for the reasons set forth herein. While Defendants had an opportunity to explain why they made certain changes to Plaintiffs' proposed notices, they failed to do so in their Opposition. Thus, in an effort to not further delay the issuance of notice to the Proposed Collective, this Court should adopt Plaintiffs' proposed notice forms and content, including their proposed e-mail notice, text message notice, and reminder notice.

**III. CONCLUSION**

For the reasons explained above, Defendants' Opposition is an improper attempt to argue the underlying merits of case, which is wholly inappropriate at the conditional certification stage. Defendants' Opposition almost entirely relies upon counter-declarations, which the Court is to disregard in ruling on conditional certification. Moreover, the Court should not tolerate Defendants' attempt to limit the scope of notice by claiming that Auto-Chlor System is not an employer of Plaintiffs or BMs. Lastly, by failing to specifically object to Plaintiffs' proposed form and content of notice and by attaching a proposed notice that is substantially similar to Plaintiffs' proposed notice—absent some differences Plaintiffs addressed above—this Court should grant Plaintiffs' proposed form and content of the notice to allow notice of this lawsuit to be sent to the Proposed Collective as quickly as possible.

Thus, Plaintiffs respectfully request that this Court: (1) conditionally certify the proposed FLSA Collective; (2) order Defendants to produce to Plaintiffs' counsel a class list containing collective members' full names, addresses, non-work telephone numbers, email

addresses, and the dates and branch locations where they worked; (3) direct the dissemination of notice of the pendency of the action by mail, email, and text message using the proposed Notice; (4) permit potential Collective Members to file Consent to Join Forms, by mail, fax, e-mail, or website submission, until 90 days after Plaintiffs' mailing of notice to the class; and (5) permit the dissemination of a reminder postcard by mail, email, and text message.

Dated: August 23, 2023.

**Pardell, Kruzyk & Giribaldo, PLLC**

By:   /s/Logan A. Pardell
Logan A. Pardell* (admitted *pro hac vice*)
433 Plaza Real, Suite 275
Boca Raton, FL 33432
Telephone    (561) 726-8444
Facsimile     (877) 453-8003
lpardell@pkglegal.com

**Wynne Law Firm**
Edward J. Wynne
George Nemiroff
80 E. Sir Francis Drake Blvd., Suite 3G
Larkspur, CA 94939
Telephone    (415) 461-6400
Facsimile     (415) 461-3900
ewynne@wynnelawfirm.com
gnemiroff@wynnelawfirm.com


Counsel for Plaintiffs and the Proposed Collectives