UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK SABLOWSKY, et al., | Case No.  23-cv-02555-AGT |
| Plaintiffs, | |
| v. | **ORDER REGARDING COLLECTIVE NOTICE** |
| AUTO-CHLOR SYSTEM, LLC, et al., | Re: Dkt. No. 55 |
| Defendants. | |

The Court granted Plaintiffs' motion for conditional collective action certification under the Fair Labor Standards Act (FLSA) at dkt. 54.  The parties filed a joint submission regarding the collective notice at dkt. 55, and supplemental briefing regarding jurisdiction at dkts. 57 and 58.  The parties dispute whether this Court has jurisdiction to send the collective notice to employees of third parties, and also the form of any such collective notice.  The Court resolves the parties' disputes regarding the collective notice as follows.

I.      **DISCUSSION**

   A.      **Jurisdictional Issues**

In the parties' joint submission, Defendants argue that "the Court has no jurisdiction to order notices sent to employees of third parties who are not defendants in this lawsuit."  Dkt. 55 at 4.  The parties also disagree about the scope of the Court's order at dkt. 54 granting collective action certification.

First, by way of clarification, the Court's order at dkt. 54 granted Plaintiffs' motion for conditional FLSA collective action certification of "a group of exempt-classified Branch Managers, and employees in similar positions with different job titles, [] who worked at any of Defendants' [] branch locations nationwide at any time from May 25, 2020, (i.e., three years

prior to the filing of the Complaint []) through the present." Dkt. 54 at 3 (citing dkt. 35 at 6), 9–10. The proposed collective includes branch managers "who worked at any Auto-Chlor System branch nationwide." Dkt. 35 at 20. Defendants contend that "[t]he Notice should be limited to the branches of the named Defendants." Dkt. 58 at 3. Defendants also argue that the Court made "no finding of similarly situated beyond the named Defendants." Dkt. 55 at 4. Auto-Chlor System, LLC is a named defendant. The Court already found that there were sufficient similarly situated employees to support conditional certification. The Court need not evaluate each and every location nationwide to make this determination. *Fernandez v. Tox Corp.*, 677 F. Supp. 3d 1089, 1098 (C.D. Cal. 2023) (recognizing that courts "routinely will grant conditional certification to a nationwide opt-in collective, even when the plaintiff does not have evidence of the challenged policy or practice in every location of the defendant's operations"). The Court has also already found Auto-Chlor System, LLC to be sufficiently alleged as a joint employer of branch managers at this stage. The parties appear to agree that there are at least five regional entities of Auto-Chlor System, each having branches. Dkt. 57 at 3; Dkt. 58 at 2 (disputing the existence of Auto-Chlor System of Fresno, Inc.). The order at dkt. 54 applies to all branch locations of all the regional entities in the United States.

Second, nationwide notice is appropriate here where Plaintiffs have sufficiently alleged Auto-Chlor System, LLC as a joint employer. Plaintiffs cite to several cases where nationwide notice was approved and where the FLSA action was brought against a controlling entity and a subsidiary, regional entity, or franchisee. Dkt. 57; *see, e.g.*, *Thomas v. Waste Pro USA, Inc.*, 360 F. Supp. 3d 1313, 1315 (M.D. Fla. 2019); *Nadreau v. Lush Cosms., LLC*, 2011 WL 13143146, at *3 (M.D. Fla. Jan. 28, 2011), *order clarified sub nom. Whitmer v. Lush Cosms. NY, LLC*, 2011 WL 13143147 (M.D. Fla. Dec. 7, 2011); *Brunner v. Jimmy John's, LLC*, 2015

WL 13653079, at *3 (N.D. Ill. Dec. 11, 2015).   The collective notice may properly be distributed to the entire proposed collective.   To the extent Defendants want to challenge the joint employer characterization, the time for that is the decertification stage.   *See* dkt. 54 at 8.

Third, Auto-Chlor System, LLC is already a party to this action, subject to personal jurisdiction.   This is undisputed.   Regardless of which branch a putative collective member works at, Auto-Chlor System, LLC is their joint employer for purposes of conditional certification.   Defendants' reliance on *S.E.C. v. Ross* is inapposite because Auto-Chlor System, LLC is not a third party but rather a named defendant.   *See S.E.C. v. Ross*, 504 F.3d 1130, 1138–39 (9th Cir. 2007).

Finally, and relatedly, Defendants are correct that other Auto-Chlor System regional entities that are not currently parties to this action may challenge personal jurisdiction to the extent that they are named as defendants.   The issue is moot as Plaintiffs have not sought to add additional defendants at this point.   Regardless, any putative collective members that opt in would be pursuing a claim against, at least, Auto-Chlor System, LLC as a joint employer.

### B.      Contact information for Putative Collective Members

Plaintiffs requested contact information for potential collective members, including "last known address, non-work telephone number, email address, and dates and location(s) of employment."   Dkt. 35 at 25.   Defendants challenge the jurisdiction of the Court to order third parties to provide contact information for branch managers.   Dkt. 58 at 4.   The Court orders Defendants to produce the requested information to the extent it is within their custody or control.   The parties are directed to meet and confer on this issue.

### C.      Collective Notice

The parties' joint submission at dkt. 55 included redlining indicating disagreements on

the form of the collective notice.  The parties also appear to dispute whether notice should be provided via text message, and whether a reminder is appropriate.  Defendants object to Plaintiffs' "further briefing of subsidiary notice issues."  Dkt. 55 at 6.  The Court will address the topics raised in dkt. 55 and the redlined proposed collective notice, and need not refer to Plaintiffs' arguments.

The header of the collective notice should include Defendants' suggested changes. Defendants' proposed changes in the two bullet points are rejected — the short-form "Auto-Chlor System" is appropriate for use in the collective notice.

Plaintiff's proposed language on page 4 of dkt. 55-1, directed to the hypothetical circumstance of no recovery, should be removed, as argued by Defendants in their response in redline.  That proposed sentence is redundant and unnecessary.

To the extent the parties dispute text message notice, the Court is not persuaded of the need for text message notice.  Plaintiffs may raise the issue of text message notice if there is evidence that mailed notice was insufficient.

To the extent the parties disagree about sending a reminder to potential opt-ins, the Court approves the form of the reminder submitted at dkt. 55-3.  The timing of the reminder is up to Plaintiffs, as it may depend on the timing of any responses to the original notice.

Lastly, the Court disagrees with Defendants' proposed changes to the envelope.  The envelope should include "against Auto-Chlor System," which provides some potentially helpful preview of the mailings' contents without introducing cumbersome text.

## II.   CONCLUSION

The parties are directed to meet and confer on the issue of the collective notice and contact information of potential collective members.

By **May 10, 2024**, the parties are directed to submit a clean version of the proposed collective notice and reminder notice, in accordance with this order.  The shaded text in the proposed notice should be replaced with the appropriate substantive information (e.g., website, contact information, dates).

By **May 10, 2024**, Defendants are ordered to provide each potential collective member's last known address, non-work telephone number, email address, and dates and locations of employment to the extent that information is within Defendants' custody or control.

**IT IS SO ORDERED.**

Dated:  April 26, 2024

_____
Alex G. Tse
United States Magistrate Judge