Craig A. Horowitz, State Bar No. 125159
Wayne D. Clayton, State Bar No. 137564
**HOROWITZ & CLAYTON**
A Professional Corporation
300 Corporate Pointe, Suite 355
Culver City, California 90230
Telephone: (310) 442-1122
Facsimile: (310) 442-2612

Attorneys for Defendants
AUTO-CHLOR SYSTEM, LLC, AUTO-CHLOR SYSTEM OF
NEW YORK CITY, INC., and AUTO-CHLOR SYSTEM OF THE MID SOUTH, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK SABLOWSKY and SUMNER JOHNSON, on behalf of themselves and others similarly situated, <br><br>Plaintiff, <br><br>vs. <br><br>AUTO-CHLOR SYSTEM, LLC, AUTO-CHLOR SYSTEM OF NEW YORK CITY, INC., and AUTO-CHLOR SYSTEM OF THE MID SOUTH, LLC; <br><br>Defendants. | **Case No. 23-cv-02555** <br><br>[Assigned to Hon. Alex G Tse, Dept. A] <br><br>**DEFENDANT AUTO-CHLOR SYSTEM, LLC'S MOTION FOR SUMMARY JUDGMENT ON THE GROUNDS THAT, AS A MATTER OF LAW, IT IS NOT A JOINT EMPLOYER; DECLARATIONS OF ED IVY, KENNETH WOODCOX, TIMOTHY REARDON, J.P. FIORENTINI, REGGIE LEE, JOSE PEREZ, JONAH BECKSTEAD AND CRAIG A. HOROWITZ** <br><br>DATE: July 19, 2024 <br> Time: 10:00 a.m. <br> Dept.: A |

PLEASE TAKE NOTICE that on July 19, 2024, at 10:00 a.m. in Department A, Defendant Auto-Chlor System, LLC moves for summary judgment based on undisputed evidence that it is not a joint employer of any branch manager employed by Defendant Auto-Chlor System of New York

City, Inc. or Auto-Chlor System of the Mid South, LLC, or any either entity branch manager in this conditionally certified nationwide collective. The undisputed evidence shows that Auto-Chlor System, LLC manufactures dishwashers in Memphis, Tennessee and has no Branch Managers (Ivy Decl. ¶ 4; Reardon Decl., ¶ 3.) It is entirely distinct from any other Auto-Chlor legal entity and exercises no control over their operations. (Ivy Decl. ¶ 5; Reardon Decl. ¶¶ 3-4; Woodcox Decl. ¶ 7; Fiorentini Decl. ¶ 6; Lee Decl. ¶ 4; Perez Decl. ¶ 4; Beckstead Decl. ¶ 4.) It has absolutely no involvement in the working conditions of defendants Auto-Chlor System of New York City, Inc.. (Fiorentini Decl. ¶¶ 5-6) or defendant Auto-Chlor System of the Mid South, LLC. (Woodcox Decl. ¶ 7; Beckstead Decl. ¶ 4.) As to the other Branch Managers of entities in this nationwide collective, Auto-Chlor System of Northern California, Inc., Auto-Chlor System of Washington, Inc. and Auto-Chlor System of San Diego, Inc., it similarly has nothing to do with the working conditions of Branch Managers. (Lee Decl. ¶ 4; Perez Decl. ¶ 4.)

Accordingly, as a matter of law, Auto-Chlor System, LLC is not a joint employer and should be dismissed. With the dismissal of Defendant Auto-Chlor System, LLC, no nationwide collective will any longer exist.

This motion is based on the this Notice, the Memorandum of Points and Authorities attached hereto, the attached declarations and exhibit, the Separate Statement of Undisputed Facts filed concurrently herewith and on the pleadings and records in this action.

DATED: June 6, 2024                                    HOROWITZ & CLAYTON

BY:_____
CRAIG A. HOROWITZ
Attorneys for Defendants,
AUTO-CHLOR SYSTEM, LLC, AUTO-CHLOR SYSTEM OF NEW YORK CITY, INC., and AUTO-CHLOR SYSTEM OF THE MID SOUTH, LLC

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

In this FLSA wage and hour case the Court has conditionally certified Branch Managers employed by the Defendants as a collective action case. Plaintiffs allege that Defendants violated the FLSA by misclassifying Branch Managers as exempt employees and consequently not paying required overtime, or providing meal and rest breaks. Named Plaintiff Sabrowsky alleges that he worked as Branch Manager at the Levittown, Pennsylvania branch of Defendant Auto-Chlor System of New York City, Inc. (Complaint ¶ 7.) Named Plaintiff Johnson alleges that he worked at the Des Moines, Iowa branch of Defendant Auto-Chlor System of the Mid South, LLC. (Complaint ¶ 10.) In stark contrast, Defendant Auto-Chlor System, LLC appears to have been named in this lawsuit as a joint employer of the Branch Managers on the erroneous supposition that it is a parent or umbrella entity for Defendants Auto-Chlor System of New York City, Inc. and Auto-Chlor System of the Mid South, LLC. (Complaint ¶ 18.) While such allegations based on speculation may be enough to meet the lenient plausibility standard for pleading, they manifestly cannot sustain the rigorout test of actual admissible evidence. Because there is no evidence that Defendant Auto-Chlor System, LLC jointly employed any Branch Manager of Defendants or otherwise, it brings this motion for summary judgment.

With this case now pending over a year, Defendant Auto-Chlor System, LLC files this motion for summary judgment on the grounds that, as a matter of law, it is not a joint employer of any entity, much less entity defendants Auto-Chlor System of the Mid South, LLC and Auto-Chlor System of New York City, Inc. Overwhelming undisputed evidence demonstrates that Auto-Chlor System of LLC, based in Memphis, Tennessee, simply manufactures and sells commercial dishwashers and detergents. (Ivy Decl. ¶ 4; Reardon Decl. ¶ 3.) It supplies these dishwashers and

detergents to certain entities. (Ivy Decl. ¶ 4; Reardon Decl. ¶ 3.) That is it. It exercises absolutely no control over Branch Managers at issue in this case, much less categorizes them as exempt or non-exempt. (Ivy Decl. ¶ 5; Reardon Decl. ¶ 3; Woodcox Decl. ¶ 7; Lee Decl. ¶ 4; Perez Decl. ¶ 4; Beckstead Decl. ¶ 4.) It has no involvement in the working conditions of any Branch Managers. (Id.)

This Court based on the Complaint pleading of joint employer status conditionally certified a nationwide collective. Now, however, the Court considers extrinsic evidence to determine a summary judgment motion. Given the evidence presented here, summary judgment should be granted because the undisputed facts establish Auto-Chlor System, LLC is not a joint employer of either of the entity Defendants.

## STATEMENT OF ISSUE

This motion raises the issue of whether the uncontroverted evidence establishes as a matter of law that Defendant Auto-Chlor System, LLC (a manufacturing company) did not jointly employ Branch Managers of its customers Defendants Auto-Chlor System of New York City, Inc. or Auto-Chlor System of the Mid South, LLC, or any other Branch Manager included in the Court's conditional certification of a Collective Action.

## STATEMENT OF RELEVANT FACTS

**Defendant Auto-Chlor System, LLC, Is A Manufacturing Company With No Branches or Branch Managers and No Involvement in the Employment of Other Companies' Branch Mangers**.

Moving Party Auto-Chlor System, LLC is in the business of manufacturing commercial dishwashers and selling them. (Ivy Decl. ¶ 4, Reardon Decl. ¶ 3.) It does so in a single location in Memphis, Tennessee with its own employees. It operates no branches and has no branch managers. (Ivy Del. ¶ 4; Reardon Decl. ¶ 3.) Auto-Chlor System, LLC does not exert any control or influence

on the employment of any employees of Defendants Auto-Chlor System of New York City, Inc. and/or Defendant Auto-Chlor System of the Mid South, LLC. (Ivy Del. ¶ 5; Reardon Decl. ¶ 3.) Neither does Auto-Chlor System, LLC have any control or influence over the employment of Branch Managers employed by third parties Auto-Chlor System of Washington, Inc. (Perez Decl. ¶ 4) or Auto-Chlor System of Northern California, Inc. (Lee Decl. ¶ 4.) Auto-Chlor System, LLC is not a parent to Defendant Auto-Chlor System of New York City, Inc. or to Defendant Auto-Chlor System of the Mid South, LLC. (Ivy Del. ¶ 6; Reardon Decl. ¶ 4.)

## LEGAL ARGUMENT

**I. DEFENDANT AUTO-CHLOR SYSTEM, LLC IS A MANUFACTURING COMPANY, DOES NOT EMPLOY BRANCH MANAGERS, IS NOT THE PARENT OF ANY OTHER DEFENDANT AND ACCORDINGLY IS NOT A JOINT EMPLOYER.**

In Bonnette v. Cal. Health & Welfare Agency, 704 F.2d 1465, 1470 (9th Cir. 1983), the Ninth Circuit sets forth the four factors it considers in determining whether an entity is liable as a joint employer:

> "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." Id. at 1470.

California Government Code §12928, in addition, creates a strong presumption that the entity listed on an employee's W-2 is the actual employer:

> "Notwithstanding any other provision of this part, there is a rebuttable presumption that 'employer,' as defined in subdivision (d) of Section 12926, includes any person or entity identified as the employer on the employee's Federal Form W-2 (Wage and Tax Statement)."

Auto-Chlor System, LLC here presents undisputed evidence that it is a manufacturing company which does not have the power to hire and fire Branch Managers for the other Defendants,

does not supervise Branch Managers of the other Defendants or control their schedules or other working conditions, does not determine the rate or method of pay for Branch Managers working for other Defendants and does not maintain employment records for those Branch Managers. (Ivy Decl. ¶¶ 3-7, Reardon Decl. ¶¶ 3-4; Woodcox Decl. ¶ 4; Fiorentini Decl.¶¶ 5-6, Lee Decl. ¶¶ 2-4, Perez Decl. ¶¶ 2-4, Beckstead Decl. ¶¶ 2-4.[1]) Based on this undisputed evidence, Auto-Chlor System, LLC is not a joint employer under the well established <u>Bonnette</u> test.

But there is more. Auto-Chlor System, LLC manufactures dishwashers in Memphis, Tennessee. (Ivy Decl. ¶ 3; Reardon Decl. ¶ 3.) This is confirmed in an Application for Employer Identification Number. (Horowitz Decl. ¶ 4, Exh. 1.) It states: **"Manufacture and distribute dishwashing machines and products**." It then sells dishwashers to separate entities such as Auto-Chlor System of New York City, Inc. and Auto-Chlor System of the Mid South. (Ivy Decl. ¶ 4.) It also sells detergents. (<u>Id.</u>) It has no control over any employees but its own. (Ivy Decl. ¶ 5.)

Moreover, the Auto-Chlor defendant entities sued here are not subsidiaries and Auto-Chlor System, LLC is not a parent corporation as alleged in the Complaint. (Ivy Decl. ¶ 6; Reardon Decl. ¶ 4.) In fact, for numerous years, separate legal entities have existed which precludes any argument that Auto-Chlor System, LLC jointly employs anybody. (<u>Id.</u>)

Notably, employees at the Mountain View, CA corporate headquarters are not paid by Auto-Chlor System, LLC. (Ivy Decl. ¶ 8.) Nor are employees at any other entity. (Woodcox Decl. ¶ 4; Fiorentini Decl. ¶¶ 5-6 ; Lee Decl. ¶ 2; Perez Decl. ¶ 2; Beckstead Decl. ¶ 2.)Thus, under California Government Code §12928, Auto-Chlor System, LLC is <u>presumptively</u> not their employer.

Plaintiffs have no evidence that Auto-Chlor System, LLC is a "parent" umbrella entity and

---

[1] The declarations of Ed Ivy, Timothy Reardon, Ken Woodcox and John Paul Fiorentini were originally filed on August 15, 2023 in opposition to Plaintiffs' Motion for Conditional Certification. (Horowitz Decl. ¶ 3.)

**DEFENDANT AUTO-CHLOR SYSTEM, LLC'S MOTION FOR SUMMARY JUDGMENT**
- 6 -

speculation cannot defeat summary judgment. The evidence is to the contrary:

> "Each of the Defendants operates on a separate, stand-alone basis. Each Defendant is separately incorporated, independently capitalized, maintains its own books and records, has its own bank accounts, operates of our different business locations in different states, has its own telephone numbers, has its own assets that are used in its individual operations and its own employees. Each Defendant has a different general manager. There is no shared employment relationships between Auto-Chlor System of New York City, Inc. and Auto-Chlor System of the Mid South, LLC. They are separate legal entities, formed at different times. Both of those entities have different branch locations in geographies that intentionally do not overlap, and separate managers for their respective branch-based operations that do not overlap by entity. In contrast, Auto-Chlor System, LLC manufactures dishwashers in a single location in Memphis, Tennessee with its own employees and operates no branches and has no branch managers. Auto-Chlor System LLC does not exert any control or influence o the employment of any employees of Auto-Chlor System of New York City, Inc. and/or Auto-Chlor System of the Mid South, LLC." (Reardon Decl. ¶ 3.)

Defendant thus submits dispositive evidence that Auto-Chlor System, LLC is not a parent company to Defendants Auto-Chlor System of New York City, Inc. and/or Auto-Chlor System of the Mid South, LLC. (Ivy Decl. ¶ 6; Reardon Decl. ¶ 4.) Further, the evidence shows not only that Auto-Chlor System, LLC is not a parent entity, but further that Defendants Auto-Chlor System of New York City, Inc. and Auto-Chlor System of the Mid South, LLC have no parent entity whatsoever and are not subsidiaries of any other company. (Ivy Decl. ¶ 6; Reardon Decl. ¶¶ 3, 4.)

This is that time when Defendant can – and does – provide extrinsic evidence to show that the Complaint allegations of joint employment are simply inaccurate. Contrary to Plaintiffs' Complaint assertions, their speculations as to Auto-Chlor System of New York City, Inc. and Auto-Chlor System of the Mid South, LLC being subsidiaries of Auto-Chlor System, LLC are completely lacking in evidentiary support. Plaintiffs conceded as much earlier in this case: **"To the extent Defendant's believe a different entity is the appropriate controlling entity is the appropriate controlling entity of Defendant's controlling enterprise [sic] could have informally brought this to Plaintiff's attention."** (Dkt.19, Plaintiffs' Opp. Mot. To Dismiss at 9, n. 1.)

Summary judgment cannot be avoided by Plaintiffs speculating that Auto-Chlor System, LLC is a "controlling entity." The evidence establishes that it is not. Summary judgment should be granted.

## CONCLUSION

This Court declined Defendant's request to consider the joint employer issue first in granting conditional certification of a nationwide collective. The Court also exercised its discretion of relying on joint employer pleading allegations in granting conditional certification. It did not consider extrinsic evidence presented then.

Now, on summary judgment, the extrinsic evidence in the form of <u>seven</u> declarations prove, as a matter of law, that Auto-Chlor System, LLC simply manufactures commercial dishwashers and detergents and has no involvement in the employment of Branch Managers employed by Defendants Auto-Chlor System of New York City, Inc. or Auto-Chlor System of the Mid South, LLC. No contrary evidence raises a triable issue of fact as to joint employer status of Auto-Chlor System, LLC as to any Branch Manager within the conditionally certified Collective . Indeed, Plaintiffs admitted nearly a year ago they did not know whether Auto-Chlor System, LLC is a joint employer. Plaintiffs stated then: **"To the extent Defendant's believe a different entity is the appropriate controlling entity is the appropriate controlling entity of Defendant's controlling enterprise [sic] could have informally brought this to Plaintiff's attention."** (Opp. Mot. To Dismiss at 9, n. 1.)

Plaintiffs have had nearly a year since the parties' Rule 26(f) conference on August 4, 2023 to figure out whether they have a proper Defendant. The undisputed evidence demonstrates they do not. Nor have Plaintiffs adduced any evidence that some other entity jointly employs Branch Managers in this currently conditionally nationwide collective.

Summary judgment plainly should be granted here. The remaining Defendants request a

**DEFENDANT AUTO-CHLOR SYSTEM, LLC'S MOTION FOR SUMMARY JUDGMENT**
- 8 -

status conference to determine how to address the prejudice of other non-Defendant employees receiving the opt in Notice. Another corrective notice, as the Court mentioned in oral argument during the conditional class certification hearing, must plainly issue.

Based on the undisputed evidence, summary judgment should be granted as to Defendant Auto-Chlor System, LLC.

DATED: June 6, 2024　　　　　　　　　　　HOROWITZ & CLAYTON

BY: *Craig A. Horowitz*
CRAIG A. HOROWITZ
Attorneys for Defendants,
AUTO-CHLOR SYSTEM, LLC, AUTO-CHLOR SYSTEM OF NEW YORK CITY, INC., and AUTO-CHLOR SYSTEM OF THE MID SOUTH, LLC

# PROOF OF SERVICE

I am employed in the County of **Los Angeles**, State of California. I am over the age of 18 years and not a party to the within action; my business address is **300 Corporate Pointe, Suite 355, Culver City, California 90230.**

On the below-stated date, I served the foregoing document described as **DEFENDANT AUTO-CHLOR SYSTEM, LLC'S MOTION FOR SUMMARY JUDGMENT ON THE GROUNDS THAT, AS A MATTER OF LAW, IT IS NOT A JOINT EMPLOYER; DECLARATIONS OF ED IVY, KENNETH WOODCOX, TIMOTHY REARDON, J.P. FIORENTINI, REGGIE LEE, JOSE PEREZ, JONAH BECKSTEAD AND CRAIG A. HOROWITZ** on all interested parties in this action.

☒ by placing ☐ *the original* ☒ *a true copy* thereof in a sealed envelope addressed as follows:

☐     BY MAIL TO:

☐     As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date is more than one day after the date of deposit for mailing in affidavit.

☐     BY PERSONAL SERVICE I caused such envelope to be hand delivered to the offices of the following addressee:

☐     BY FACSIMILE: I personally sent such document via fax to the offices of the addressee, with **confirming copy** by **First Class Mail** as follows:

☒     BY E-MAIL: I personally sent such document via e-mail to the addressee as follows:

Logal A. Pardell: lpardell@pkglegal.com

Edward J. Wynne: ewynne@wynnelawfirm.com

Declaration

☐     (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒     (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed June 7, 2024, at Los Angeles County, California.

ELDA GONZALEZ