Edward J. Wynne (SBN 165819)
ewynne@wynnelawfirm.com
George Nemiroff (SBN 262058)
gnemiroff@wynnelawfirm.com
WYNNE LAW FIRM
80 E. Sir Francis Drake Blvd., Ste. 3G
Larkspur, CA 94939
Telephone   (415) 461-6400
Facsimile    (415) 461-3900

Logan A. Pardell* (admitted *pro hac vice*)
lpardell@pkglegal.com
PARDELL, KRUZYK & GIRIBALDO, PLLC
433 Plaza Real, Suite 275
Boca Raton, FL 33432
Telephone (561) 447-8444
Facsimile (877) 453-8003

*Counsel for Plaintiffs and the Putative Collective*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARK SABLOWSKY and SUMNER JOHNSON, *on behalf of themselves and others similarly situated*,<br><br>Plaintiffs,<br><br>vs.<br><br>AUTO-CHLOR SYSTEM, LLC, AUTO-CHLOR SYSTEM OF NEW YORK CITY, INC., and AUTO-CHLOR SYSTEM OF THE MID SOUTH, LLC<br><br>Defendants. | Case No. 3:23-cv-02555-AGT<br><br>**PLAINTIFFS' MOTION FOR LEAVE TO SEND TEXT MESSAGE NOTICE**<br><br>Date: August 9, 2024<br>Time: 10:00 a.m.<br>Dept. A, 15th Floor<br>Hon. Alex G. Tse |

1. On August 3, 2023, Plaintiffs filed their Motion for Conditional Certification ("Plaintiffs' Motion"). Dkt. 35.

2. On October 31, 2023, the Court granted Plaintiffs' Motion and ordered the parties to meet and confer regarding the form and content of the proposed notice. Dkt. 54.

3. Following briefing regarding disputes on the proposed notice, on April 26, 2024, the Court issued an Order regarding the collective notice. Dkt. 60. Specifically, the Court ordered that notice would be sent via mail and email. *Id.* With respect to text message notice, the Court stated that "[t]o the extent the parties dispute text message notice, the Court is not persuaded of the need for text message notice. Plaintiffs may raise the issue of text message notice if there is evidence that mailed notice was insufficient." *Id.*

4. On May 31, 2024, Plaintiffs, through their third-party administrator CPT Group, Inc., issued Court-authorized notice via U.S. Mail and email. *See* Ex. A (Declaration of Tarus Darcy) at ¶ 6.

5. As of July 2, 2024, only 11 of 111 (9.91%) of Proposed Collective Members submitted consent to join forms. *Id.* at ¶ 7. CPT Group typically expects an opt-in rate of 14%. *Id.* at ¶ 8.

6. As of July 2, 2024, only 24 of the 110 (21.82%) emailed notices have been opened by Proposed Collective Members. *Id.* at ¶ 9. CPT Group typically expects an open rate of email notice of 24%. *Id.* at ¶ 10.

7. In contrast to email notice, which has very low open rates, text message notice has a deliverability rate of 80-90%. *Id.* at ¶ 11. This is why CPT Group attests that "text message is an appropriate and effective form of supplemental notice" because "the addition of text message notice will help in achieving the goal of ensuring Proposed Collective Members receive notice of the lawsuit and their right to join." *Id.*

8. Due to the effectiveness of text message notice, District courts in the Ninth Circuit and elsewhere routinely approve supplementing traditional mail notice with notice by text message. *See, e.g., Costa v. Apple, Inc.*, No. 23-cv-01353-WHO, 2023 U.S. Dist. LEXIS 208816, at *20 (N.D. Cal. Nov. 21, 2023) (permitting notice by text message "given the

ubiquity of text messaging"); *Sanft v. Sims Grp. United States Corp.*, No. 19-cv-08154-JST, 2021 U.S. Dist. LEXIS 263327, at *15 (N.D. Cal. Jan. 19, 2021) (authorizing text message notice because "notice by email and text is reasonable in today's mobile society and that these methods of communication may offer a more reliable means of reaching an individual even if that individual is away from home or has moved.") (citations omitted); *Dominguez v. Better Mortg. Corp.*, No. 20 Civ. 01784, 2022 U.S. Dist. LEXIS 198305, at *20 (C.D. Cal. Oct. 24, 2022) (permitting text message notice); *Dudley v. TrueCoverage LLC*, No. 18 Civ. 3760, 2018 U.S. Dist. LEXIS 225618, at *14 (C.D. Cal. Sep. 28, 2018) (collecting cases). As such, text message notice is appropriate.

9. Here, the Court left open the possibility of moving to send text message notice to the extent the current forms of notice were insufficient. Dkt. 60. As stated by the third-party administrator, CPT Group, the current notice is insufficient as nearly 80% of the Proposed Collective Members failed to open their email notice. Further, it is also highly likely that Proposed Collective Members discarded the mailed notice as junk mail and never received it, particularly here where the opt-in rate is below what CPT Group typically expects. Accordingly, as it currently stands, there is a high probability that a majority of the Proposed Collective Members have not viewed the notice in this case.

10. Therefore, the Court should permit Plaintiffs to send notice via text message in attached the form, which would direct Proposed Collective Members to the case website. Ex. B (Proposed Text Message Notice). Because CPT Group already has the telephone numbers of the Proposed Collective Members, it will be administratively simple to issue text message notice. Ex. A (Declaration of Tarus Darcy) at ¶ 11.

11. Given that the notice period is scheduled to end on August 29, 2024, depending on when the Court rules on this motion, Plaintiffs request that, following the issuance of text message notice, the Proposed Collective Members have the later of (i) August 29, 2024; or (ii) two weeks following the issuance of text message notice to opt in to this case.

12. Plaintiffs have met and conferred with Defendants' counsel and Defendants oppose the relief requested herein.

WHEREFORE, Plaintiffs respectfully request that this Court enter an order granting their motion for text message notice in the form provided as Exhibit B to this motion, and give Proposed Collective Members the later of (i) August 29, 2024; and (ii) two weeks following the issuance of text message notice to opt in to this case.

| | |
|---|---|
| Dated: July 12, 2024 | PARDELL, KRUZYK & GIRIBALDO, PLLC |
| | By: */s/ Logan A. Pardell* <br> Logan A. Pardell* (admitted *pro hac vice*) <br> 433 Plaza Real, Suite 275 <br> Boca Raton, FL 33432 <br> Telephone     (561) 726-8444 <br> Facsimile      (877) 453-8003 <br> lpardell@pkglegal.com |
| | Edward J. Wynne <br> George R. Nemiroff <br> WYNNE LAW FIRM <br> 80 E. Sir Francis Drake Blvd., Suite 3G <br> Larkspur, CA 94939 <br> Telephone     (415) 461-6400 <br> Facsimile      (415) 461-3900 <br> ewynne@wynnelawfirm.com <br> gnemiroff@wynnelawfirm.com |
| | Counsel for Plaintiffs and the Putative Collectives |