UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK SABLOWSKY, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>AUTO-CHLOR SYSTEM, LLC, et al.,<br><br>    Defendants. | Case No.  23-cv-02555-AGT<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO SEND TEXT MESSAGE NOTICE, AND OVERRULING DEFENDANTS' EVIDENTIARY OBJECTION AS MOOT**<br><br>Re: Dkt. Nos. 76, 84, 85 |

On July 12, 2024, Plaintiffs moved for leave to send text message notice, to supplement mailed and emailed notices in this action under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq*. Dkt. 76. The Court denies Plaintiffs' motion for leave to send text notice, and overrules as moot Defendants' evidentiary objection at dkts. 84 and 85.

\*          \*          \*

The Court granted Plaintiffs' motion for conditional collective action certification under the FLSA at dkt. 54, and notices were sent out via U.S. Mail and email on May 31, 2024. *See* dkts. 61 & 76. The original 90-day notice period expires on August 29, 2024. Initially, the Court was not persuaded to order text message notice but agreed that "Plaintiffs may raise the issue of text message notice if there is evidence that mailed notice was insufficient." Dkt. 60 at 4. On July 12, 2024, by this motion Plaintiffs renewed their request for text message notification, pointing to (i) a relatively low response rate of about 9.91% to the mailings (11 responses to 111 notices sent), as compared an expected opt-in rate of 14%; and (ii) a relatively low open rate for email of about 21.82% (24 emails opened out of 110 sent), as compared to an expected rate of 24%. Dkt. 76 ¶¶ 5–6; dkt. 76-1, Dancy Decl. ¶¶ 6–10. Plaintiffs also compare the "very low open rates" for email with the "80-90%"

deliverability rate for text message notice. Dkt. 76 ¶ 7; Dancy Decl. ¶ 11.

Deliverability and responsiveness are two different issues. Just as a recipient may choose to open, ignore, or delete a delivered email, the recipient may similarly choose to open, ignore, or delete a delivered text message. There is no evidence here that text notice would reach additional people that the mailings or email did not, as there was only a single undelivered notice. *See* dkt. 84, Ex. 1. Nor is there evidence that a potential text recipient would be more inclined to read, not just receive, a text message as compared to a mailing or an email. Ordering text messages on top of mail and email is duplicative and cumulative and does not address the fundamental concern presented which is notice deliverability; indeed, there is only evidence of one notice that was undeliverable. That one instance does not justify launching an entirely new wave of notification, especially when that method is going to be duplicative. Accordingly, the Court is not persuaded that a text message notice would provide any further benefit here than the reminder postcard, as it merely provides a reminder regarding information already received via mail, email, or both.

Accordingly, the Court denies Plaintiffs' motion for leave to send text message notice and overrules as moot Defendants' evidentiary objection to the Dancy Declaration. The closing of the notice period remains unchanged as August 29, 2024.

**IT IS SO ORDERED.**

Dated: August 14, 2024

_____
Alex G. Tse
United States Magistrate Judge