1  EDWARD J. WYNNE, SBN 165819
   ewynne@wynnelawfirm.com
2  GEORGE R. NEMIROFF, SBN 262058
   gnemiroff@wynnelawfirm.com
3  **WYNNE LAW FIRM**
   80 E. Sir Francis Drake Blvd., Suite 3G
4  Wood Island
   Larkspur, CA 94939
5  Telephone: (415) 461-6400
   Facsimile: (415) 461-3900
6
7
8
9  Logan A. Pardell* (admitted *pro hac vice*)
   lpardell@pkglegal.com
10 **PARDELL, KRUZYK &
   GIRIBALDO, PLLC**
11 433 Plaza Real, Suite 275
   Boca Raton, FL 33432
12 Telephone (561) 726-8444
   Facsimile (877) 453-8003
13
14 *Counsel for Plaintiffs and the Putative Collective*

Craig A. Horowitz, State Bar No. 125159
Wayne D. Clayton, State Bar No. 137564
**HOROWITZ & CLAYTON**
A Professional Corporation
300 Corporate Pointe, Suite 355
Culver City, California 90230
Telephone: (310) 442-1122
Facsimile: (310) 442-2612

*Attorneys for Defendants, Auto-Chlor System, LLC, Auto-Chlor System of New York City, Inc., and Auto-Chlor System of the Mid South, LLC*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mark Sablowsky and Sumner Johnson, *on behalf of themselves and others similarly situated*,<br><br>  Plaintiff,<br><br>  v.<br><br>Auto-Chlor System, LLC, Auto-Chlor System of New York City, Inc., and Auto-Chlor System of the Mid South, LLC,<br><br>  Defendant. | Case No. 3:23-cv-02555-AGT<br><br>**FURTHER JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: January 3, 2025<br>Time: 2:00 p.m.<br>Ctrm: A, 15th Fl.<br><br>Hon. Alex G. Tse |

Plaintiffs Mark Sablowsky and Sumner Johnson and defendants Auto-Chlor System, LLC, Auto-Chlor System of New York City, Inc., and Auto-Chlor System of the Mid South, LLC (collectively, the "Parties") hereby submit the following Further Joint Case Management Statement pursuant to the Standing Order for All Judges of the Northern District of California and N.D. Cal. Civil Local Rule 16-9 following the conference of counsel:

**1.     STATUS OF THE LITIGATION**

On November 25, 2024, the Parties filed their Stipulation and [Proposed] Order Granting Defendant's Motion for Summary Judgment And Leave To Amend. Dkt. 100 (the "Stipulation".) Pursuant to the Stipulation, the Parties agreed (1) that Defendant Auto-Chlor System's LLC's Motion for Summary Judgment be granted because it is not a joint employer as a matter of law and that it should be dismissed from this action; and (2) Plaintiffs may amend the complaint to add Plaintiffs Antonio Batta, Jeffrey Brown, Marcus Brown, Evan Cordero, Harrold Rouillard, Alan Bryan Shepard, Mel Sim, Daniel Vindheim and Desmond Wesley as named plaintiffs and to add Auto-Chlor System of San Diego, Inc. as a named defendant. *Id*. As part of the Stipulation, Plaintiffs agreed to voluntarily decertify this collective action and certain opt-ins will choose to be named plaintiffs and pursue their claims individually. Dkt. *Id*.

As of the filing of this Further Joint Case Management Statement, the Court has yet to sign the Stipulation. As set forth herein, the Parties will address case management topics in accordance with the Standing Order for All Judges of the Northern District as if the Court granted the Parties' Stipulation.

**2.     JURISDICTION AND SERVICE**: Defendants Auto-Chlor System, LLC, Auto-Chlor System of New York City, Inc., ("Auto-Chlor NYC") and Auto-Chlor System of the Mid South, LLC ("Auto-Chlor Mid-South") (collectively, "Defendants") filed their answer on August 8, 2023. Dkt. 39. This Court has jurisdiction over this matter.

In the event the Court grants the Parties' Stipulation, Plaintiffs will serve the amended pleading on Defendant's counsel, Craig A. Horowitz, who is authorized to accept service on behalf of Auto-Chlor System of San Diego, Inc.

3.     **FACTS**

    A.     **Plaintiffs' Statement:** Named Plaintiffs (collectively, "Plaintiffs") are former exempt-classified Branch Managers ("BMs") who worked at Defendants' various branch locations across the country within three years of the filing of the Complaint. Plaintiffs allege that they worked significant overtime hours and have been misclassified as exempt employees and are therefore owed overtime compensation for the overtime hours they worked within the relevant statute of limitations period.

    B.     **Defendants' Statement:** Defendant Auto-Chlor System, LLC is a manufacturer and does not employ Branch Managers or influence the employment of Branch Managers employed by the other Defendants. Defendants Auto-Chlor NYC and Auto-Chlor Mid-South contend that they properly classified their respective Branch Managers as exempt.

4.     **LEGAL ISSUES**

    A.     **Plaintiffs' Statement:** Plaintiffs allege they have been misclassified as exempt under the federal Fair Labor Standards Act of 1938, U.S.C. § 201, *et seq*. Accordingly, Plaintiffs identify the following legal issues: (1) whether Plaintiffs and other BMs worked overtime hours; (2) whether Defendants can meet their burden of proof to show that their Branch Managers have been properly classified as exempt under the FLSA and applicable state laws; (3) whether Defendants are liable for liquidated damages; and (4) to the extent Defendants violated the FLSA, whether their violation was willful, thereby extending the statute of limitations period to three years.

    B.     **Defendants' Statement:** With no joint employer and following dismissal of Auto-Chlor System, LLC, the following legal issue remain: (1) did Defendants properly classify one or both individual Plaintiffs as exempt; (2) if not, was any violation willful.

5.     **MOTIONS**

    A.     **Plaintiffs' Statement:**

        i.     **Plaintiffs' Motion to Compel Discovery.** On June 28, 2024, Plaintiffs served discovery on Defendants, responses to which are wholly insufficient. Even with the narrowing of the issues in this case (i.e. removing the joint employer and certification issues), Defendants' responses as they relate to the underlying merits of the claims remain insufficient.

     ii.  **Plaintiffs' Motion for Equitable Tolling**. Plaintiffs who joined this case following a lengthy delay in issuing notice intend to file a motion to equitably toll the statute of limitations.

     iii.  **Plaintiffs' Motion for Summary Judgment**. Plaintiffs may file a motion for summary judgment following the close of discovery.

  **B.**  **Defendants' Statement:** Defendants will bring a motion, if necessary, to dismiss the nine opt-in Plaintiffs without prejudice given that counsel has stipulated to decertify the collective. Campbell v. City of Los Angeles, 909 F. 3d 1090, 1110 (9th Cir. 2019). Defendants will then bring separate summary judgment motions as to Plaintiffs Sablowsky and Johnson.

**6.**  **AMENDMENTS**

  **A.**  **Plaintiffs' Statement:** The Parties have the Stipulation wherein Plaintiffs voluntarily agree to decertify the collective action, stipulate to summary judgment that Defendant Auto-Chlor Systems, LLC is not a joint employer, and request leave to amend the pleadings to name certain members of the collective as named plaintiffs. Dkt. 100. In particular, Plaintiffs intend to file an amended complaint naming certain Opt-in Plaintiffs as Named Plaintiffs, removing collective allegations, and adding Auto-Chlor System of San Diego, Inc. as a defendant. In addition, depending on the outcome of discovery, Plaintiffs may file another motion to amend the pleadings.

  **B.**  **Defendants' Statement:** Defendants have fully complied with their respective discovery obligations.

**7.**  **EVIDENCE PRESERVATION**

  The Parties have reviewed the *Guidelines Relating to the Discovery of Electronically Stored Information* ("ESI Guidelines") and have met and conferred pursuant to Federal Rule of Civil Procedure 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action and have taken steps to preserve relevant evidence. While the Parties do not presently anticipate that this case will involve complicated issues related to ESI, they will resort to the ESI Guidelines as necessary.

**8.**  **DISCLOSURES**

  The Parties have previously exchanged initial disclosures in the collective action.

**9.     DISCOVERY**

   **A.     Plaintiffs' Statement:** The current Named Plaintiffs have already served discovery in this case. While some of the issues in those discovery requests are now moot, discovery related to the underlying claims is still at issue. Moreover, those Opt-in Plaintiffs who choose to bring claims individually will propound individualized discovery.

   **B.     Defendants' Statement:** Under the definition of L.R. 3.12(a), there are no related cases.

**10.    CLASS ACTION**

   This case is not a class action.

**11.    RELATED CASES**

   **A.     Plaintiffs' Statement:** Plaintiffs maintain that there are no related cases pursuant to the definition of L.R. 3-12 (a). Six (6) Opt-in Plaintiffs have filed two individual lawsuits under the California Labor Code against non-parties Auto-Chlor System of Northern California, Inc. and Auto-Chlor System of Washington, Inc., respectively, in California state courts. While these cases may overlap because they involve a similar period of employment for these Opt-in Plaintiffs, they involve different employer-defendants and involve different legal standards and claims (filing individual California state law claims vs. claims under federal law). Therefore, these cases are not related pursuant to the Local Rule.

   **B.     Defendants' Statement:** Defendants will discuss settlement privately. Defendants will not engage in private mediation.

**12.    RELIEF**

   **A.     Plaintiffs' Statement:** Plaintiffs seek (1) overtime compensation, (2) meal and rest period premiums, where applicable, (3) liquidated damages, (4) penalties, (5) interest, and (6) attorneys' fees and costs.

   **B.     Defendants' Statement:** Defendants seek no affirmative relief.

**13.    SETTLEMENT AND ADR**

   **A.     Plaintiffs' Statement:** The Parties are engaging in settlement discussions. In the event those efforts do not resolve the case, Plaintiffs would be amendable to private mediation.

**B.     Defendants' Statement:** Defendants believe the Court should dismiss without prejudice the opt-in Plaintiffs. Campbell, 903 F. 3d at 1110.

**14.    OTHER REFERENCES**

The Parties do not believe a reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation is necessary or appropriate at this time.

**15.    NARROWING OF ISSUES**

**A.     Plaintiffs' Statement:** Plaintiffs have drastically narrowed the issues in this case via the Stipulation wherein Plaintiffs voluntarily agree to decertify the collective action, stipulate to summary judgment that Defendant Auto-Chlor Systems, LLC is not a joint employer, and request leave to amend the pleadings to name certain members of the collective as named plaintiffs. Dkt. 100.

**B.     Defendant's Statement:**

**16.    EXPEDITED TRIAL PROCEDURE**

The Parties do not believe this case is suitable for an expedited trial procedure.

**17.    SCHEDULING**

**A.     Plaintiffs' Statement:** Plaintiffs propose the following schedule:

Deadline to File Amended Complaint: January 17, 2025

Deadline for Fact Discovery (in all individual cases): November 7, 2025

Deadline for Expert Disclosure: November 21, 2025

Deadline for Expert Reports: December 12, 2025

Deadline for Identifying Rebuttal Experts: January 2, 2026

Deadline for Rebuttal Expert Reports: January 23, 2026

Discovery Deadline: February 13, 2026

Deadline for Dispositive Motions (including Plaintiff's Response to Defendants' previously filed Motion for Summary Judgment), Final Certification, Decertification, and Daubert: April 17, 2026

Deadline to Set Pre-Trial Deadlines and Proposed Trial Schedule: (i) May 8, 2026, if no such motions are filed; or (ii) 21 days following the court's order on all pending motions.

**B.     Defendant's Statement:** Defendants wish to meet and confer with Plaintiffs on scheduling following discussion with the Court at the further CMC on January 31, 2025.

18. **TRIAL**

Plaintiffs have demanded a jury trial. Defendants have also demanded a jury trial.

19. **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Both Parties have certified that there are no non-party interested entities or persons.

20. **PROFESSIONAL CONDUCT**

    A.    **Plaintiffs' Statement:** Counsel for Plaintiffs have reviewed the Guidelines for Professional Conduct for the Northern District of California.

    B.    **Defendant's Statement:** Counsel for Defendants have reviewed the Guidelines for Professional Conduct for the Northern District of California and will abide by those Guidelines.

21. **OTHER**

    A.    **Plaintiffs' Statement:** Plaintiffs would like to discuss how the Court would prefer to adjudicate similar individual claims—all of which this Court has jurisdiction over—that are no longer being pursued as a collective action. For the purposes of judicial economy, Plaintiffs believe that the cases should be consolidated for discovery purposes and, for trial purposes, common issues can be adjudicated collectively.

    B.    **Defendant's Statement:** Defendants have nothing further to raise with the Court at this time other than what is addressed above.

DATED: December 9, 2024

    WYNNE LAW FIRM

    By: */s/ Edward J. Wynne*
        EDWARD J. WYNNE

    Attorneys for Plaintiffs

DATED: December 9, 2024

    HOROWITZ & CLAYTON

    By:*/s/ Craig A. Horowitz*
        CRAIG A. HOROWITZ

    Attorneys for Defendants

**ECF FILING ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), the filer attests that the concurrence in the filing of this documents has been obtained from each of the other signatories thereto.

DATED: December 9, 2024                    WYNNE LAW FIRM

By: */s/Edward J. Wynne*
     EDWARD J. WYNNE
     Attorneys for Plaintiffs